# CASE NO.: 23-60321

_____

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT
_____

## UNITED STATES OF AMERICA,
**Plaintiff – Appellee,**

**V.**

## JAMARR SMITH
## THOMAS AYODELE
## GILBERT MCTHUNEL, II
**Defendants – Appellants**

_____

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION
_____

## APPELLANTS' RECORD EXCERPTS
_____

**Goodloe T. Lewis**
**CJA-FPD for Smith**
**1305 Madison Avenue**
**Oxford, Mississippi 38655**
**(662) 234-4000 (telephone)**
**(662) 234-2000 (facsimile)**
**glewis@hickmanlaw.com**
**Mississippi Bar No.: 9889**

**Paul Chiniche**
**CJA-FPD for McThunel**
**265 N. Lamar Blvd., Ste. W**
**Oxford, Mississippi 38655**
**(662) 234-4319 (telephone)**
**(662) 259-8451 (facsimile)**
**pc@chinichelawfirm.com**
**Mississippi Bar No.: 101582**

**William F. Travis**
**CJA-FPD for Ayodele**
**8619 HWY 51 N.**
**Southaven, MS 38671**
**(662) 393-9295 (telephone)**
**bill@southavenlaw.com**
**Mississippi Bar No.: 8267**

# **TABLE OF CONTENTS**

| Doc. # | | Page | Tab # |
|---|---|---|---|
| | Smith's District Court Docket | ROA.1-17 | Tab 1 |
| | Ayodele's District Court Docket | ROA.1922-1937 | Tab 1 |
| | McThunel's District Court Docket | ROA.2066-2082 | Tab 1 |
| 192 | Smith's Notice of Appeal | ROA.440-441 | Tab 2 |
| 194 | McThunel's Notice of Appeal | ROA.2132-2133 | Tab 3 |
| 196 | Ayodele's Notice of Appeal | ROA.2002-2003 | Tab 4 |
| 001 | Indictment | ROA.18-24 | Tab 5 |
| 132 | Jury Verdict | N/A | Tab 6 |
| 105 | Order and Memorandum Opinion | ROA.269-293 | Tab 7 |
| 189 | Smith's Judgment | ROA.433-439 | Tab 8 |
| 191 | McThunel's Judgment | ROA.2125-2131 | Tab 9 |
| 190 | Ayodele's Judgment | ROA.1991-1997 | Tab 10 |
| 074-1 | Geofence Warrant Application | ROA.104-124 | Tab 11 |
| | Certificate of Service | | |

TAB 1

APPEAL,EXH-ADM

# U.S. District Court
# Northern District of Mississippi (Oxford Division)
# CRIMINAL DOCKET FOR CASE #: 3:21-cr-00107-SA-RP-1
# Internal Use Only

Case title: USA v. Smith et al

Date Filed: 10/27/2021

Date Terminated: 06/15/2023

Assigned to: District Judge Sharion
Aycock
Referred to: Magistrate Judge Roy
Percy

Appeals court case number:
23-60321 US Court of Appeals - 5th
Circuit

### Defendant (1)

**Jamarr Smith**
*TERMINATED: 06/15/2023*

represented by **FPD**
FEDERAL PUBLIC DEFENDER'S OFFICE
Northern District of Mississippi
1200 Jefferson Avenue, Suite 100
Oxford, MS 38655
(662) 236-2889
Fax: (662) 234-0428
Email: greg_park@fd.org
*TERMINATED: 11/05/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Goodloe Tankersley Lewis**
HICKMAN, GOZA & SPRAGINS, PLLC
P O Drawer 668
Oxford, MS 38655-0668
(662) 234-4000
Email: glewis@hickmanlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

### Pending Counts

CONSPIRACY TO DEFRAUD
THE UNITED STATES
(1)

### Disposition

IMPRISONMENT: 121 mos. This term consists of 60
mos on Ct 1 and 121 mos on Ct 2 of the Indictment, to
be served concur.; SUPERVISED RELEASE: 5 yrs.

|  |  |
|---|---|
| | This term consists of 3 yrs on Ct 1 and 5 yrs on Ct 2 of the Indictment, both terms to run concur.; SPECIAL ASSESSMENT: $200; RESTITUTION: $61,331.88. |
| MAIL, MONEY OR OTHER PROPERTY OF U.S. (2) | IMPRISONMENT: 121 mos. This term consists of 60 mos on Ct 1 and 121 mos on Ct 2 of the Indictment, to be served concur.; SUPERVISED RELEASE: 5 yrs. This term consists of 3 yrs on Ct 1 and 5 yrs on Ct 2 of the Indictment, both terms to run concur.; SPECIAL ASSESSMENT: $200; RESTITUTION: $61,331.88. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

| **USA** | represented by | **USA**<br>U.S. ATTORNEY'S OFFICE<br>900 Jefferson Avenue<br>Oxford, MS 38655<br>(662) 234-3351<br>Email: usamsn.ecf@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Assistant US Attorney*<br><br>**Robert J Mims**<br>U.S. ATTORNEY'S OFFICE - Oxford<br>900 Jefferson Avenue<br>Oxford, MS 38655-3608<br>662-234-3351<br>Email: Robert.Mims@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Assistant US Attorney*<br><br>**Clyde McGee , IV**<br>U.S. ATTORNEY'S OFFICE - Oxford<br>900 Jefferson Avenue |

Oxford, MS 38655-3608
662-234-3351
Email: clyde.mcgee@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

Email All Attorneys  Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 10/27/2021 | 1 (p.18) | INDICTMENT as to Jamarr Smith (1) count(s) 1, 2, Thomas Iroko Ayodele (2) count(s) 1, 2, Gilbert McThunel (3) count(s) 1, 2. (Attachments: # 1 (p.18) Notice of Penalties, # 2 (p.1879) Criminal Cover Sheet Smith, # 3 Criminal Cover Sheet Ayodele, # 4 Criminal Cover Sheet McThunel) (edc) (Entered: 10/28/2021) |
| 10/27/2021 | 2 (p.1879) | *SEALED* Arrest Warrant Issued by Clerk in case as to Jamarr Smith. (edc) (Entered: 10/28/2021) |
| 11/03/2021 | | (Court only) Case unsealed as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel (jf) |
| 11/03/2021 | | (Court only) Case Unsealed and Short Title Corrected as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel (jf) |
| 11/03/2021 | 5 | TEXT ONLY ORDER APPOINTING FPD as to Jamarr Smith : Appointment of Attorney FPD for Jamarr Smith. Signed by Magistrate Judge David A. Sanders on 11/3/2021. (No document attached) (jf) |
| 11/03/2021 | 6 (p.1880) | CJA 23 Financial Affidavit by Jamarr Smith (jf) |
| 11/03/2021 | 7 (p.25) | Minute Entry for proceedings held before Magistrate Judge David A. Sanders: Initial Appearance as to Jamarr Smith held on 11/3/2021. No Interpreter Needed *Audio Recorded during Proceeding. Arraignment set for 11/5/2021 at 11:00 AM in Amory Courtroom 1 Video Conference before Magistrate Judge David A. Sanders. (Court Reporter digital.) (jf) |
| 11/03/2021 | 8 (p.26) | ORDER Setting Conditions of Release. Signed by Magistrate Judge David A. Sanders on 11/3/2021. (jf) |
| 11/03/2021 | 9 (p.30) | Unsecured Bond Entered as to Jamarr Smith: Amount of Bond $10,000. (jf) |
| 11/05/2021 | 10 (p.32) | ORDER TO SUBSTITUTE ATTORNEY. Goodloe Tankersley Lewis for Jamarr Smith replacing FPD. Signed by Magistrate Judge David A. Sanders on 11/5/2021. (jf) |
| 11/05/2021 | 11 (p.33) | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Jamarr Smith (jf) |
| 11/05/2021 | 31 (p.40) | Arrest Warrant Returned Executed on 11/3/2021 in case as to Jamarr Smith. (edc) (Entered: 11/16/2021) |
| 11/08/2021 | | (Court only) Case unsealed as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel. (irw) |
| 11/08/2021 | | (Court only) Case Unsealed and Short Title Corrected as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel. (irw) |

| 11/09/2021 | 26 (p.34) | SCHEDULING ORDER as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel. Discovery due by 11/23/2021. Plea Agreement due by 12/20/2021. MVD Jury Trial set for 1/3/2022 09:30 AM in Oxford Courtroom 3 West before Senior Judge Neal B. Biggers. Signed by Magistrate Judge Roy Percy on 11/9/21. (rtc) |
|---|---|---|
| 11/09/2021 | 27 (p.37) | NOTICE OF TRIAL as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel MVD Jury Trial set for 1/3/2022 09:30 AM in Oxford Courtroom 3 West before Senior Judge Neal B. Biggers. (kbt) |
| 11/15/2021 | 28 (p.38) | Petition on Action on Conditions of Pretrial Release as to Jamarr Smith. Signed by Magistrate Judge Roy Percy on 11/15/2021. (rtc) |
| 12/08/2021 | 33 (p.41) | ORDER TO CONTINUE - Ends of Justice as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel Time excluded from 1/3/2022 until 2/28/2022., Motions terminated as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel: 32 MOTION to Continue trial filed by Thomas Iroko Ayodele.. Signed by Senior Judge Neal B. Biggers on 12/8/2021. (kbt) |
| 12/08/2021 | 34 (p.42) | NOTICE OF TRIAL as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel MVD Jury Trial set for 2/28/2022 09:30 AM in Oxford Courtroom 3 West before Senior Judge Neal B. Biggers. (kbt) |
| 01/06/2022 | 35 (p.43) | MOTION Request for Notice of Alibi Defense by USA as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel. (Mims, Robert) |
| 01/11/2022 | 36 (p.45) | NOTICE of Alibi Defense - Request as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel (Mims, Robert) |
| 01/13/2022 | | (Court only) ***Motions terminated as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel: 35 (p.43) MOTION Request for Notice of Alibi Defense filed by USA. (kbt) |
| 01/20/2022 | 38 (p.47) | NOTICE of Alibi Defense as to Jamarr Smith (Lewis, Goodloe) |
| 01/31/2022 | 39 (p.50) | NOTICE of Alibi Defense - Amended as to Jamarr Smith (Lewis, Goodloe) |
| 02/08/2022 | 41 (p.53) | ORDER TO CONTINUE - Ends of Justice as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel Time excluded from 2/28/2022 until 4/11/2022., Motions terminated as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel: 40 MOTION to Continue Trial Date And All Deadlines filed by Gilbert McThunel.. Signed by Senior Judge Neal B. Biggers on 2/8/2022. (kbt) |
| 02/08/2022 | 42 (p.54) | NOTICE OF TRIAL as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel MVD Jury Trial set for 4/11/2022 09:30 AM in Oxford Courtroom 3 West before Senior Judge Neal B. Biggers. (kbt) |
| 03/24/2022 | 44 (p.55) | ORDER TO CONTINUE - Ends of Justice as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel Time excluded from 4/11/2022 until 6/6/2022., Motions terminated as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel: 43 MOTION to Continue Trial and Deadlines filed by Thomas Iroko Ayodele.. Signed by Senior Judge Neal B. Biggers on 3/24/2022. (kbt) |
| 03/24/2022 | 45 (p.56) | NOTICE OF TRIAL as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel MVD Jury Trial set for 6/6/2022 09:30 AM in Oxford Courtroom 3 West before Senior Judge Neal B. Biggers. (kbt) |

| 04/27/2022 | 46 (p.57) | NOTICE of Issuance of Subpoena as to Jamarr Smith (Attachments: # 1 (p.18) Exhibit A - Subpoena to Google) (Lewis, Goodloe) |
|---|---|---|
| 04/28/2022 | 47 (p.61) | MOTION to Continue Trial by Jamarr Smith. (Attachments: # 1 (p.18) Exhibit A - NBC News Report) (Lewis, Goodloe) |
| 04/28/2022 | 48 (p.69) | NOTICE of Issuance of Subpoena as to Jamarr Smith (Attachments: # 1 (p.18) Exhibit A - Subpoena to Google) (Lewis, Goodloe) |
| 05/03/2022 | 49 (p.73) | MOTION for Application for Issuance of Subpoena Duces Tecum by Jamarr Smith. (Attachments: # 1 (p.18) Exhibit A - Proposed Subpoena to Google) (Lewis, Goodloe) |
| 05/04/2022 | 50 (p.79) | NOTICE OF HEARING ON MOTION in case as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel 47 (p.61) MOTION to Continue Trial , 49 (p.73) MOTION for Application for Issuance of Subpoena Duces Tecum : Motion Hearing set for 5/9/2022 01:15 PM in Oxford Courtroom 3 West before Senior Judge Neal B. Biggers. (kbt) |
| 05/04/2022 | | (Court only) Motions No Longer Referred as to Jamarr Smith: 49 (p.73) MOTION for Application for Issuance of Subpoena Duces Tecum (rtc) |
| 05/04/2022 | 51 (p.81) | RESPONSE in Support by Jamarr Smith re 49 (p.73) MOTION for Application for Issuance of Subpoena Duces Tecum (Lewis, Goodloe) |
| 05/05/2022 | 52 (p.84) | NOTICE Cancelling, and continuing until further notice, Motion Hearing set for 5/9/2022 as to Jamarr Smith (kbt) |
| 05/06/2022 | 55 (p.1881) | (Ex Parte) Ex Parte MOTION by Jamarr Smith as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel. (Lewis, Goodloe) Modified on 5/9/2022 (edc). |
| 05/09/2022 | | NOTICE Cancelling motion hearing set for 5/9/2022 as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel (kbt) |
| 05/09/2022 | | NOTICE Cancelling motion hearing set for 5/9/2022 as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel (kbt) |
| 05/16/2022 | 57 (p.85) | ORDER TO CONTINUE - Ends of Justice as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel Time excluded from 6/6/2022 until 8/8/2022., Motions terminated as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel: 47 (p.61) MOTION to Continue Trial filed by Jamarr Smith.. Signed by Senior Judge Neal B. Biggers on 5/16/2022. (kbt) |
| 05/16/2022 | | (Court only) ***Terminate Deadlines and Hearings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel: (kbt) |
| 05/16/2022 | 58 (p.86) | NOTICE OF TRIAL as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel MVD Jury Trial set for 8/8/2022 09:30 AM in Oxford Courtroom 3 West before Senior Judge Neal B. Biggers. (kbt) |
| 05/16/2022 | 59 (p.87) | ORDER granting 49 (p.73) Motion as to Jamarr Smith (1). Signed by Senior Judge Neal B. Biggers on 5/16/2022. (kbt) |
| 05/16/2022 | 60 (p.1882) | ORDER granting 54 Ex Parte Motion as to Gilbert McThunel (3). Signed by Senior Judge Neal B. Biggers on 5/16/2022. (kbt) |
| 05/16/2022 | | (Court only) ***Motions terminated as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel: 56 Joint Ex Parte MOTION and Memorandum for Approval of |

| | | |
|---|---|---|
| | | *Proposed Budget for Expert Fees and Expenses* filed by Thomas Iroko Ayodele, 55 (p.1881) Ex Parte MOTION filed by Jamarr Smith, 53 Ex Parte MOTION *And Memorandum For Approval Of Proposed Budget For Expert Fees And Expenses* filed by Gilbert McThunel. (kbt) |
| 05/16/2022 | | (Court only) ***Staff Notes as to Jamarr Smith: SDT issued on this day per Order 59 (p.87) (edc) |
| 05/18/2022 | 61 (p.88) | MOTION to Amend/Correct *the Caption* by USA as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel. (Mims, Robert) |
| 05/25/2022 | 63 (p.1883) | EX PARTE EXPERT FUNDING ORDER as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re 60 (p.1882) Order on Ex Parte Motion. Signed by Circuit Judge for US Court of Appeals 5th Circuit Stephen A. Higginson on 5/24/2022. (edc) |
| 05/31/2022 | 64 (p.91) | Certificate of Service by Jamarr Smith *for Subpoena Duces Tecum to Google* (Lewis, Goodloe) |
| 07/14/2022 | 65 (p.1885) | (Ex Parte) Ex Parte MOTION by Jamarr Smith. (Attachments: # 1 (p.18) Exhibit A - 5th Cir. Funding Order, # 2 (p.1879) Exhibit B - Order Granting Mtn for Trial Sub, # 3 Exhibit C - Subpoena served on Google, # 4 Exhibit D - Google's Resp to Sub, # 5 Exhibit E - Discovery sent to Expert, # 6 (p.1880) Exhibit F - Estimate of Time from Expert) (Lewis, Goodloe) |
| 07/19/2022 | 66 (p.94) | ORDER OF RECUSAL in case as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II. Senior Judge Neal B. Biggers recused. Case reassigned to District Judge Sharion Aycock for all further proceedings. Signed by Senior Judge Neal B. Biggers on 7/19/2022. (edc) |
| 07/21/2022 | 67 (p.95) | MOTION to Continue Trial by Jamarr Smith. (Lewis, Goodloe) |
| 07/21/2022 | 68 (p.98) | ORDER TO CONTINUE - Ends of Justice as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II; Time excluded from 8/8/2022 until 12/5/2022. Motions now due by 11/14/2022. Plea Agreement now due by 11/21/2022. MVD Jury Trial RESET for 12/5/2022 09:40 AM in Oxford Courtroom 1 before District Judge Sharion Aycock. Signed by District Judge Sharion Aycock on 7/21/2022. (tjw) |
| 07/21/2022 | | (Court only) ***Motions terminated Per Order 68 (p.98) as to Jamarr Smith: 67 (p.95) MOTION to Continue Trial filed by Jamarr Smith, 65 (p.1885) Ex Parte MOTION filed by Jamarr Smith. (tjw) |
| 07/21/2022 | 69 (p.99) | NOTICE OF TRIAL as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II: MVD Jury Trial RESET for 12/5/2022 09:40 AM in Oxford Courtroom 1 before District Judge Sharion Aycock. (tjw) |
| 11/04/2022 | 74 (p.100) | MOTION to Suppress by Jamarr Smith. (Attachments: # 1 (p.18) Exhibit A - Application For Search Warrant, # 2 (p.1879) Exhibit B - Affidavit in Support of Search Warrant Application, # 3 Exhibit C - Search and Seizure Warrant, # 4 Exhibit D - Report of Spencer McInvaille, # 5 Exhibit E - 04/26/22 Discovery Letter, # 6 (p.1880) Exhibit F - 05/06/22 Response to Discovery Letter, # 7 (p.25) Exhibit G - 05/25/22 Discovery Request, # 8 (p.26) Exhibit H - 05/26/22 Response to Discovery Letter) (Lewis, Goodloe) |
| 11/04/2022 | 75 | Memorandum in Support by Jamarr Smith re 74 (p.100) MOTION to Suppress |

| | | |
|---|---|---|
| | (p.160) | (Lewis, Goodloe) |
| 11/08/2022 | 76 (p.187) | JOINDER by Gilbert McThunel, II as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re: 74 (p.100) MOTION to Suppress filed by Jamarr Smith, 75 (p.160) Memorandum in Support of Motion filed by Jamarr Smith (Chiniche, Paul) |
| 11/09/2022 | 77 (p.189) | NOTICE OF HEARING ON MOTION in case as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II 74 (p.100) MOTION to Suppress : Motion Hearing set for 11/29/2022 10:00 AM in Oxford Courtroom 1 before District Judge Sharion Aycock. (tjw) |
| 11/09/2022 | 78 (p.190) | MOTION to Continue Trial by Jamarr Smith. (Lewis, Goodloe) |
| 11/09/2022 | 79 (p.193) | JOINDER by Thomas Iroko Ayodele as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re: 74 (p.100) MOTION to Suppress filed by Jamarr Smith, 75 (p.160) Memorandum in Support of Motion filed by Jamarr Smith (Travis, William) |
| 11/10/2022 | 80 (p.196) | RESPONSE to Motion by USA as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re 78 (p.190) MOTION to Continue Trial (Mims, Robert) |
| 11/10/2022 | 81 (p.199) | JOINDER by Thomas Iroko Ayodele as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re: 78 (p.190) MOTION to Continue Trial filed by Jamarr Smith (Travis, William) |
| 11/10/2022 | 82 (p.201) | JOINDER by Gilbert McThunel, II as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re: 78 (p.190) MOTION to Continue Trial filed by Jamarr Smith (Chiniche, Paul) |
| 11/10/2022 | 83 (p.203) | ORDER TO CONTINUE - Ends of Justice as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II; Time excluded from 12/5/2022 until 2/21/2023. Motions now due by 1/31/2023. Plea Agreement now due by 2/7/2023. MVD Jury Trial RESET for 2/21/2023 09:40 AM in Oxford Courtroom 1 before District Judge Sharion Aycock. Signed by District Judge Sharion Aycock on 11/10/2022. (tjw) |
| 11/10/2022 | | (Court only) ***Motion terminated per Order 83 (p.203) as to Jamarr Smith: 78 (p.190) MOTION to Continue Trial filed by Jamarr Smith. (tjw) |
| 11/10/2022 | 84 (p.204) | NOTICE OF TRIAL as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II: MVD Jury Trial RESET for 2/21/2023 09:40 AM in Oxford Courtroom 1 before District Judge Sharion Aycock. (tjw) |
| 11/10/2022 | 85 (p.205) | ORDER Continuing Hearing set for 11/29/2022 as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re 74 (p.100) MOTION to Suppress filed by Jamarr Smith until further Order of the Court. Hearing will be reset by separate notice. Signed by District Judge Sharion Aycock on 11/10/2022. (tjw) |
| 11/10/2022 | 86 (p.206) | NOTICE OF HEARING ON MOTION in case as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II 74 (p.100) MOTION to Suppress : Motion Hearing RESET for 1/17/2023 01:30 PM in Oxford Courtroom 1 before District Judge Sharion Aycock. (tjw) |
| 11/15/2022 | 87 (p.207) | RESPONSE to Motion by USA as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re 74 (p.100) MOTION to Suppress (Mims, Robert) |
| 11/15/2022 | 88 (p.237) | NOTICE OF CONVENTIONAL FILING of Exhibit A (Response to Mtn to Suppress) by Robert J. Mims on behalf of USA. (Mims, Robert) |

| 11/15/2022 | | Exhibit A to 87 (p.207) RESPONSE to Motion received and placed on shelf in clerk's office Oxford. (jwr) |
|---|---|---|
| 11/17/2022 | 89 (p.239) | MOTION for Extension of Time to File Response/Reply as to 87 (p.207) Response to Motion by Jamarr Smith. (Lewis, Goodloe) |
| 11/17/2022 | 90 (p.242) | ORDER granting 89 (p.239) Motion for Extension of Time to File Reply. Signed by District Judge Sharion Aycock on 11/17/22. (sko) |
| 12/09/2022 | 91 (p.243) | Memorandum in Support by Jamarr Smith re 74 (p.100) MOTION to Suppress (Lewis, Goodloe) |
| 01/05/2023 | 93 (p.258) | JOINDER *to Rebuttal Memorandum of Authorities in Support of Motion to Suppress* by Thomas Iroko Ayodele as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re: 91 (p.243) Memorandum in Support of Motion filed by Jamarr Smith (Travis, William) |
| 01/06/2023 | 96 (p.260) | NOTICE OF HEARING ON MOTION in case as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II 74 (p.100) MOTION to Suppress : Motion Hearing RESET for 1/31/2023 10:00 AM in Oxford Courtroom 1 before District Judge Sharion Aycock. (tjw) |
| 01/30/2023 | 97 (p.261) | STANDING ORDER in re: The Novel Coronavirus (COVID-19), Addendum on Juror Vaccinations. Signed by the United States District Judges for the Northern District of Mississippi on 5/3/2021. (tjw) |
| 01/31/2023 | 98 (p.263) | Minute Entry for proceedings held before District Judge Sharion Aycock: Motion Hearing as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II held on 1/31/2023 re 74 (p.100) MOTION to Suppress filed by Jamarr Smith --Exhibits Admitted. Order to follow. (Court Reporter Phyllis McLarty.) (tjw) (Entered: 02/01/2023) |
| 01/31/2023 | 99 (p.1900) | WITNESS LIST - Hearing on Motion to Suppress 74 (p.100) held 1/31/2023. (tjw) (Entered: 02/01/2023) |
| 01/31/2023 | 100 (p.264) | EXHIBIT LIST - Hearing on Motion to Suppress 74 (p.100) held 1/31/2023. (tjw) (Entered: 02/01/2023) |
| 01/31/2023 | 101 (p.1807) | EXHIBITS - Hearing on Motion to Suppress 74 (p.100) held 1/31/2023 as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II (Attachments: # 1 (p.18) Government Exhibit G-2, # 2 (p.1879) Government Exhibit G-3, # 3 Government Exhibit G-4a, # 4 Government Exhibit G-4b; Government Exhibit G-1 USB/Wallet Drive located in Amory Clerk's Office) (tjw) Modified on 2/1/2023 (tw). Modified on 2/1/2023 (jla). (Entered: 02/01/2023) |
| 02/01/2023 | 102 (p.265) | NOTICE OF ATTORNEY APPEARANCE Clyde McGee, IV appearing for USA. (McGee, Clyde) |
| 02/01/2023 | | (Court only) ***Staff Notes as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II: RESTRICTED Exhibit G-1 USB/Wallet Drive from 1/31/23 Hearing located in Amory Clerk's Office (see docket 101 (p.1807) ) (jla) |
| 02/02/2023 | 103 (p.267) | TRANSCRIPT REQUEST by USA as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II for proceedings held on 1/31/2023 before Judge Aycock. (Mims, Robert) |
| 02/03/2023 | | |

|  |  |  |
|---|---|---|
|  | 104 (p.268) | TRANSCRIPT REQUEST by Jamarr Smith as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II for proceedings held on 1/31/2023 before Judge Aycock. (Lewis, Goodloe) |
| 02/10/2023 | 105 (p.269) | ORDER denying 74 (p.100) Motion to Suppress as to Jamarr Smith (1). Signed by District Judge Sharion Aycock on 02/10/2023. (nml) |
| 02/14/2023 | 106 (p.294) | MOTION in Limine *as to Expert Testimony by Non-Designated Experts* by Jamarr Smith as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II. (Attachments: # 1 (p.18) Exhibit A- Moody designation) (Lewis, Goodloe) |
| 02/14/2023 | 107 (p.301) | MOTION in Limine *as to Interpretation of Videos* by Jamarr Smith as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II. (Lewis, Goodloe) |
| 02/14/2023 | 108 (p.304) | MOTION in Limine *as to Prejudicial Photographs* by Jamarr Smith as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II. (Lewis, Goodloe) |
| 02/14/2023 | 109 (p.307) | TRANSCRIPT REQUEST by USA as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II for proceedings held on 1/31/2023 before Judge Aycock. (Mims, Robert) |
| 02/16/2023 | 112 (p.309) | JOINDER *in Motion in Limine as to Expert Testimony by Non-Designated Experts* by Thomas Iroko Ayodele as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re: 106 (p.294) MOTION in Limine *as to Expert Testimony by Non-Designated Experts* filed by Jamarr Smith (Travis, William) |
| 02/16/2023 | 113 (p.311) | JOINDER *in Motion in Limine as to Interpretation of Videos* by Thomas Iroko Ayodele as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re: 107 (p.301) MOTION in Limine *as to Interpretation of Videos* filed by Jamarr Smith (Travis, William) |
| 02/16/2023 | 114 (p.313) | JOINDER *in Motion in Limine as to Pretjudicial Photographs* by Thomas Iroko Ayodele as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re: 108 (p.304) MOTION in Limine *as to Prejudicial Photographs* filed by Jamarr Smith (Travis, William) |
| 02/16/2023 | 115 (p.315) | RESPONSE to Motion by USA as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re 108 (p.304) MOTION in Limine *as to Prejudicial Photographs* (Mims, Robert) |
| 02/16/2023 | 116 (p.318) | RESPONSE to Motion by USA as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re 107 (p.301) MOTION in Limine *as to Interpretation of Videos* (Mims, Robert) |
| 02/16/2023 | 117 (p.321) | RESPONSE to Motion by USA as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re 106 (p.294) MOTION in Limine *as to Expert Testimony by Non-Designated Experts* (Mims, Robert) |
| 02/17/2023 | 118 (p.468) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II, Testimony of Todd Matney, Excerpt from Motion to Suppress Hearing held on 1/31/2023 before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/10/2023. Redacted Transcript Deadline set for 3/20/2023. Release of Transcript Restriction set for 5/18/2023. (pkm) |
| 02/17/2023 | [119](p.551) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II, Testimony of Stephen Mathews, Excerpt from Motion to Suppress Hearing held on 1/31/23 before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/10/2023. Redacted Transcript Deadline set for 3/20/2023. Release of Transcript Restriction set for 5/18/2023. (pkm) |
| 02/17/2023 | [120](p.605) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II, Testimony of Spencer McInvaille, Excerpt from Motion to Suppress Hearing held on 1/31/23 before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/10/2023. Redacted Transcript Deadline set for 3/20/2023. Release of Transcript |

| | | |
|---|---|---|
| | | Restriction set for 5/18/2023. (pkm) |
| 02/21/2023 | 121 (p.327) | ORDER terminating 106 (p.294) Motion in Limine; 107 (p.301) Motion in Limine; 108 (p.304) Motion in Limine. Signed by District Judge Sharion Aycock on 02/21/2023. (nml) |
| 02/21/2023 | | Minute Entry for proceedings held before District Judge Sharion Aycock: Voir Dire conducted; jury impaneled. Trial began on 2/21/2023 as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II. (Court Reporter Phyllis McLarty.) (tjw) (Entered: 02/22/2023) |
| 02/21/2023 | | Jury Impaneled as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II. (tjw) (Entered: 02/22/2023) |
| 02/22/2023 | | (Court only) ***Staff Notes as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II: Exhibit from Suppression Hearing held 1/31/2023 (see Doc 101 (p.1807) ) transferred to Oxford Clerk's Office (jla) |
| 02/22/2023 | 122 | Minute Entry for proceedings held before District Judge Sharion Aycock: Jury Trial as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II held on 2/22/2023 --Exhibits Admitted. Trial to resume on 2/23/2023. (Court Reporter Phyllis McLarty.) (tjw) (Entered: 02/23/2023) |
| 02/23/2023 | 123 | Minute Entry for proceedings held before District Judge Sharion Aycock: Jury Trial as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II held on 2/23/2023 --Exhibits Admitted. Trial to resume on 2/24/2023. (Court Reporter Phyllis McLarty.) (tjw) (Entered: 02/24/2023) |
| 02/24/2023 | 125 (p.330) | Minute Entry for proceedings held before District Judge Sharion Aycock: Jury Trial as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II completed on 2/24/2023. (Court Reporter Phyllis McLarty.) (tjw) (Entered: 02/27/2023) |
| 02/24/2023 | 126 (p.1901) | WITNESS LIST - Jury Trial held 2/21/2023 to 2/24/2023 as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II. (tjw) (Entered: 02/27/2023) |
| 02/24/2023 | 127 (p.332) | EXHIBIT LIST - Jury Trial held 2/21/2023 to 2/24/2023 as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II. Exhibits located in the Amory Clerk's Office. (tjw) (Entered: 02/27/2023) |
| 02/24/2023 | 128 (p.335) | Jury Instructions - GIVEN - Jury trial held 2/21/2023 to 2/24/2023 as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II (tjw) (Entered: 02/27/2023) |
| 02/24/2023 | 130 (p.354) | Jury Instructions - WITHDRAWN - Jury Trial held 2/21/2023 to 2/24/2023 as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II. (tjw) (Entered: 02/27/2023) |
| 02/24/2023 | 131 (p.1902) | Jury Note and Written Response from the Court - Jury Trial held 2/21/2023 to 2/24/2023 as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II. (tjw) (Entered: 02/27/2023) |
| 02/24/2023 | 132 (p.1905) | JURY VERDICT as to Jamarr Smith (1) Guilty on Count 1,2 and Thomas Iroko Ayodele (2) Guilty on Count 1,2 and Gilbert McThunel II (3) Guilty on Count 1,2. (tjw) (Entered: 02/27/2023) |
| 02/27/2023 | 124 (p.328) | MOTION for Bond *Pending Sentencing* by Jamarr Smith. (Lewis, Goodloe) |

| 02/27/2023 | 133 (p.379) | ORDER SETTING SENTENCING AND DEADLINES as to Jamarr Smith. Signed by District Judge Sharion Aycock on 2/27/2023. (tjw) |
|---|---|---|
| 02/27/2023 | 134 (p.381) | NOTICE OF HEARING as to Jamarr Smith: Sentencing set for 5/30/2023 11:00 AM in Oxford Courtroom 1 before District Judge Sharion Aycock. (tjw) |
| 03/01/2023 | | (Court only) ***Staff Notes as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II: Exhibits from Trial transferred to Oxford Clerk's Office (edc) |
| 03/02/2023 | 144 (p.382) | TRANSCRIPT REQUEST by Jamarr Smith for proceedings held on 2/21/23-2/24/23 before Judge Sharion Aycock. (Lewis, Goodloe) |
| 03/03/2023 | 145 (p.383) | MOTION for Acquittal *or in the alternative*, MOTION for New Trial by Jamarr Smith. (Lewis, Goodloe) |
| 03/08/2023 | 146 (p.387) | RESPONSE to Motion by USA as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re 140 MOTION for New Trial , 142 MOTION for Acquittal , 141 MOTION for Acquittal , 143 MOTION for New Trial , 145 (p.383) MOTION for Acquittal *or in the alternative* MOTION for New Trial (Attachments: # 1 (p.18) Exhibit A, # 2 (p.1879) Exhibit B, # 3 Exhibit C, # 4 Exhibit D) (Mims, Robert) |
| 03/20/2023 | 147 (p.412) | ORDER denying 124 (p.328) Motion for Bond as to Jamarr Smith (1); denying 139 Motion for Bond as to Thomas Iroko Ayodele (2); denying 129 Motion for Bond as to Gilbert McThunel II (3). Signed by Magistrate Judge Roy Percy on 3/20/23. (rtc) |
| 03/20/2023 | 148 (p.1262) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II, Testimony of Christopher Moody, Excerpt from Jury Trial on 2/23/23, before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017. **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript.  If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days.  The Policy is located on our website at www.msnd.uscourts.gov.** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/10/2023. Redacted Transcript Deadline set for 4/20/2023. Release of Transcript Restriction set for 6/20/2023. (pkm) |
| 03/29/2023 | 149 (p.415) | ORDER denying Motion 140 ; Motion 141 ; Motion 142 ; Motion 143 ; Motion 145 (p.383) . Signed by District Judge Sharion Aycock on 03/29/2023. (nml) |
| 04/25/2023 | 150 (p.425) | TRANSCRIPT REQUEST *of Silvester Cobbs* by Jamarr Smith for proceedings held on 2/22/2023 before Judge Sharion Aycock. (Lewis, Goodloe) |
| 05/05/2023 | 151 (p.1846) | OBJECTION to the Presentence Investigation Report (Attachments: # 1 (p.18) Exhibit A - Interview of Cobbs) (Lewis, Goodloe) |
| 05/12/2023 | 156 (p.973) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II, Testimony of Sylvester Cobbs |

|  |  | - Excerpt from Jury Trial, held on 2/22/2023 before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/2/2023. Redacted Transcript Deadline set for 6/12/2023. Release of Transcript Restriction set for 8/10/2023. (pkm) |
|---|---|---|
| 05/16/2023 | 158 (p.1908) | SENTENCING MEMORANDUM (Attachments: # 1 (p.18) Exhibit A-Medical Records) (Lewis, Goodloe) |
| 05/24/2023 | 162 (p.1918) | SENTENCING REFERENCE LETTERS (Lewis, Goodloe) |
| 05/25/2023 | 164 (p.426) | TRANSCRIPT REQUEST by USA as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II for proceedings held on 2/22/2023 before Judge Aycock. (Mims, Robert) |
| 05/30/2023 | 165 (p.427) | NOTICE Continuing Sentencing hearing set for May 30, 2023, as to Jamarr Smith. Sentencing hearing will be reset by separate notice. (tjw) |
| 05/30/2023 | 169 (p.1919) | SENTENCING REFERENCE LETTERS (Lewis, Goodloe) |
| 05/31/2023 | 170 (p.428) | NOTICE OF HEARING as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II: Hearing on Defendant Jamarr Smith's and Gilbert McThunel II's Objection to the Presentence Investigation Report [151, 152] and Joinder of Defendant Thomas Iroko Ayodele to the Objection to the Presentence Investigation Report 153 set for 6/13/2023 01:30 PM in Oxford Courtroom 1 before District Judge Sharion Aycock. (tjw) |
| 05/31/2023 | 172 (p.429) | NOTICE OF HEARING as to Jamarr Smith: Sentencing RESET for 6/13/2023 03:30 PM in Oxford Courtroom 1 before District Judge Sharion Aycock. (tjw) |
| 06/13/2023 | 175 (p.1920) | SENTENCING REFERENCE LETTERS (Lewis, Goodloe) |
| 06/13/2023 | 176 (p.1854) | *SEALED* Presentence Report with Addendum as to Jamarr Smith: (Sealed) (ahf) |
| 06/13/2023 | 179 (p.430) | Minute Entry for proceedings held before District Judge Sharion Aycock: Hearing as to Defendant Jamarr Smith's and Gilbert McThunel, II's, Objection to the Presentence Investigation Report [151, 152] and Joinder of Defendant Thomas Iroko Ayodele to the Objection to the Presentence Investigation Report as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II held on 6/13/2023 --Exhibit Admitted. (Court Reporter Phyllis McLarty.) (tjw) (Entered: 06/14/2023) |

| | | |
|---|---|---|
| 06/13/2023 | 180 (p.431) | EXHIBIT LIST - Hearing as to Defendant Jamarr Smith's and Gilbert McThunel, II's Objection to Presentence Investigation Report [151, 152] and Defendant Thomas Iroko Ayodele's Joinder to the Objection to the Presentence Investigation Report held on 6/13/2023 by Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II. (tjw) (Entered: 06/14/2023) |
| 06/13/2023 | 181 (p.1813) | EXHIBIT - Hearing as to Defendant Jamarr Smith's and Gilbert McThunel, II's Objection to Presentence Investigation Report [151, 152] and Defendant Thomas Iroko Ayodele's Joinder to the Objection to the Presentence Investigation Report 153 held on 6/13/2023 by Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II (Attachments: # 1 (p.18) Exhibit D-1) (tjw) (Entered: 06/14/2023) |
| 06/13/2023 | 183 (p.432) | Minute Entry for proceedings held before District Judge Sharion Aycock: Sentencing as to Jamarr Smith held on 6/13/2023. Defendant remanded to the custody of the U.S. Marshal. Final Judgment to follow. (Court Reporter Phyllis McLarty.) (tjw) (Entered: 06/14/2023) |
| 06/13/2023 | 185 (p.1921) | WITNESS LIST - Sentencing hearing held 6/13/2023 as to Jamarr Smith. (tjw) (Entered: 06/15/2023) |
| 06/15/2023 | 186 (p.1875) | Statement of Reasons as to Jamarr Smith (Restricted). (tjw) |
| 06/15/2023 | 189 (p.433) | JUDGMENT as to Jamarr Smith (1), Count(s) 1, 2, IMPRISONMENT: 121 mos. This term consists of 60 mos on Ct 1 and 121 mos on Ct 2 of the Indictment, to be servedconcur.; SUPERVISED RELEASE: 5 yrs. This term consists of 3 yrs on Ct 1 and 5 yrs on Ct 2 of the Indictment, both terms to run concur.; SPECIAL ASSESSMENT: $200; RESTITUTION: $61,331.88. DATE OF ENTRY 6/15/2023. Signed by District Judge Sharion Aycock on 6/15/2023. (edc) |
| 06/16/2023 | 192 (p.440) | NOTICE OF APPEAL by Jamarr Smith re 189 (p.433) Judgment, Transcript Order Form to appellant available electronically ( Transcript Order Form ) or by U.S. Mail as appropriate. (Lewis, Goodloe) |
| 06/16/2023 | | (Court only) ***Staff Notes as to Jamarr Smith: EDC Appeal (edc) |
| 06/20/2023 | | USCA Case Number 23-60321 as to Jamarr Smith for 192 (p.440) Notice of Appeal - Final Judgment. (edc) |
| 06/23/2023 | 197 (p.442) | TRANSCRIPT REQUEST by Jamarr Smith for proceedings held on 1/31/2023, 2/21/23-2/24/2023, 6/13/2023 before Judge Sharion Aycock, re 192 (p.440) Notice of Appeal - Final Judgment, Transcript due by 7/24/2023. (Lewis, Goodloe) |
| 06/23/2023 | | USCA Case Number 23-60321 as to Jamarr Smith for 192 (p.440) Notice of Appeal - Final Judgment. (edc) |
| 09/04/2023 | 200 (p.1695) | Sealed Transcript of Voir Dire Proceedings held on 2/21/2023, before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017. (pkm) |
| 09/04/2023 | 201 (p.923) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II, Transcript of Jury Trial, Volume 2 of 5, held on 2/21/2023 before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/25/2023. Redacted Transcript Deadline set for 10/5/2023. Release of Transcript Restriction set for 12/4/2023. (pkm) |
| 09/04/2023 | 202<br>(p.1005) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II, Transcript of Jury Trial, Volume 3 of 5, held on 2/22/2023 before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/25/2023. Redacted Transcript Deadline set for 10/5/2023. Release of Transcript Restriction set for 12/4/2023. (pkm) |
| 09/04/2023 | 203<br>(p.1360) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II, Transcript of Jury Trial, Volume 4 of 5, held on 2/23/2023 before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/25/2023. Redacted Transcript Deadline set for 10/5/2023. Release of Transcript Restriction set for 12/4/2023. (pkm) |

| 09/04/2023 | <u>204</u><br>(p.1552) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II, Transcript of Jury Trial, Volume 5 of 5, held on 2/24/2023 before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/25/2023. Redacted Transcript Deadline set for 10/5/2023. Release of Transcript Restriction set for 12/4/2023. (pkm) |
| 09/04/2023 | <u>205</u><br>(p.679) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II, Motion to Suppress Hearing held on 1/31/23 before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/25/2023. Redacted Transcript Deadline set for 10/5/2023. Release of Transcript Restriction set for 12/4/2023. (pkm) |
| 09/04/2023 | <u>206</u><br>(p.1649) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II, Hearing on Objection to Presentence Report held on 6/13/2023 before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.** |

| | | |
|---|---|---|
| | | Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/25/2023. Redacted Transcript Deadline set for 10/5/2023. Release of Transcript Restriction set for 12/4/2023. (pkm) |
| 09/04/2023 | 207 (p.1668) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Jamarr Smith, Sentencing Hearing held on 6/13/2023 before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017. **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/25/2023. Redacted Transcript Deadline set for 10/5/2023. Release of Transcript Restriction set for 12/4/2023. (pkm) |
| 09/19/2023 | 210 (p.443) | MOTION to Reduce Sentence *and/or Compassionate Release* by Jamarr Smith. (Attachments: # 1 (p.18) Exhibit A-Amendment First Step Act, # 2 (p.1879) Exhibit B-Denial, # 3 Exhibit C-Med Records) (Lewis, Goodloe) |

APPEAL,EXH-ADM,LC-JLH

# U.S. District Court
## Northern District of Mississippi (Oxford Division)
## CRIMINAL DOCKET FOR CASE #: 3:21-cr-00107-SA-RP-2
## Internal Use Only

Case title: USA v. Smith et al

Date Filed: 10/27/2021

Date Terminated: 06/15/2023

Assigned to: District Judge Sharion
Aycock
Referred to: Magistrate Judge Roy
Percy

Appeals court case number:
23-60336 US Court of Appeals - 5th
Circuit

**Defendant (2)**

**Thomas Iroko Ayodele**
*TERMINATED: 06/15/2023*
*also known as*
"Roko"
*TERMINATED: 06/15/2023*

represented by **FPD**
FEDERAL PUBLIC DEFENDER'S OFFICE
Northern District of Mississippi
1200 Jefferson Avenue, Suite 100
Oxford, MS 38655
(662) 236-2889
Fax: (662) 234-0428
Email: greg_park@fd.org
*TERMINATED: 11/09/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender*
*Appointment*

**William F. Travis**
WILLIAM F. TRAVIS, ATTORNEY
8619 Highway 51 North
Southaven, MS 38671
(662) 393-9295
Email: bill@southavenlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

CONSPIRACY TO DEFRAUD
THE UNITED STATES
(1)

**Disposition**

IMPRISONMENT: 136 mos. This term consists of 60
mos on Ct 1 and 136 mos on Ct 2 of the Indictment, to
be served concur.; SUPERVISED RELEASE: 5 yrs.

MAIL, MONEY OR OTHER
PROPERTY OF U.S.
(2)

This term consists of 3 yrs on Ct 1 and 5 yrs on Ct 2 of the Indictment, both terms to run concur.; SPECIAL ASSESSMENT: $200; RESTITUTION: $61,331.88.

IMPRISONMENT: 136 mos. This term consists of 60 mos on Ct 1 and 136 mos on Ct 2 of the Indictment, to be served concur.; SUPERVISED RELEASE: 5 yrs. This term consists of 3 yrs on Ct 1 and 5 yrs on Ct 2 of the Indictment, both terms to run concur.; SPECIAL ASSESSMENT: $200; RESTITUTION: $61,331.88.

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level
(Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

**Plaintiff**

| **USA** | represented by | **USA**<br>U.S. ATTORNEY'S OFFICE<br>900 Jefferson Avenue<br>Oxford, MS 38655<br>(662) 234-3351<br>Email: usamsn.ecf@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Assistant US Attorney* |
| --- | --- | --- |
| | | **Robert J Mims**<br>U.S. ATTORNEY'S OFFICE - Oxford<br>900 Jefferson Avenue<br>Oxford, MS 38655-3608<br>662-234-3351<br>Email: Robert.Mims@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Assistant US Attorney* |
| | | **Clyde McGee , IV**<br>U.S. ATTORNEY'S OFFICE - Oxford<br>900 Jefferson Avenue |

Oxford, MS 38655-3608
662-234-3351
Email: clyde.mcgee@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

Email All Attorneys  Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 10/27/2021 | 1 | INDICTMENT as to Jamarr Smith (1) count(s) 1, 2, Thomas Iroko Ayodele (2) count(s) 1, 2, Gilbert McThunel (3) count(s) 1, 2. (Attachments: # 1 Notice of Penalties, # 2 Criminal Cover Sheet Smith, # 3 (p.2045) Criminal Cover Sheet Ayodele, # 4 Criminal Cover Sheet McThunel) (edc) (Entered: 10/28/2021) |
| 10/27/2021 | 3 (p.2045) | *SEALED* Arrest Warrant Issued by Clerk in case as to Thomas Iroko Ayodele. (edc) (Entered: 10/28/2021) |
| 11/03/2021 | | (Court only) Case unsealed as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel (jf) |
| 11/03/2021 | | (Court only) Case Unsealed and Short Title Corrected as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel (jf) |
| 11/08/2021 | 12 (p.2046) | CJA 23 Financial Affidavit by Thomas Iroko Ayodele. (irw) |
| 11/08/2021 | 13 | TEXT ONLY ORDER APPOINTING FPD as to Thomas Iroko Ayodele: Appointment of Attorney FPD for Thomas Iroko Ayodele. Signed by Magistrate Judge Jane M. Virden on 11/8/2021. (No document attached) (irw) |
| 11/08/2021 | 14 (p.1938) | Minute Entry for proceedings held before Magistrate Judge Jane M. Virden: Initial Appearance as to Thomas Iroko Ayodele held on 11/8/2021. No Interpreter Needed *Audio Recorded during Proceeding. Arraignment set for 11/10/2021 at 01:30 PM in Greenville Courtroom 2 via Video Conference before Magistrate Judge Jane M. Virden. (Court Reporter Digital.) (irw) |
| 11/08/2021 | 15 (p.1939) | ORDER Setting Conditions of Release as to Thomas Iroko Ayodele (2) . Signed by Magistrate Judge Jane M. Virden on 11/8/2021. (irw) |
| 11/08/2021 | 16 (p.1943) | Unsecured Bond entered as to Thomas Iroko Ayodele: Amount of Bond $10,000. (irw) |
| 11/08/2021 | | (Court only) Case unsealed as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel. (irw) |
| 11/08/2021 | | (Court only) Case Unsealed and Short Title Corrected as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel. (irw) |
| 11/09/2021 | 22 (p.1945) | ORDER TO SUBSTITUTE ATTORNEY. William F. Travis for Thomas Iroko Ayodele replacing FPD. Signed by Magistrate Judge Jane M. Virden on 11/9/2021. (irw) |
| 11/09/2021 | 25 (p.1946) | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Thomas Iroko Ayodele. (irw) |
| 11/09/2021 | 26 | |

| | | |
|---|---|---|
| | | SCHEDULING ORDER as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel. Discovery due by 11/23/2021. Plea Agreement due by 12/20/2021. MVD Jury Trial set for 1/3/2022 09:30 AM in Oxford Courtroom 3 West before Senior Judge Neal B. Biggers. Signed by Magistrate Judge Roy Percy on 11/9/21. (rtc) |
| 11/09/2021 | 27 | NOTICE OF TRIAL as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel MVD Jury Trial set for 1/3/2022 09:30 AM in Oxford Courtroom 3 West before Senior Judge Neal B. Biggers. (kbt) |
| 11/09/2021 | 30 (p.1947) | Arrest Warrant Returned Executed on 11/8/2021 in case as to Thomas Iroko Ayodele. (edc) (Entered: 11/16/2021) |
| 12/01/2021 | 32 (p.1948) | MOTION to Continue trial by Thomas Iroko Ayodele. (Travis, William) |
| 12/08/2021 | 33 | ORDER TO CONTINUE - Ends of Justice as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel Time excluded from 1/3/2022 until 2/28/2022., Motions terminated as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel: 32 (p.1948) MOTION to Continue trial filed by Thomas Iroko Ayodele.. Signed by Senior Judge Neal B. Biggers on 12/8/2021. (kbt) |
| 12/08/2021 | 34 | NOTICE OF TRIAL as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel MVD Jury Trial set for 2/28/2022 09:30 AM in Oxford Courtroom 3 West before Senior Judge Neal B. Biggers. (kbt) |
| 01/06/2022 | 35 | MOTION Request for Notice of Alibi Defense by USA as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel. (Mims, Robert) |
| 01/11/2022 | 36 | NOTICE of Alibi Defense - Request as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel (Mims, Robert) |
| 01/13/2022 | | (Court only) ***Motions terminated as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel: 35 MOTION Request for Notice of Alibi Defense filed by USA. (kbt) |
| 01/14/2022 | 37 (p.1952) | RESPONSE to Motion by Thomas Iroko Ayodele re 35 MOTION Request for Notice of Alibi Defense (Attachments: # 1 Exhibit Interview Report, # 2 Exhibit MDES Time Information) (Travis, William) |
| 02/08/2022 | 41 | ORDER TO CONTINUE - Ends of Justice as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel Time excluded from 2/28/2022 until 4/11/2022., Motions terminated as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel: 40 MOTION to Continue Trial Date And All Deadlines filed by Gilbert McThunel.. Signed by Senior Judge Neal B. Biggers on 2/8/2022. (kbt) |
| 02/08/2022 | 42 | NOTICE OF TRIAL as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel MVD Jury Trial set for 4/11/2022 09:30 AM in Oxford Courtroom 3 West before Senior Judge Neal B. Biggers. (kbt) |
| 03/22/2022 | 43 (p.1975) | MOTION to Continue Trial and Deadlines by Thomas Iroko Ayodele. (Travis, William) |
| 03/24/2022 | 44 | ORDER TO CONTINUE - Ends of Justice as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel Time excluded from 4/11/2022 until 6/6/2022., Motions terminated as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel: 43 (p.1975) MOTION to Continue Trial and Deadlines filed by Thomas Iroko |

| | | Ayodele.. Signed by Senior Judge Neal B. Biggers on 3/24/2022. (kbt) |
|---|---|---|
| 03/24/2022 | 45 | NOTICE OF TRIAL as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel MVD Jury Trial set for 6/6/2022 09:30 AM in Oxford Courtroom 3 West before Senior Judge Neal B. Biggers. (kbt) |
| 05/04/2022 | 50 | NOTICE OF HEARING ON MOTION in case as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel 47 MOTION to Continue Trial , 49 MOTION *for Application for Issuance of Subpoena Duces Tecum* : Motion Hearing set for 5/9/2022 01:15 PM in Oxford Courtroom 3 West before Senior Judge Neal B. Biggers. (kbt) |
| 05/05/2022 | 52 | NOTICE Cancelling, and continuing until further notice, Motion Hearing set for 5/9/2022 as to Jamarr Smith (kbt) |
| 05/06/2022 | 55 | (Ex Parte) Ex Parte MOTION by Jamarr Smith as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel. (Lewis, Goodloe) Modified on 5/9/2022 (edc). |
| 05/09/2022 | | NOTICE Cancelling motion hearing set for 5/9/2022 as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel (kbt) |
| 05/09/2022 | | NOTICE Cancelling motion hearing set for 5/9/2022 as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel (kbt) |
| 05/09/2022 | 56 (p.2047) | (Ex Parte) Joint Ex Parte MOTION *and Memorandum for Approval of Proposed Budget for Expert Fees and Expenses* by Thomas Iroko Ayodele. (Travis, William) |
| 05/09/2022 | | (Court only) ***Motions terminated as to Thomas Iroko Ayodele, Gilbert McThunel: 55 Ex Parte MOTION filed by Jamarr Smith ONLY. Motion initially filed as to all Defs in error. (edc) |
| 05/16/2022 | 57 | ORDER TO CONTINUE - Ends of Justice as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel Time excluded from 6/6/2022 until 8/8/2022., Motions terminated as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel: 47 MOTION to Continue Trial filed by Jamarr Smith.. Signed by Senior Judge Neal B. Biggers on 5/16/2022. (kbt) |
| 05/16/2022 | | (Court only) ***Terminate Deadlines and Hearings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel: (kbt) |
| 05/16/2022 | 58 | NOTICE OF TRIAL as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel MVD Jury Trial set for 8/8/2022 09:30 AM in Oxford Courtroom 3 West before Senior Judge Neal B. Biggers. (kbt) |
| 05/16/2022 | 59 | ORDER granting 49 Motion as to Jamarr Smith (1). Signed by Senior Judge Neal B. Biggers on 5/16/2022. (kbt) |
| 05/16/2022 | 60 | ORDER granting 54 Ex Parte Motion as to Gilbert McThunel (3). Signed by Senior Judge Neal B. Biggers on 5/16/2022. (kbt) |
| 05/16/2022 | | (Court only) ***Motions terminated as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel: 56 (p.2047) Joint Ex Parte MOTION *and Memorandum for Approval of Proposed Budget for Expert Fees and Expenses* filed by Thomas Iroko Ayodele, 55 Ex Parte MOTION filed by Jamarr Smith, 53 Ex Parte MOTION *And Memorandum For Approval Of Proposed Budget For Expert Fees And Expenses* filed by Gilbert McThunel. (kbt) |

| | | |
|---|---|---|
| 05/18/2022 | <u>61</u> | MOTION to Amend/Correct *the Caption* by USA as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel. (Mims, Robert) |
| 05/25/2022 | <u>63</u> | EX PARTE EXPERT FUNDING ORDER as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re <u>60</u> Order on Ex Parte Motion. Signed by Circuit Judge for US Court of Appeals 5th Circuit Stephen A. Higginson on 5/24/2022. (edc) |
| 07/19/2022 | <u>66</u> | ORDER OF RECUSAL in case as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II. Senior Judge Neal B. Biggers recused. Case reassigned to District Judge Sharion Aycock for all further proceedings. Signed by Senior Judge Neal B. Biggers on 7/19/2022. (edc) |
| 07/21/2022 | <u>68</u> | ORDER TO CONTINUE - Ends of Justice as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II; Time excluded from 8/8/2022 until 12/5/2022. Motions now due by 11/14/2022. Plea Agreement now due by 11/21/2022. MVD Jury Trial RESET for 12/5/2022 09:40 AM in Oxford Courtroom 1 before District Judge Sharion Aycock. Signed by District Judge Sharion Aycock on 7/21/2022. (tjw) |
| 07/21/2022 | <u>69</u> | NOTICE OF TRIAL as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II: MVD Jury Trial RESET for 12/5/2022 09:40 AM in Oxford Courtroom 1 before District Judge Sharion Aycock. (tjw) |
| 11/08/2022 | <u>76</u> | JOINDER by Gilbert McThunel, II as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re: 74 MOTION to Suppress filed by Jamarr Smith, 75 Memorandum in Support of Motion filed by Jamarr Smith (Chiniche, Paul) |
| 11/09/2022 | <u>77</u> | NOTICE OF HEARING ON MOTION in case as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II 74 MOTION to Suppress : Motion Hearing set for 11/29/2022 10:00 AM in Oxford Courtroom 1 before District Judge Sharion Aycock. (tjw) |
| 11/09/2022 | <u>79</u> | JOINDER by Thomas Iroko Ayodele as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re: 74 MOTION to Suppress filed by Jamarr Smith, 75 Memorandum in Support of Motion filed by Jamarr Smith (Travis, William) |
| 11/10/2022 | <u>80</u> | RESPONSE to Motion by USA as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re 78 MOTION to Continue Trial (Mims, Robert) |
| 11/10/2022 | <u>81</u> | JOINDER by Thomas Iroko Ayodele as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re: 78 MOTION to Continue Trial filed by Jamarr Smith (Travis, William) |
| 11/10/2022 | <u>82</u> | JOINDER by Gilbert McThunel, II as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re: 78 MOTION to Continue Trial filed by Jamarr Smith (Chiniche, Paul) |
| 11/10/2022 | <u>83</u> | ORDER TO CONTINUE - Ends of Justice as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II; Time excluded from 12/5/2022 until 2/21/2023. Motions now due by 1/31/2023. Plea Agreement now due by 2/7/2023. MVD Jury Trial RESET for 2/21/2023 09:40 AM in Oxford Courtroom 1 before District Judge Sharion Aycock. Signed by District Judge Sharion Aycock on 11/10/2022. (tjw) |
| 11/10/2022 | <u>84</u> | NOTICE OF TRIAL as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II: MVD Jury Trial RESET for 2/21/2023 09:40 AM in Oxford Courtroom 1 before |

| | | |
|---|---|---|
| | | District Judge Sharion Aycock. (tjw) |
| 11/10/2022 | 85 | ORDER Continuing Hearing set for 11/29/2022 as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re 74 MOTION to Suppress filed by Jamarr Smith until further Order of the Court. Hearing will be reset by separate notice. Signed by District Judge Sharion Aycock on 11/10/2022. (tjw) |
| 11/10/2022 | 86 | NOTICE OF HEARING ON MOTION in case as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II 74 MOTION to Suppress : Motion Hearing RESET for 1/17/2023 01:30 PM in Oxford Courtroom 1 before District Judge Sharion Aycock. (tjw) |
| 11/15/2022 | 87 | RESPONSE to Motion by USA as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re 74 MOTION to Suppress (Mims, Robert) |
| 11/15/2022 | 88 | NOTICE OF CONVENTIONAL FILING of Exhibit A (Response to Mtn to Suppress) by Robert J. Mims on behalf of USA. (Mims, Robert) |
| 11/15/2022 | | Exhibit A to 87 RESPONSE to Motion received and placed on shelf in clerk's office Oxford. (jwr) |
| 11/17/2022 | 90 | ORDER granting 89 Motion for Extension of Time to File Reply. Signed by District Judge Sharion Aycock on 11/17/22. (sko) |
| 01/05/2023 | 93 | JOINDER *to Rebuttal Memorandum of Authorities in Support of Motion to Suppress* by Thomas Iroko Ayodele as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re: 91 Memorandum in Support of Motion filed by Jamarr Smith (Travis, William) |
| 01/06/2023 | 96 | NOTICE OF HEARING ON MOTION in case as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II 74 MOTION to Suppress : Motion Hearing RESET for 1/31/2023 10:00 AM in Oxford Courtroom 1 before District Judge Sharion Aycock. (tjw) |
| 01/30/2023 | 97 | STANDING ORDER in re: The Novel Coronavirus (COVID-19), Addendum on Juror Vaccinations. Signed by the United States District Judges for the Northern District of Mississippi on 5/3/2021. (tjw) |
| 01/31/2023 | 98 | Minute Entry for proceedings held before District Judge Sharion Aycock: Motion Hearing as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II held on 1/31/2023 re 74 MOTION to Suppress filed by Jamarr Smith --Exhibits Admitted. Order to follow. (Court Reporter Phyllis McLarty.) (tjw) (Entered: 02/01/2023) |
| 01/31/2023 | 99 | WITNESS LIST - Hearing on Motion to Suppress 74 held 1/31/2023. (tjw) (Entered: 02/01/2023) |
| 01/31/2023 | 100 | EXHIBIT LIST - Hearing on Motion to Suppress 74 held 1/31/2023. (tjw) (Entered: 02/01/2023) |
| 01/31/2023 | 101 | EXHIBITS - Hearing on Motion to Suppress 74 held 1/31/2023 as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II (Attachments: # 1 Government Exhibit G-2, # 2 Government Exhibit G-3, # 3 (p.2045) Government Exhibit G-4a, # 4 Government Exhibit G-4b; Government Exhibit G-1 USB/Wallet Drive located in Amory Clerk's Office) (tjw) Modified on 2/1/2023 (tw). Modified on 2/1/2023 (jla). (Entered: 02/01/2023) |
| 02/01/2023 | 102 | |

| | | |
|---|---|---|
| | | NOTICE OF ATTORNEY APPEARANCE Clyde McGee, IV appearing for USA. (McGee, Clyde) |
| 02/01/2023 | | (Court only) ***Staff Notes as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II: RESTRICTED Exhibit G-1 USB/Wallet Drive from 1/31/23 Hearing located in Amory Clerk's Office (see docket 101 ) (jla) |
| 02/02/2023 | 103 | TRANSCRIPT REQUEST by USA as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II for proceedings held on 1/31/2023 before Judge Aycock. (Mims, Robert) |
| 02/03/2023 | 104 | TRANSCRIPT REQUEST by Jamarr Smith as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II for proceedings held on 1/31/2023 before Judge Aycock. (Lewis, Goodloe) |
| 02/10/2023 | 105 | ORDER denying 74 Motion to Suppress as to Jamarr Smith (1). Signed by District Judge Sharion Aycock on 02/10/2023. (nml) |
| 02/14/2023 | 106 | MOTION in Limine *as to Expert Testimony by Non-Designated Experts* by Jamarr Smith as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II. (Attachments: # 1 Exhibit A- Moody designation) (Lewis, Goodloe) |
| 02/14/2023 | 107 | MOTION in Limine *as to Interpretation of Videos* by Jamarr Smith as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II. (Lewis, Goodloe) |
| 02/14/2023 | 108 | MOTION in Limine *as to Prejudicial Photographs* by Jamarr Smith as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II. (Lewis, Goodloe) |
| 02/14/2023 | 109 | TRANSCRIPT REQUEST by USA as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II for proceedings held on 1/31/2023 before Judge Aycock. (Mims, Robert) |
| 02/16/2023 | 112 | JOINDER *in Motion in Limine as to Expert Testimony by Non-Designated Experts* by Thomas Iroko Ayodele as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re: 106 MOTION in Limine *as to Expert Testimony by Non-Designated Experts* filed by Jamarr Smith (Travis, William) |
| 02/16/2023 | 113 | JOINDER *in Motion in Limine as to Interpretation of Videos* by Thomas Iroko Ayodele as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re: 107 MOTION in Limine *as to Interpretation of Videos* filed by Jamarr Smith (Travis, William) |
| 02/16/2023 | 114 | JOINDER *in Motion in Limine as to Pretjudicial Photographs* by Thomas Iroko Ayodele as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re: 108 MOTION in Limine *as to Prejudicial Photographs* filed by Jamarr Smith (Travis, William) |
| 02/16/2023 | 115 | RESPONSE to Motion by USA as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re 108 MOTION in Limine *as to Prejudicial Photographs* (Mims, Robert) |
| 02/16/2023 | 116 | RESPONSE to Motion by USA as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re 107 MOTION in Limine *as to Interpretation of Videos* (Mims, Robert) |
| 02/16/2023 | 117 | RESPONSE to Motion by USA as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re 106 MOTION in Limine *as to Expert Testimony by* |

| | | |
|---|---|---|
| | | *Non-Designated Experts* (Mims, Robert) |
| 02/17/2023 | <u>118</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II, Testimony of Todd Matney, Excerpt from Motion to Suppress Hearing held on 1/31/2023 before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript.  If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/10/2023. Redacted Transcript Deadline set for 3/20/2023. Release of Transcript Restriction set for 5/18/2023. (pkm) |
| 02/17/2023 | <u>119</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II, Testimony of Stephen Mathews, Excerpt from Motion to Suppress Hearing held on 1/31/23 before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript.  If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/10/2023. Redacted Transcript Deadline set for 3/20/2023. Release of Transcript Restriction set for 5/18/2023. (pkm) |
| 02/17/2023 | <u>120</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II, Testimony of Spencer McInvaille, Excerpt from Motion to Suppress Hearing held on 1/31/23 before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this** |

| | | |
|---|---|---|
| | | **transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.** |
| | | Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/10/2023. Redacted Transcript Deadline set for 3/20/2023. Release of Transcript Restriction set for 5/18/2023. (pkm) |
| 02/21/2023 | 121 | ORDER terminating 106 Motion in Limine; 107 Motion in Limine; 108 Motion in Limine. Signed by District Judge Sharion Aycock on 02/21/2023. (nml) |
| 02/21/2023 | | Minute Entry for proceedings held before District Judge Sharion Aycock: Voir Dire conducted; jury impaneled. Trial began on 2/21/2023 as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II. (Court Reporter Phyllis McLarty.) (tjw) (Entered: 02/22/2023) |
| 02/21/2023 | | Jury Impaneled as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II. (tjw) (Entered: 02/22/2023) |
| 02/22/2023 | | (Court only) ***Staff Notes as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II: Exhibit from Suppression Hearing held 1/31/2023 (see Doc 101 ) transferred to Oxford Clerk's Office (jla) |
| 02/22/2023 | 122 | Minute Entry for proceedings held before District Judge Sharion Aycock: Jury Trial as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II held on 2/22/2023 --Exhibits Admitted. Trial to resume on 2/23/2023. (Court Reporter Phyllis McLarty.) (tjw) (Entered: 02/23/2023) |
| 02/23/2023 | 123 | Minute Entry for proceedings held before District Judge Sharion Aycock: Jury Trial as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II held on 2/23/2023 --Exhibits Admitted. Trial to resume on 2/24/2023. (Court Reporter Phyllis McLarty.) (tjw) (Entered: 02/24/2023) |
| 02/24/2023 | 125 | Minute Entry for proceedings held before District Judge Sharion Aycock: Jury Trial as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II completed on 2/24/2023. (Court Reporter Phyllis McLarty.) (tjw) (Entered: 02/27/2023) |
| 02/24/2023 | 126 | WITNESS LIST - Jury Trial held 2/21/2023 to 2/24/2023 as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II. (tjw) (Entered: 02/27/2023) |
| 02/24/2023 | 127 | EXHIBIT LIST - Jury Trial held 2/21/2023 to 2/24/2023 as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II. Exhibits located in the Amory Clerk's Office. (tjw) (Entered: 02/27/2023) |
| 02/24/2023 | 128 | Jury Instructions - GIVEN - Jury trial held 2/21/2023 to 2/24/2023 as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II (tjw) (Entered: 02/27/2023) |
| 02/24/2023 | 130 | Jury Instructions - WITHDRAWN - Jury Trial held 2/21/2023 to 2/24/2023 as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II. (tjw) (Entered: 02/27/2023) |
| 02/24/2023 | 131 | Jury Note and Written Response from the Court - Jury Trial held 2/21/2023 to 2/24/2023 as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II. (tjw) |

| | | (Entered: 02/27/2023) |
|---|---|---|
| 02/24/2023 | 132 | JURY VERDICT as to Jamarr Smith (1) Guilty on Count 1,2 and Thomas Iroko Ayodele (2) Guilty on Count 1,2 and Gilbert McThunel II (3) Guilty on Count 1,2. (tjw) (Entered: 02/27/2023) |
| 02/27/2023 | 135 (p.1979) | ORDER SETTING SENTENCING AND DEADLINES as to Thomas Iroko Ayodele. Signed by District Judge Sharion Aycock on 2/27/2023. (tjw) |
| 02/27/2023 | 136 (p.1981) | NOTICE OF HEARING as to Thomas Iroko Ayodele: Sentencing set for 5/30/2023 01:30 PM in Oxford Courtroom 1 before District Judge Sharion Aycock. (tjw) |
| 02/27/2023 | 139 (p.1982) | MOTION for Bond *Pending Sentencing* by Thomas Iroko Ayodele. (Travis, William) |
| 03/01/2023 | 140 (p.1984) | MOTION for New Trial by Thomas Iroko Ayodele. (Travis, William) |
| 03/01/2023 | 141 (p.1986) | MOTION for Acquittal by Thomas Iroko Ayodele. (Travis, William) |
| 03/01/2023 | | (Court only) ***Staff Notes as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II: Exhibits from Trial transferred to Oxford Clerk's Office (edc) |
| 03/08/2023 | 146 | RESPONSE to Motion by USA as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re 140 (p.1984) MOTION for New Trial , 142 MOTION for Acquittal , 141 (p.1986) MOTION for Acquittal , 143 MOTION for New Trial , 145 MOTION for Acquittal *or in the alternative* MOTION for New Trial (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 (p.2045) Exhibit C, # 4 Exhibit D) (Mims, Robert) |
| 03/20/2023 | 147 | ORDER denying 124 Motion for Bond as to Jamarr Smith (1); denying 139 (p.1982) Motion for Bond as to Thomas Iroko Ayodele (2); denying 129 Motion for Bond as to Gilbert McThunel II (3). Signed by Magistrate Judge Roy Percy on 3/20/23. (rtc) |
| 03/20/2023 | 148 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II, Testimony of Christopher Moody, Excerpt from Jury Trial on 2/23/23, before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/10/2023. Redacted Transcript Deadline set for 4/20/2023. Release of Transcript Restriction set for 6/20/2023. (pkm) |
| 03/29/2023 | 149 | |

| | | ORDER denying Motion 140 (p.1984) ; Motion 141 (p.1986) ; Motion 142 ; Motion 143 ; Motion 145 . Signed by District Judge Sharion Aycock on 03/29/2023. (nml) |
|---|---|---|
| 05/10/2023 | 153 (p.2019) | OBJECTION *Joinder* to the Presentence Investigation Report (Travis, William) |
| 05/12/2023 | 154 (p.2049) | SENTENCING REFERENCE LETTERS (Travis, William) |
| 05/12/2023 | 155 (p.2054) | SENTENCING MEMORANDUM (Travis, William) |
| 05/12/2023 | 156 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II, Testimony of Sylvester Cobbs - Excerpt from Jury Trial, held on 2/22/2023 before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript.  If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/2/2023. Redacted Transcript Deadline set for 6/12/2023. Release of Transcript Restriction set for 8/10/2023. (pkm) |
| 05/17/2023 | 159 (p.2059) | SENTENCING REFERENCE LETTERS (Travis, William) |
| 05/18/2023 | 160 (p.2060) | SENTENCING REFERENCE LETTERS (Travis, William) |
| 05/19/2023 | 161 (p.2061) | SENTENCING REFERENCE LETTERS (Travis, William) |
| 05/24/2023 | 163 (p.2063) | SENTENCING REFERENCE LETTERS (Travis, William) |
| 05/25/2023 | 164 | TRANSCRIPT REQUEST by USA as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II for proceedings held on 2/22/2023 before Judge Aycock. (Mims, Robert) |
| 05/30/2023 | 166 (p.1988) | NOTICE Continuing Sentencing hearing set for May 30, 2023, as to Thomas Iroko Ayodele. Sentencing hearing will be reset by separate notice. (tjw) |
| 05/30/2023 | 168 (p.2064) | SENTENCING REFERENCE LETTERS (Travis, William) |
| 05/31/2023 | 170 | NOTICE OF HEARING as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II: Hearing on Defendant Jamarr Smith's and Gilbert McThunel II's |

| | | |
|---|---|---|
| | | Objection to the Presentence Investigation Report [151, 152] and Joinder of Defendant Thomas Iroko Ayodele to the Objection to the Presentence Investigation Report 153 (p.2019) set for 6/13/2023 01:30 PM in Oxford Courtroom 1 before District Judge Sharion Aycock. (tjw) |
| 05/31/2023 | 171 (p.1989) | NOTICE OF HEARING as to Thomas Iroko Ayodele: Sentencing RESET for 6/13/2023 03:00 PM in Oxford Courtroom 1 before District Judge Sharion Aycock. (tjw) |
| 06/08/2023 | 174 (p.2065) | SENTENCING REFERENCE LETTERS (Travis, William) |
| 06/13/2023 | 177 (p.2021) | *SEALED* Presentence Report with Addendum as to Thomas Iroko Ayodele: (Sealed) (ahf) |
| 06/13/2023 | 179 | Minute Entry for proceedings held before District Judge Sharion Aycock: Hearing as to Defendant Jamarr Smith's and Gilbert McThunel, II's, Objection to the Presentence Investigation Report [151, 152] and Joinder of Defendant Thomas Iroko Ayodele to the Objection to the Presentence Investigation Report as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II held on 6/13/2023 --Exhibit Admitted. (Court Reporter Phyllis McLarty.) (tjw) (Entered: 06/14/2023) |
| 06/13/2023 | 180 | EXHIBIT LIST - Hearing as to Defendant Jamarr Smith's and Gilbert McThunel, II's Objection to the Presentence Investigation Report [151, 152] and Defendant Thomas Iroko Ayodele's Joinder to the Objection to the Presentence Investigation Report held on 6/13/2023 by Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II. (tjw) (Entered: 06/14/2023) |
| 06/13/2023 | 181 | EXHIBIT - Hearing as to Defendant Jamarr Smith's and Gilbert McThunel, II's Objection to the Presentence Investigation Report [151, 152] and Defendant Thomas Iroko Ayodele's Joinder to the Objection to the Presentence Investigation Report 153 (p.2019) held on 6/13/2023 by Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II (Attachments: # 1 Exhibit D-1) (tjw) (Entered: 06/14/2023) |
| 06/13/2023 | 182 (p.1990) | Minute Entry for proceedings held before District Judge Sharion Aycock: Sentencing as to Thomas Iroko Ayodele held on 6/13/2023. Defendant remanded to the custody of the U.S. Marshal. Final Judgment to follow. (Court Reporter Phyllis McLarty.) (tjw) (Entered: 06/14/2023) |
| 06/15/2023 | 187 (p.2041) | Statement of Reasons as to Thomas Iroko Ayodele (Restricted). (tjw) |
| 06/15/2023 | 190 (p.1991) | JUDGMENT as to Thomas Iroko Ayodele (2), Count(s) 1, 2, IMPRISONMENT: 136 mos. This term consists of 60 mos on Ct 1 and 136 mos on Ct 2 of the Indictment, to be served concur.; SUPERVISED RELEASE: 5 yrs. This term consists of 3 yrs on Ct 1 and 5 yrs on Ct 2 of the Indictment, both terms to run concur.; SPECIAL ASSESSMENT: $200; RESTITUTION: $61,331.88. DATE OF ENTRY 6/15/2023 . Signed by District Judge Sharion Aycock on 6/15/2023. (edc) |
| 06/20/2023 | 193 (p.1998) | MOTION to Withdraw as Attorney by William F. Travis., MOTION to Appoint Counsel , MOTION Motion Requesting IFP by Thomas Iroko Ayodele. (Attachments: # 1 Exhibit A) (Travis, William) |
| 06/21/2023 | 195 (p.2001) | ORDER denying *without prejudice* 193 (p.1998) Motion to Withdraw as Attorney. Signed by District Judge Sharion Aycock on 6/21/23. (sko) |

| | | |
|---|---|---|
| 06/21/2023 | <u>196</u> <u>(p.2002)</u> | NOTICE OF APPEAL by Thomas Iroko Ayodele re <u>190 (p.1991)</u> Judgment, Transcript Order Form to appellant available electronically ( <u>Transcript Order Form</u> ) or by U.S. Mail as appropriate. (Travis, William) |
| 06/21/2023 | | (Court only) ***Staff Notes as to Thomas Iroko Ayodele: EDC Appeal. (edc) |
| 06/21/2023 | | (Court only) ***Motions terminated as to Thomas Iroko Ayodele: Motion <u>193</u> <u>(p.1998)</u> terminated per Order <u>195 (p.2001)</u> . (sko) |
| 06/23/2023 | | USCA Case Number 23-60336 as to Thomas Iroko Ayodele for <u>196 (p.2002)</u> Notice of Appeal - Final Judgment. (edc) |
| 07/05/2023 | <u>199</u> <u>(p.2004)</u> | TRANSCRIPT REQUEST by Thomas Iroko Ayodele for proceedings held on 1/31/2023, 2/21/2023-2/24/2023 and 6/13/2023 before Judge Sharion Aycock, re USCA Case Number, <u>196 (p.2002)</u> Notice of Appeal - Final Judgment, Transcript due by 8/4/2023. (Travis, William) |
| 09/04/2023 | <u>200</u> | Sealed Transcript of Voir Dire Proceedings held on 2/21/2023, before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017. (pkm) |
| 09/04/2023 | <u>201</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II, Transcript of Jury Trial, Volume 2 of 5, held on 2/21/2023 before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript.  If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.** <br><br> Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/25/2023. Redacted Transcript Deadline set for 10/5/2023. Release of Transcript Restriction set for 12/4/2023. (pkm) |
| 09/04/2023 | <u>202</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II, Transcript of Jury Trial, Volume 3 of 5, held on 2/22/2023 before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript.  If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.** |

| | | |
|---|---|---|
| | | Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/25/2023. Redacted Transcript Deadline set for 10/5/2023. Release of Transcript Restriction set for 12/4/2023. (pkm) |
| 09/04/2023 | 203 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II, Transcript of Jury Trial, Volume 4 of 5, held on 2/23/2023 before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/25/2023. Redacted Transcript Deadline set for 10/5/2023. Release of Transcript Restriction set for 12/4/2023. (pkm) |
| 09/04/2023 | 204 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II, Transcript of Jury Trial, Volume 5 of 5, held on 2/24/2023 before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/25/2023. Redacted Transcript Deadline set for 10/5/2023. Release of Transcript Restriction set for 12/4/2023. (pkm) |
| 09/04/2023 | 205 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II, Motion to Suppress Hearing held on 1/31/23 before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7)** |

| | | |
|---|---|---|
| | | **days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/25/2023. Redacted Transcript Deadline set for 10/5/2023. Release of Transcript Restriction set for 12/4/2023. (pkm) |
| 09/04/2023 | 206 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II, Hearing on Objection to Presentence Report held on 6/13/2023 before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/25/2023. Redacted Transcript Deadline set for 10/5/2023. Release of Transcript Restriction set for 12/4/2023. (pkm) |
| 09/04/2023 | 208<br>(p.2005) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Thomas Iroko Ayodele, Sentencing Hearing held on 6/13/2023 before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/25/2023. Redacted Transcript Deadline set for 10/5/2023. Release of Transcript Restriction set for 12/4/2023. (pkm) |

APPEAL,CLOSED,EXH-ADM,LC-JLH

# U.S. District Court
# Northern District of Mississippi (Oxford Division)
# CRIMINAL DOCKET FOR CASE #: 3:21-cr-00107-SA-RP-3
# Internal Use Only

Case title: USA v. Smith et al

Date Filed: 10/27/2021

Date Terminated: 06/15/2023

---

Assigned to: District Judge Sharion
Aycock
Referred to: Magistrate Judge Roy
Percy

Appeals court case number:
23-60337 US Court of Appeals - 5th
Circuit

**Defendant (3)**

**Gilbert McThunel, II**
*TERMINATED: 06/15/2023*
*also known as*
Gilbert McThunel
*TERMINATED: 06/15/2023*

represented by **FPD**
FEDERAL PUBLIC DEFENDER'S OFFICE
Northern District of Mississippi
1200 Jefferson Avenue, Suite 100
Oxford, MS 38655
(662) 236-2889
Fax: (662) 234-0428
Email: greg_park@fd.org
*TERMINATED: 11/09/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender*
*Appointment*

**Paul A. Chiniche**
Chiniche Law Firm, PLLC
Post Office Box 1202
265 North Lamar Blvd.,Suite W (South)
Oxford, MS 38655
662-234-4319
Email: pc@chinichelawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

CONSPIRACY TO DEFRAUD
THE UNITED STATES

**Disposition**

IMPRISONMENT: 121 mos. This term consists of 60
mos on Ct 1 and 121 mos on Ct 2 of the Indictment, to

23-60321.2066

(1)
be served concur.; SUPERVISED RELEASE: 5 yrs. This term consists of 3 yrs on Ct 1 and 5 yrs on Ct 2 of the Indictment, both terms to run concur.; SPECIAL ASSESSMENT: $200; RESTITUTION: $61,331.88.

MAIL, MONEY OR OTHER PROPERTY OF U.S. (2)
IMPRISONMENT: 121 mos. This term consists of 60 mos on Ct 1 and 121 mos on Ct 2 of the Indictment, to be served concur.; SUPERVISED RELEASE: 5 yrs. This term consists of 3 yrs on Ct 1 and 5 yrs on Ct 2 of the Indictment, both terms to run concur.; SPECIAL ASSESSMENT: $200; RESTITUTION: $61,331.88.

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

**Plaintiff**

| **USA** | represented by | **USA** |
| --- | --- | --- |
| | | U.S. ATTORNEY'S OFFICE |
| | | 900 Jefferson Avenue |
| | | Oxford, MS 38655 |
| | | (662) 234-3351 |
| | | Email: usamsn.ecf@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Assistant US Attorney* |
| | | |
| | | **Robert J Mims** |
| | | U.S. ATTORNEY'S OFFICE - Oxford |
| | | 900 Jefferson Avenue |
| | | Oxford, MS 38655-3608 |
| | | 662-234-3351 |
| | | Email: Robert.Mims@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Assistant US Attorney* |
| | | |
| | | **Clyde McGee , IV** |
| | | U.S. ATTORNEY'S OFFICE - Oxford |

900 Jefferson Avenue
Oxford, MS 38655-3608
662-234-3351
Email: clyde.mcgee@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

Email All Attorneys  Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 10/27/2021 | 1 | INDICTMENT as to Jamarr Smith (1) count(s) 1, 2, Thomas Iroko Ayodele (2) count(s) 1, 2, Gilbert McThunel (3) count(s) 1, 2. (Attachments: # 1 Notice of Penalties, # 2 Criminal Cover Sheet Smith, # 3 Criminal Cover Sheet Ayodele, # 4 (p.2181) Criminal Cover Sheet McThunel) (edc) (Entered: 10/28/2021) |
| 10/27/2021 | 4 (p.2181) | *SEALED* Arrest Warrant Issued by Clerk in case as to Gilbert McThunel. (edc) (Entered: 10/28/2021) |
| 11/03/2021 | | (Court only) Case unsealed as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel (jf) |
| 11/03/2021 | | (Court only) Case Unsealed and Short Title Corrected as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel (jf) |
| 11/08/2021 | | (Court only) Case unsealed as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel. (irw) |
| 11/08/2021 | | (Court only) Case Unsealed and Short Title Corrected as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel. (irw) |
| 11/08/2021 | 17 (p.2182) | CJA 23 Financial Affidavit by Gilbert McThunel. (irw) |
| 11/08/2021 | 18 | TEXT ONLY ORDER APPOINTING FPD as to Gilbert McThunel: Appointment of Attorney FPD for Gilbert McThunel. Signed by Magistrate Judge Jane M. Virden on 11/18/2021. (No document attached) (irw) |
| 11/08/2021 | 19 (p.2083) | Minute Entry for proceedings held before Magistrate Judge Jane M. Virden: Initial Appearance as to Gilbert McThunel held on 11/8/2021. No Interpreter Needed *Audio Recorded during Proceeding. Arraignment set for 11/10/2021 AT 02:30 PM in Greenville Courtroom 2 via Video Conference before Magistrate Judge Jane M. Virden. (Court Reporter Digital.) (irw) |
| 11/08/2021 | 20 (p.2084) | ORDER Setting Conditions of Release. Signed by Magistrate Judge Jane M. Virden on 11/8/2021. (irw) |
| 11/08/2021 | 21 (p.2088) | Unsecured Bond entered as to Gilbert McThunel: Amount of Bond $10,000. (irw) |
| 11/09/2021 | 23 (p.2090) | ORDER TO SUBSTITUTE ATTORNEY. Paul A. Chiniche for Gilbert McThunel replacing FPD. Signed by Magistrate Judge Jane M. Virden on 11/9/2021. (irw) |
| 11/09/2021 | 24 (p.2091) | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Gilbert McThunel. (irw) |
| 11/09/2021 | 26 | |

| | | |
|---|---|---|
| | | SCHEDULING ORDER as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel. Discovery due by 11/23/2021. Plea Agreement due by 12/20/2021. MVD Jury Trial set for 1/3/2022 09:30 AM in Oxford Courtroom 3 West before Senior Judge Neal B. Biggers. Signed by Magistrate Judge Roy Percy on 11/9/21. (rtc) |
| 11/09/2021 | 27 | NOTICE OF TRIAL as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel MVD Jury Trial set for 1/3/2022 09:30 AM in Oxford Courtroom 3 West before Senior Judge Neal B. Biggers. (kbt) |
| 11/09/2021 | 29 (p.2092) | Arrest Warrant Returned Executed on 11/8/21 in case as to Gilbert McThunel. (edc) (Entered: 11/16/2021) |
| 12/08/2021 | 33 | ORDER TO CONTINUE - Ends of Justice as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel Time excluded from 1/3/2022 until 2/28/2022., Motions terminated as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel: 32 MOTION to Continue trial filed by Thomas Iroko Ayodele.. Signed by Senior Judge Neal B. Biggers on 12/8/2021. (kbt) |
| 12/08/2021 | 34 | NOTICE OF TRIAL as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel MVD Jury Trial set for 2/28/2022 09:30 AM in Oxford Courtroom 3 West before Senior Judge Neal B. Biggers. (kbt) |
| 01/06/2022 | 35 | MOTION Request for Notice of Alibi Defense by USA as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel. (Mims, Robert) |
| 01/11/2022 | 36 | NOTICE of Alibi Defense - Request as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel (Mims, Robert) |
| 01/13/2022 | | (Court only) ***Motions terminated as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel: 35 MOTION Request for Notice of Alibi Defense filed by USA. (kbt) |
| 02/03/2022 | 40 (p.2093) | MOTION to Continue Trial Date And All Deadlines by Gilbert McThunel. (Chiniche, Paul) |
| 02/08/2022 | 41 | ORDER TO CONTINUE - Ends of Justice as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel Time excluded from 2/28/2022 until 4/11/2022., Motions terminated as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel: 40 (p.2093) MOTION to Continue Trial Date And All Deadlines filed by Gilbert McThunel.. Signed by Senior Judge Neal B. Biggers on 2/8/2022. (kbt) |
| 02/08/2022 | 42 | NOTICE OF TRIAL as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel MVD Jury Trial set for 4/11/2022 09:30 AM in Oxford Courtroom 3 West before Senior Judge Neal B. Biggers. (kbt) |
| 03/24/2022 | 44 | ORDER TO CONTINUE - Ends of Justice as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel Time excluded from 4/11/2022 until 6/6/2022., Motions terminated as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel: 43 MOTION to Continue Trial and Deadlines filed by Thomas Iroko Ayodele.. Signed by Senior Judge Neal B. Biggers on 3/24/2022. (kbt) |
| 03/24/2022 | 45 | NOTICE OF TRIAL as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel MVD Jury Trial set for 6/6/2022 09:30 AM in Oxford Courtroom 3 West before Senior Judge Neal B. Biggers. (kbt) |
| 05/04/2022 | 50 | |

| | | NOTICE OF HEARING ON MOTION in case as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel 47 MOTION to Continue Trial , 49 MOTION *for Application for Issuance of Subpoena Duces Tecum* : Motion Hearing set for 5/9/2022 01:15 PM in Oxford Courtroom 3 West before Senior Judge Neal B. Biggers. (kbt) |
|---|---|---|
| 05/05/2022 | 52 | NOTICE Cancelling, and continuing until further notice, Motion Hearing set for 5/9/2022 as to Jamarr Smith (kbt) |
| 05/05/2022 | 53 (p.2183) | (Ex Parte) Ex Parte MOTION *And Memorandum For Approval Of Proposed Budget For Expert Fees And Expenses* by Gilbert McThunel. (Chiniche, Paul) |
| 05/05/2022 | 54 (p.2188) | (Ex Parte) Ex Parte MOTION *And Memorandum For Approval Of Proposed Budget For Expert Fees And Expenses With Ex.A and Ex.B* by Gilbert McThunel. (Attachments: # 1 Exhibit A. Estimate/Statement of Work, # 2 Exhibit B. CV of Spencer McInvaille) (Chiniche, Paul) |
| 05/06/2022 | 55 | (Ex Parte) Ex Parte MOTION by Jamarr Smith as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel. (Lewis, Goodloe) Modified on 5/9/2022 (edc). |
| 05/09/2022 | | NOTICE Cancelling motion hearing set for 5/9/2022 as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel (kbt) |
| 05/09/2022 | | NOTICE Cancelling motion hearing set for 5/9/2022 as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel (kbt) |
| 05/09/2022 | | (Court only) ***Motions terminated as to Thomas Iroko Ayodele, Gilbert McThunel: 55 Ex Parte MOTION filed by Jamarr Smith ONLY. Motion initially filed as to all Defs in error. (edc) |
| 05/16/2022 | 57 | ORDER TO CONTINUE - Ends of Justice as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel Time excluded from 6/6/2022 until 8/8/2022., Motions terminated as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel: 47 MOTION to Continue Trial filed by Jamarr Smith.. Signed by Senior Judge Neal B. Biggers on 5/16/2022. (kbt) |
| 05/16/2022 | | (Court only) ***Terminate Deadlines and Hearings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel: (kbt) |
| 05/16/2022 | 58 | NOTICE OF TRIAL as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel MVD Jury Trial set for 8/8/2022 09:30 AM in Oxford Courtroom 3 West before Senior Judge Neal B. Biggers. (kbt) |
| 05/16/2022 | 59 | ORDER granting 49 Motion as to Jamarr Smith (1). Signed by Senior Judge Neal B. Biggers on 5/16/2022. (kbt) |
| 05/16/2022 | 60 | ORDER granting 54 (p.2188) Ex Parte Motion as to Gilbert McThunel (3). Signed by Senior Judge Neal B. Biggers on 5/16/2022. (kbt) |
| 05/16/2022 | | (Court only) ***Motions terminated as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel: 56 Joint Ex Parte MOTION *and Memorandum for Approval of Proposed Budget for Expert Fees and Expenses* filed by Thomas Iroko Ayodele, 55 Ex Parte MOTION filed by Jamarr Smith, 53 (p.2183) Ex Parte MOTION *And Memorandum For Approval Of Proposed Budget For Expert Fees And Expenses* filed by Gilbert McThunel. (kbt) |
| 05/18/2022 | 61 | |

| | | |
|---|---|---|
| | | MOTION to Amend/Correct *the Caption* by USA as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel. (Mims, Robert) |
| 05/18/2022 | 62 (p.2096) | ORDER granting 61 Motion to Amend/Correct the Caption as to Gilbert McThunel II (3). Signed by Magistrate Judge Roy Percy on 5/18/2022. (edc) |
| 05/25/2022 | 63 | EX PARTE EXPERT FUNDING ORDER as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re 60 Order on Ex Parte Motion. Signed by Circuit Judge for US Court of Appeals 5th Circuit Stephen A. Higginson on 5/24/2022. (edc) |
| 07/19/2022 | 66 | ORDER OF RECUSAL in case as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II. Senior Judge Neal B. Biggers recused. Case reassigned to District Judge Sharion Aycock for all further proceedings. Signed by Senior Judge Neal B. Biggers on 7/19/2022. (edc) |
| 07/21/2022 | 68 | ORDER TO CONTINUE - Ends of Justice as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II; Time excluded from 8/8/2022 until 12/5/2022. Motions now due by 11/14/2022. Plea Agreement now due by 11/21/2022. MVD Jury Trial RESET for 12/5/2022 09:40 AM in Oxford Courtroom 1 before District Judge Sharion Aycock. Signed by District Judge Sharion Aycock on 7/21/2022. (tjw) |
| 07/21/2022 | 69 | NOTICE OF TRIAL as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II: MVD Jury Trial RESET for 12/5/2022 09:40 AM in Oxford Courtroom 1 before District Judge Sharion Aycock. (tjw) |
| 07/29/2022 | 70 (p.2198) | (Ex Parte) Ex Parte MOTION */APPLICATION FOR ISSUANCE OF SUBPOENA DUCES TECUM* by Gilbert McThunel, II. (Chiniche, Paul) |
| 08/03/2022 | 71 (p.2204) | ORDER granting 70 (p.2198) Ex Parte Motion/Application for Issuance of Subpoena Duces Tecum as to Gilbert McThunel II (3). Signed by District Judge Sharion Aycock on 8/3/2022. (edc) |
| 08/03/2022 | | (Court only) ***Staff Notes as to Gilbert McThunel, II: SDT issued on today in re: 71 (p.2204) Order (edc) |
| 08/03/2022 | 72 (p.2097) | NOTICE of *Subpoena Duces Tecum to Google, LLC.* as to Gilbert McThunel, II (Chiniche, Paul) |
| 08/05/2022 | 73 (p.2102) | Certificate of Service by Gilbert McThunel, II re 72 (p.2097) Notice (Other) (Chiniche, Paul) |
| 11/08/2022 | 76 | JOINDER by Gilbert McThunel, II as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re: 74 MOTION to Suppress filed by Jamarr Smith, 75 Memorandum in Support of Motion filed by Jamarr Smith (Chiniche, Paul) |
| 11/09/2022 | 77 | NOTICE OF HEARING ON MOTION in case as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II 74 MOTION to Suppress : Motion Hearing set for 11/29/2022 10:00 AM in Oxford Courtroom 1 before District Judge Sharion Aycock. (tjw) |
| 11/09/2022 | 79 | JOINDER by Thomas Iroko Ayodele as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re: 74 MOTION to Suppress filed by Jamarr Smith, 75 Memorandum in Support of Motion filed by Jamarr Smith (Travis, William) |
| 11/10/2022 | 80 | |

| | | |
|---|---|---|
| | | RESPONSE to Motion by USA as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re 78 MOTION to Continue Trial (Mims, Robert) |
| 11/10/2022 | 81 | JOINDER by Thomas Iroko Ayodele as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re: 78 MOTION to Continue Trial filed by Jamarr Smith (Travis, William) |
| 11/10/2022 | 82 | JOINDER by Gilbert McThunel, II as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re: 78 MOTION to Continue Trial filed by Jamarr Smith (Chiniche, Paul) |
| 11/10/2022 | 83 | ORDER TO CONTINUE - Ends of Justice as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II; Time excluded from 12/5/2022 until 2/21/2023. Motions now due by 1/31/2023. Plea Agreement now due by 2/7/2023. MVD Jury Trial RESET for 2/21/2023 09:40 AM in Oxford Courtroom 1 before District Judge Sharion Aycock. Signed by District Judge Sharion Aycock on 11/10/2022. (tjw) |
| 11/10/2022 | 84 | NOTICE OF TRIAL as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II: MVD Jury Trial RESET for 2/21/2023 09:40 AM in Oxford Courtroom 1 before District Judge Sharion Aycock. (tjw) |
| 11/10/2022 | 85 | ORDER Continuing Hearing set for 11/29/2022 as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re 74 MOTION to Suppress filed by Jamarr Smith until further Order of the Court. Hearing will be reset by separate notice. Signed by District Judge Sharion Aycock on 11/10/2022. (tjw) |
| 11/10/2022 | 86 | NOTICE OF HEARING ON MOTION in case as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II 74 MOTION to Suppress : Motion Hearing RESET for 1/17/2023 01:30 PM in Oxford Courtroom 1 before District Judge Sharion Aycock. (tjw) |
| 11/15/2022 | 87 | RESPONSE to Motion by USA as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re 74 MOTION to Suppress (Mims, Robert) |
| 11/15/2022 | 88 | NOTICE OF CONVENTIONAL FILING of Exhibit A (Response to Mtn to Suppress) by Robert J. Mims on behalf of USA. (Mims, Robert) |
| 11/15/2022 | | Exhibit A to 87 RESPONSE to Motion received and placed on shelf in clerk's office Oxford. (jwr) |
| 11/17/2022 | 90 | ORDER granting 89 Motion for Extension of Time to File Reply. Signed by District Judge Sharion Aycock on 11/17/22. (sko) |
| 01/02/2023 | 92 (p.2104) | MOTION /Joinder To Rebuttal Memorandum Of Authorities In Support Of Motion To Suppress [Doc.91] by Gilbert McThunel, II. (Chiniche, Paul) |
| 01/03/2023 | | (Court only) Motions No Longer Referred as to Gilbert McThunel, II: 92 (p.2104) MOTION /Joinder To Rebuttal Memorandum Of Authorities In Support Of Motion To Suppress [Doc.91] (rtc) |
| 01/03/2023 | | (Court only) ***Motions terminated as to Gilbert McThunel, II: 92 (p.2104) MOTION /Joinder To Rebuttal Memorandum Of Authorities In Support Of Motion To Suppress [Doc.91] filed by Gilbert McThunel, II. (edc) |
| 01/05/2023 | 93 | JOINDER *to Rebuttal Memorandum of Authorities in Support of Motion to Suppress* by Thomas Iroko Ayodele as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re: 91 Memorandum in Support of Motion filed by Jamarr Smith |

| | | (Travis, William) |
|---|---|---|
| 01/05/2023 | 94 (p.2106) | MOTION to Continue Hearing on Motion To Suppress by Gilbert McThunel, II. (Chiniche, Paul) |
| 01/06/2023 | 95 (p.2108) | ORDER granting 94 (p.2106) Motion to Continue Hearing on Motion to Suppress as to Gilbert McThunel II (3). Signed by District Judge Sharion Aycock on 1/6/2023. Hearing will be reset by separate notice. (tjw) |
| 01/06/2023 | 96 | NOTICE OF HEARING ON MOTION in case as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II 74 MOTION to Suppress : Motion Hearing RESET for 1/31/2023 10:00 AM in Oxford Courtroom 1 before District Judge Sharion Aycock. (tjw) |
| 01/30/2023 | 97 | STANDING ORDER in re: The Novel Coronavirus (COVID-19), Addendum on Juror Vaccinations. Signed by the United States District Judges for the Northern District of Mississippi on 5/3/2021. (tjw) |
| 01/31/2023 | 98 | Minute Entry for proceedings held before District Judge Sharion Aycock: Motion Hearing as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II held on 1/31/2023 re 74 MOTION to Suppress filed by Jamarr Smith --Exhibits Admitted. Order to follow. (Court Reporter Phyllis McLarty.) (tjw) (Entered: 02/01/2023) |
| 01/31/2023 | 99 | WITNESS LIST - Hearing on Motion to Suppress 74 held 1/31/2023. (tjw) (Entered: 02/01/2023) |
| 01/31/2023 | 100 | EXHIBIT LIST - Hearing on Motion to Suppress 74 held 1/31/2023. (tjw) (Entered: 02/01/2023) |
| 01/31/2023 | 101 | EXHIBITS - Hearing on Motion to Suppress 74 held 1/31/2023 as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II (Attachments: # 1 Government Exhibit G-2, # 2 Government Exhibit G-3, # 3 Government Exhibit G-4a, # 4 (p.2181) Government Exhibit G-4b; Government Exhibit G-1 USB/Wallet Drive located in Amory Clerk's Office) (tjw) Modified on 2/1/2023 (tw). Modified on 2/1/2023 (jla). (Entered: 02/01/2023) |
| 02/01/2023 | 102 | NOTICE OF ATTORNEY APPEARANCE Clyde McGee, IV appearing for USA. (McGee, Clyde) |
| 02/01/2023 | | (Court only) ***Staff Notes as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II: RESTRICTED Exhibit G-1 USB/Wallet Drive from 1/31/23 Hearing located in Amory Clerk's Office (see docket 101 ) (jla) |
| 02/02/2023 | 103 | TRANSCRIPT REQUEST by USA as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II for proceedings held on 1/31/2023 before Judge Aycock. (Mims, Robert) |
| 02/03/2023 | 104 | TRANSCRIPT REQUEST by Jamarr Smith as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II for proceedings held on 1/31/2023 before Judge Aycock. (Lewis, Goodloe) |
| 02/10/2023 | 105 | ORDER denying 74 Motion to Suppress as to Jamarr Smith (1). Signed by District Judge Sharion Aycock on 02/10/2023. (nml) |
| 02/14/2023 | 106 | MOTION in Limine *as to Expert Testimony by Non-Designated Experts* by Jamarr Smith as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II. (Attachments: # 1 Exhibit A- Moody designation) (Lewis, Goodloe) |

| 02/14/2023 | 107 | MOTION in Limine *as to Interpretation of Videos* by Jamarr Smith as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II. (Lewis, Goodloe) |
|---|---|---|
| 02/14/2023 | 108 | MOTION in Limine *as to Prejudicial Photographs* by Jamarr Smith as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II. (Lewis, Goodloe) |
| 02/14/2023 | 109 | TRANSCRIPT REQUEST by USA as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II for proceedings held on 1/31/2023 before Judge Aycock. (Mims, Robert) |
| 02/15/2023 | 110 (p.2109) | JOINDER by Gilbert McThunel, II re: 106 MOTION in Limine *as to Expert Testimony by Non-Designated Experts* filed by Jamarr Smith (Chiniche, Paul) |
| 02/15/2023 | 111 (p.2111) | JOINDER by Gilbert McThunel, II re: 107 MOTION in Limine *as to Interpretation of Videos* filed by Jamarr Smith (Chiniche, Paul) |
| 02/16/2023 | 112 | JOINDER *in Motion in Limine as to Expert Testimony by Non-Designated Experts* by Thomas Iroko Ayodele as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re: 106 MOTION in Limine *as to Expert Testimony by Non-Designated Experts* filed by Jamarr Smith (Travis, William) |
| 02/16/2023 | 113 | JOINDER *in Motion in Limine as to Interpretation of Videos* by Thomas Iroko Ayodele as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re: 107 MOTION in Limine *as to Interpretation of Videos* filed by Jamarr Smith (Travis, William) |
| 02/16/2023 | 114 | JOINDER *in Motion in Limine as to Pretjudicial Photographs* by Thomas Iroko Ayodele as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re: 108 MOTION in Limine *as to Prejudicial Photographs* filed by Jamarr Smith (Travis, William) |
| 02/16/2023 | 115 | RESPONSE to Motion by USA as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re 108 MOTION in Limine *as to Prejudicial Photographs* (Mims, Robert) |
| 02/16/2023 | 116 | RESPONSE to Motion by USA as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re 107 MOTION in Limine *as to Interpretation of Videos* (Mims, Robert) |
| 02/16/2023 | 117 | RESPONSE to Motion by USA as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re 106 MOTION in Limine *as to Expert Testimony by Non-Designated Experts* (Mims, Robert) |
| 02/17/2023 | 118 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II, Testimony of Todd Matney, Excerpt from Motion to Suppress Hearing held on 1/31/2023 before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript.  If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.** |

| | | |
|---|---|---|
| | | Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/10/2023. Redacted Transcript Deadline set for 3/20/2023. Release of Transcript Restriction set for 5/18/2023. (pkm) |
| 02/17/2023 | <u>119</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II, Testimony of Stephen Mathews, Excerpt from Motion to Suppress Hearing held on 1/31/23 before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/10/2023. Redacted Transcript Deadline set for 3/20/2023. Release of Transcript Restriction set for 5/18/2023. (pkm) |
| 02/17/2023 | <u>120</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II, Testimony of Spencer McInvaille, Excerpt from Motion to Suppress Hearing held on 1/31/23 before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/10/2023. Redacted Transcript Deadline set for 3/20/2023. Release of Transcript Restriction set for 5/18/2023. (pkm) |
| 02/21/2023 | <u>121</u> | ORDER terminating <u>106</u> Motion in Limine; <u>107</u> Motion in Limine; <u>108</u> Motion in Limine. Signed by District Judge Sharion Aycock on 02/21/2023. (nml) |
| 02/21/2023 | | |

| | | |
|---|---|---|
| | | Minute Entry for proceedings held before District Judge Sharion Aycock: Voir Dire conducted; jury impaneled. Trial began on 2/21/2023 as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II. (Court Reporter Phyllis McLarty.) (tjw) (Entered: 02/22/2023) |
| 02/21/2023 | | Jury Impaneled as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II. (tjw) (Entered: 02/22/2023) |
| 02/22/2023 | | (Court only) ***Staff Notes as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II: Exhibit from Suppression Hearing held 1/31/2023 (see Doc 101 ) transferred to Oxford Clerk's Office (jla) |
| 02/22/2023 | 122 | Minute Entry for proceedings held before District Judge Sharion Aycock: Jury Trial as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II held on 2/22/2023 --Exhibits Admitted. Trial to resume on 2/23/2023. (Court Reporter Phyllis McLarty.) (tjw) (Entered: 02/23/2023) |
| 02/23/2023 | 123 | Minute Entry for proceedings held before District Judge Sharion Aycock: Jury Trial as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II held on 2/23/2023 --Exhibits Admitted. Trial to resume on 2/24/2023. (Court Reporter Phyllis McLarty.) (tjw) (Entered: 02/24/2023) |
| 02/24/2023 | 125 | Minute Entry for proceedings held before District Judge Sharion Aycock: Jury Trial as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II completed on 2/24/2023. (Court Reporter Phyllis McLarty.) (tjw) (Entered: 02/27/2023) |
| 02/24/2023 | 126 | WITNESS LIST - Jury Trial held 2/21/2023 to 2/24/2023 as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II. (tjw) (Entered: 02/27/2023) |
| 02/24/2023 | 127 | EXHIBIT LIST - Jury Trial held 2/21/2023 to 2/24/2023 as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II. Exhibits located in the Amory Clerk's Office. (tjw) (Entered: 02/27/2023) |
| 02/24/2023 | 128 | Jury Instructions - GIVEN - Jury trial held 2/21/2023 to 2/24/2023 as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II (tjw) (Entered: 02/27/2023) |
| 02/24/2023 | 130 | Jury Instructions - WITHDRAWN - Jury Trial held 2/21/2023 to 2/24/2023 as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II. (tjw) (Entered: 02/27/2023) |
| 02/24/2023 | 131 | Jury Note and Written Response from the Court - Jury Trial held 2/21/2023 to 2/24/2023 as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II. (tjw) (Entered: 02/27/2023) |
| 02/24/2023 | 132 | JURY VERDICT as to Jamarr Smith (1) Guilty on Count 1,2 and Thomas Iroko Ayodele (2) Guilty on Count 1,2 and Gilbert McThunel II (3) Guilty on Count 1,2. (tjw) (Entered: 02/27/2023) |
| 02/27/2023 | 129 (p.2113) | MOTION for Bond *Pending Sentencing* by Gilbert McThunel, II. (Chiniche, Paul) |
| 02/27/2023 | 137 (p.2115) | ORDER SETTING SENTENCING AND DEADLINES as to Gilbert McThunel, II. Signed by District Judge Sharion Aycock on 2/27/2023. (tjw) |
| 02/27/2023 | 138 (p.2117) | NOTICE OF HEARING as to Gilbert McThunel, II: Sentencing set for 5/30/2023 02:30 PM in Oxford Courtroom 1 before District Judge Sharion Aycock. (tjw) |

| | | |
|---|---|---|
| 03/01/2023 | | (Court only) ***Staff Notes as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II: Exhibits from Trial transferred to Oxford Clerk's Office (edc) |
| 03/01/2023 | <u>142</u> <u>(p.2118)</u> | MOTION for Acquittal by Gilbert McThunel, II. (Chiniche, Paul) |
| 03/01/2023 | <u>143</u> <u>(p.2120)</u> | MOTION for New Trial by Gilbert McThunel, II. (Chiniche, Paul) |
| 03/08/2023 | <u>146</u> | RESPONSE to Motion by USA as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II re 140 MOTION for New Trial , <u>142 (p.2118)</u> MOTION for Acquittal , 141 MOTION for Acquittal , <u>143 (p.2120)</u> MOTION for New Trial , 145 MOTION for Acquittal *or in the alternative* MOTION for New Trial (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4 (p.2181)</u> Exhibit D) (Mims, Robert) |
| 03/20/2023 | <u>147</u> | ORDER denying 124 Motion for Bond as to Jamarr Smith (1); denying 139 Motion for Bond as to Thomas Iroko Ayodele (2); denying <u>129 (p.2113)</u> Motion for Bond as to Gilbert McThunel II (3). Signed by Magistrate Judge Roy Percy on 3/20/23. (rtc) |
| 03/20/2023 | <u>148</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II, Testimony of Christopher Moody, Excerpt from Jury Trial on 2/23/23, before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript.  If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/10/2023. Redacted Transcript Deadline set for 4/20/2023. Release of Transcript Restriction set for 6/20/2023. (pkm) |
| 03/29/2023 | <u>149</u> | ORDER denying Motion 140 ; Motion 141 ; Motion <u>142 (p.2118)</u> ; Motion <u>143</u> <u>(p.2120)</u> ; Motion 145 . Signed by District Judge Sharion Aycock on 03/29/2023. (nml) |
| 05/09/2023 | <u>152</u> <u>(p.2150)</u> | OBJECTION to the Presentence Investigation Report (Chiniche, Paul) |
| 05/12/2023 | <u>156</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II, Testimony of Sylvester Cobbs - Excerpt from Jury Trial, held on 2/22/2023 before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this** |

| | | |
|---|---|---|
| | | **transcript.  If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/2/2023. Redacted Transcript Deadline set for 6/12/2023. Release of Transcript Restriction set for 8/10/2023. (pkm) |
| 05/16/2023 | 157 (p.2205) | SENTENCING MEMORANDUM (Chiniche, Paul) |
| 05/25/2023 | 164 | TRANSCRIPT REQUEST by USA as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II for proceedings held on 2/22/2023 before Judge Aycock. (Mims, Robert) |
| 05/30/2023 | 167 (p.2122) | NOTICE Continuing Sentencing hearing set for May 30, 2023, as to Gilbert McThunel, II. Sentencing hearing will be reset by separate notice. (tjw) |
| 05/31/2023 | 170 | NOTICE OF HEARING as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II: Hearing on Defendant Jamarr Smith's and Gilbert McThunel II's Objection to the Presentence Investigation Report [151, 152] and Joinder of Defendant Thomas Iroko Ayodele to the Objection to the Presentence Investigation Report 153 set for 6/13/2023 01:30 PM in Oxford Courtroom 1 before District Judge Sharion Aycock. (tjw) |
| 05/31/2023 | 173 (p.2123) | NOTICE OF HEARING as to Gilbert McThunel, II: Sentencing RESET for 6/13/2023 04:00 PM in Oxford Courtroom 1 before District Judge Sharion Aycock. (tjw) |
| 06/13/2023 | 178 (p.2158) | *SEALED* Presentence Report with Addendum as to Gilbert McThunel, II: (Sealed) (ahf) |
| 06/13/2023 | 179 | Minute Entry for proceedings held before District Judge Sharion Aycock: Hearing as to Defendant Jamarr Smith's and Gilbert McThunel, II's, Objection to the Presentence Investigation Report [151, 152] and Joinder of Defendant Thomas Iroko Ayodele to the Objection to the Presentence Investigation Report as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II held on 6/13/2023 --Exhibit Admitted. (Court Reporter Phyllis McLarty.) (tjw) (Entered: 06/14/2023) |
| 06/13/2023 | 180 | EXHIBIT LIST - Hearing as to Defendant Jamarr Smith's and Gilbert McThunel, II's Objection to Presentence Investigation Report [151, 152] and Defendant Thomas Iroko Ayodele's Joinder to the Objection to the Presentence Investigation Report held on 6/13/2023 by Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II. (tjw) (Entered: 06/14/2023) |
| 06/13/2023 | 181 | EXHIBIT - Hearing as to Defendant Jamarr Smith's and Gilbert McThunel, II's Objection to the Presentence Investigation Report [151, 152] and Defendant Thomas Iroko Ayodele's Joinder to the Objection to the Presentence Investigation Report 153 held on 6/13/2023 by Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II (Attachments: # 1 Exhibit D-1) (tjw) (Entered: 06/14/2023) |
| 06/13/2023 | 184 (p.2124) | Minute Entry for proceedings held before District Judge Sharion Aycock: Sentencing as to Gilbert McThunel, II held on 6/13/2023. Defendant remanded to |

| | | |
|---|---|---|
| | | the custody of the U.S. Marshal. Final Judgment to follow. (Court Reporter Phyllis McLarty.) (tjw) (Entered: 06/14/2023) |
| 06/15/2023 | 188 (p.2177) | Statement of Reasons as to Gilbert McThunel, II (Restricted). (tjw) |
| 06/15/2023 | 191 (p.2125) | JUDGMENT as to Gilbert McThunel, II (3), Count(s) 1, 2, IMPRISONMENT: 121 mos. This term consists of 60 mos on Ct 1 and 121 mos on Ct 2 of the Indictment, to be served concur.; SUPERVISED RELEASE: 5 yrs. This term consists of 3 yrs on Ct 1 and 5 yrs on Ct 2 of the Indictment, both terms to run concur.; SPECIAL ASSESSMENT: $200; RESTITUTION: $61,331.88.  DATE OF ENTRY 6/15/2023 . Signed by District Judge Sharion Aycock on 6/15/2023. (edc) |
| 06/20/2023 | 194 (p.2132) | NOTICE OF APPEAL by Gilbert McThunel, II re 191 (p.2125) Judgment, Transcript Order Form to appellant available electronically ( Transcript Order Form ) or by U.S. Mail as appropriate. (Chiniche, Paul) |
| 06/20/2023 | | (Court only) ***Staff Notes as to Gilbert McThunel, II: EDC Appeal. (edc) |
| 06/23/2023 | | USCA Case Number 23-60337 as to Gilbert McThunel, II for 194 (p.2132) Notice of Appeal - Final Judgment. (edc) |
| 07/05/2023 | 198 (p.2134) | TRANSCRIPT REQUEST by Gilbert McThunel, II for proceedings held on 1/31/2023; 2/21/2023 via 2/24/2023; 6/13/2023 before Judge Sharion Aycock, re USCA Case Number, 194 (p.2132) Notice of Appeal - Final Judgment, Transcript due by 8/4/2023. (Chiniche, Paul) |
| 09/04/2023 | 200 | Sealed Transcript of Voir Dire Proceedings held on 2/21/2023, before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017. (pkm) |
| 09/04/2023 | 201 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II, Transcript of Jury Trial, Volume 2 of 5, held on 2/21/2023 before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript.  If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/25/2023. Redacted Transcript Deadline set for 10/5/2023. Release of Transcript Restriction set for 12/4/2023. (pkm) |
| 09/04/2023 | 202 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II, Transcript of Jury Trial, Volume 3 of 5, held on 2/22/2023 before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/25/2023. Redacted Transcript Deadline set for 10/5/2023. Release of Transcript Restriction set for 12/4/2023. (pkm) |
| 09/04/2023 | <u>203</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II, Transcript of Jury Trial, Volume 4 of 5, held on 2/23/2023 before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/25/2023. Redacted Transcript Deadline set for 10/5/2023. Release of Transcript Restriction set for 12/4/2023. (pkm) |
| 09/04/2023 | <u>204</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II, Transcript of Jury Trial, Volume 5 of 5, held on 2/24/2023 before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/25/2023. Redacted Transcript Deadline set for 10/5/2023. Release of |

| | | Transcript Restriction set for 12/4/2023. (pkm) |
|---|---|---|
| 09/04/2023 | 205 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II, Motion to Suppress Hearing held on 1/31/23 before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript.  If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/25/2023. Redacted Transcript Deadline set for 10/5/2023. Release of Transcript Restriction set for 12/4/2023. (pkm) |
| 09/04/2023 | 206 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Jamarr Smith, Thomas Iroko Ayodele, Gilbert McThunel, II, Hearing on Objection to Presentence Report held on 6/13/2023 before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript.  If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/25/2023. Redacted Transcript Deadline set for 10/5/2023. Release of Transcript Restriction set for 12/4/2023. (pkm) |
| 09/04/2023 | 209 (p.2136) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings as to Gilbert McThunel, II, Sentencing Hearing held on 6/13/2023 before Judge Sharion Aycock. Court Reporter/Transcriber Phyllis K. McLarty, Telephone number 662-369-1017.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript.  If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The Policy is located on our website at www.msnd.uscourts.gov.** |

| | | Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/25/2023. Redacted Transcript Deadline set for 10/5/2023. Release of Transcript Restriction set for 12/4/2023. (pkm) |
|---|---|---|

TAB 2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

VS.                                            CRIMINAL NO.: 3:21-CR-107-NBB-RP

JAMARR SMITH, ET AL.

## **NOTICE OF APPEAL**

COMES NOW, the Defendant, Jamarr Smith, by and through counsel, and files this, his

Notice of Appeal to the United States Court of Appeals for the Fifth Circuit of the District

Court's Judgment [189] signed by Senior United States District Court Judge Sharion Aycock on

June 15, 2022.

DATED:  June 16, 2023.


RESPECTFULLY SUBMITTED,

JAMARR SMITH

HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000 telephone
(662) 234-2000 facsimile
glewis@hickmanlaw.com


BY:  _/s/ Goodloe T. Lewis_____
GOODLOE T. LEWIS, MSB # 9889

## CERTIFICATE OF SERVICE

I, GOODLOE T. LEWIS, attorney for Defendant, JAMARR SMITH, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

This the 16th day of June, 2023.

/s/ *Goodloe T. Lewis*
GOODLOE T. LEWIS

TAB 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

VS.                                                    Criminal Case No: 3:21-CR-107

GILBERT MCTHUNEL II, et al.

## NOTICE OF APPEAL

COMES NOW, the Defendant, GILBERT MCTHUNEL II ("Mr. McThunel"), by and through counsel, and files his Notice Of Appeal to the United States Court of Appeals For the Fifth Circuit of the District Court's Judgment [**Doc. 191**] signed by United States District Court Judge Sharion Aycock on June 15, 2023.

RESPECTFULLY SUBMITTED, on this the 20th day of June, 2023

GILBERT MCTHUNEL, II, Defendant

BY:     */s/ Paul Chiniche*
        Paul Chiniche (MSB#101582)
        CHINICHE LAW FIRM, PLLC.
        Post Office Box 1202
        Oxford, Mississippi 38655
        Tel: 662-234-4319
        Email: pc@chinichelawfirm.com

CERTIFICATE OF SERVICE

     I, PAUL CHINICHE, attorney for the Defendant, GILBERT MCTHUNEL, II, in the above and foregoing action, do hereby certify that I have electronically filed the above and foregoing with the Clerk of the United States District Court using the ECF system which sent notification of such filing to the following:

     Robert Mims, AUSA
     Email: robert.mims@usdoj.gov

     Goodloe Lewis, Esq.
     Email: glewis@hickmanlaw.com
     (Counsel for Defendant Jamarr Smith)

     William F. Travis, Esq.
     Email: bill@southavenlaw.com
     (Counsel for Defendant Thomas Iroko Ayodele)

     SO CERTIFIED this the 20th day of June, 2023.


                                 */s/ Paul Chiniche*
                                 PAUL CHINICHE

TAB 4

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

VS.                                                    CAUSE NO. CR3:21CR00107

THOMAS IROKO AYODELE

## NOTICE OF APPEAL

COMES NOW, the Defendant, Thomas Iroko Ayodele, by and through counsel, and files this, his

Notice of Appeal to the United States Court of Appeals, for the Fifth Circuit of the District Court's Judgment

[190] signed by Senior United States District Court Judge Sharion Aycock on June 15, 2023.  Ayodele

would further show that he is indigent and requests that he be allowed to proceed *in forma pauperis* with

the continued services of an appointed counsel.

This the 21st day of June, 2023.

Respectfully submitted,

/s/ William F. Travis
**William F. Travis, MSB 8267**
**Attorney for Defendant**
**8619 Highway 51 N.**
**Southaven, MS 38671**
**(662)393-9295**

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, do hereby certify that a true and correct copy of the foregoing NOTICE OF APPEAL has this day been electronically mailed to:

Honorable Robert Mims
robert.mims@usdoj.gov

Honorable Clyde McGee, IV
clyde.mcgee@usdoj.gov

**THIS**, the 21st day of June, 2023.

/s/ William F. Travis_____
William F. Travis, Certifying Attorney

TAB 5

FILED

OCT 27 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                                          CRIMINAL NO. 3:21-CR- 107

JAMARR SMITH, THOMAS IROKO AYODELE aka "ROKO,"          18 U.S.C. § 371
and GILBERT MCTHUNEL                                     18 U.S.C. § 2114(a)
                                                        18 U.S.C. § 2

**INDICTMENT**

The Grand Jury Charges that:

**COUNT ONE**

On or about February 5, 2018, in the Northern District of Mississippi and elsewhere, the

defendants, JAMARR SMITH, THOMAS IROKO AYODELE, and GILBERT MCTHUNEL, did

knowingly and willfully conspire with each other and other persons, both known and unknown to

the grand jury, to rob Sylvester Cobbs, a person having lawful charge, control, and custody of any

mail matter, money, and other property of the United States, of such mail matter, money, and

property, and in doing so, to put Sylvester Cobb's life in jeopardy by the use of a dangerous

weapon, in violation of Title 18, United States Code, Section 2114(a).

**Manner and Means of the Conspiracy**

The Lake Cormorant Post Office is located in Lake Cormorant, Mississippi, in DeSoto

County. The Lake Cormorant Post Office is open in the mornings, closing to the public at

approximately noon. Sylvester Cobbs is a contract carrier for the U.S. Postal Service who would

run a route in the afternoons collecting mail from U.S. Post Offices in and near Tunica and DeSoto

Counties to take to Memphis for distribution through the U.S. Postal Service. One of the stops

Cobbs would make in the late afternoons was at the Lake Cormorant Post Office, where he would

use his key to enter the side or back door of the post office to collect the mail bags that were to be

delivered to the Memphis Distribution Center.

The bags of mail collected by Cobbs along his route included the registered mail bags. In addition to registered mail, the registered mail bags contain the cash receipts collected by the Postal Service from the sale of items such as postal money orders, stamps, etc. By the time Cobbs stops at Lake Cormorant, he has already collected the registered mail bags from three other post offices along his route.

It was part of the conspiracy that JAMARR SMITH, THOMAS IROKO AYODELE, and GILBERT MCTHUNEL did make plans to rob Sylvester Cobbs when he made his daily stop at the Lake Cormorant Post Office. JAMARR SMITH's girlfriend was, at the time, an employee of the U.S. Postal Service, working at the Robinsonville, Mississippi, Post Office, which was one of the stops along Cobbs' route. Accordingly, she would know of Cobbs' routine and she would also know that cash collected by the Postal Service was placed in the registered mail bags for delivery to the Memphis Distribution Center. SMITH, AYODELE, and MCTHUNEL made plans to ambush Cobbs when he made his daily stop at the Lake Cormorant Post Office, wherein one of the defendants, believed to be GILBERT MCTHUNEL, would use a pistol to rob Cobbs through means of force, violence, and intimidation, and take the registered mail bags from Cobbs' truck. Other defendants, believed to be THOMAS IROKO AYODELE and JAMARR SMITH, would drop MCTHUNEL off at the Lake Cormorant Post Office prior to the robbery and pick him up after the robbery, and would follow Cobbs along his route conducting surveillance of Cobbs before Cobbs arrived at the Lake Cormorant Post Office and conducting surveillance of the surrounding area during the robbery.

### Overt Acts

In furtherance of the conspiracy and to effect the objects of the conspiracy, the following

overt acts, among others, were caused and committed on or about the dates alleged below in the Northern District of Mississippi and elsewhere, by at least one of the co-conspirators herein:

      a.      On or about February 5, 2018, one of the defendants, believed to be THOMAS IROKO AYODELE, driving a white GMC Yukon XL, dropped off GILBERT MCTHUNEL at or near the Lake Cormorant Post Office for the purpose of executing the plan set forth herein.

      b.      On or about February 5, 2018, one of the defendants, believed to be GILBERT MCTHUNEL, used a pistol to rob Sylvester Cobbs at gunpoint at the Lake Cormorant Post Office, taking three registered mail bags from the truck driven by Cobbs.

      c.      On or about February 5, 2018, one of the defendants, believed to be JAMARR SMITH, driving a red Hyundai Sonata, conducted surveillance in the area of the robbery.

All in violation of Title 18, United States Code, Section 371.

### COUNT TWO

On or about February 5, 2018, in the Northern District of Mississippi and elsewhere, the defendants, JAMARR SMITH, THOMAS IROKO AYODELE, and GILBERT MCTHUNEL, aided and abetted by each other and by others known and unknown to the grand jury, did rob Sylvester Cobbs, a person having lawful charge, control, and custody of any mail matter, money, and other property of the United States, of such mail matter, money, and property, and in doing so, did put Sylvester Cobb's life in jeopardy by the use of a dangerous weapon, all in violation of Title 18, United States Code, Sections 2114(a) and 2.

                                        **A TRUE BILL**

                                 */s/ Redacted signature*

**CLAY JOYNER**                            **FOREPERSON**
**ACTING UNITED STATES ATTORNEY**

23-60321.20

FILED

OCT 27 2021

DAVID CREWS, CLERK
BY_____
                Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                                        CRIMINAL NO. 3:21-CR- 107

JAMARR SMITH, THOMAS IROKO AYODELE aka "ROKO,"        18 U.S.C. § 371
and GILBERT MCTHUNEL                                  18 U.S.C. § 2114(a)
                                                      18 U.S.C. § 2

### NOTICE OF PENALTIES

Count One – 18 U.S.C. § 371
-NMT 5 years imprisonment – 18 U.S.C. § 371;
-NMT $250,000 fine – 18 U.S.C. § 3571(b)(3);
-NMT 3 years supervised release – 18 U.S.C. § 3583(b)(2);
-$100 special assessment – 18 U.S.C. § 3013.

Count Two – 18 U.S.C. § 2114(a)
-NMT 25 years imprisonment – 18 U.S.C. § 2114(a);
-NMT $250,000 fine – 18 U.S.C. § 3571(b)(3);
-NMT 5 years supervised release – 18 U.S.C. § 3583(b)(1);
-$100 special assessment – 18 U.S.C. § 3013.

FILED

OCT 2 7 2021

DAVID CREWS, CLERK
BY _____
         Deputy

# CRIMINAL CASE COVER SHEET                    U.S. DISTRICT COURT

                                               Complete entire form

**Place of Offense:**                          **Related Case Information:**

City Lake Cormorant                    Superseding Indictment _____ Case Number _____

County Desoto                          Same Defendant _____ New Defendant _____

                                       Magistrate Judge Case Number _____

                                       Search Warrant Case Number _____

                                       R20/R40 from District of _____

                                       Related Criminal Case Number _____

**Defendant Information:**

Juvenile:    ☐ Yes    ☑ No          If yes, Matter to be sealed:    ☐ Yes    ☐ No

Defendant Name Jamarr Smith _____

Alias Name Jamarr Vontay Smith; Jamar Smith; Jamarr V. Smith; Jamarr Smith

Address Batesville, MS _____

DOB ___ 1984 ___ SS# ***-**-5792 Sex __M__ Race __B__ Nationality _____

Represented by: _____

Interpreter: ☐ Yes    ☑ No        List Language and/or dialect: _____

**Location Status:**

Arrest Date _____

☐ Already in Federal Custody as of _____ (Date) in _____ (Location)
☐ Already in State Custody
☐ On Pretrial Release

**U.S.C. Citations**

Total # of Counts _____ 2 _____    ☐ Petty    ☐ Misdemeanor    ☑ Felony

| Title & Section | Description of Offense Charged | Count(s) |
|---|---|---|
| Set 1 18.371.F | Conspiracty to defraud the US | 1 |
| Set 2 18.2114.F | Mail, money or other property of US | 2 |
| Set 3 _____ | _____ | _____ |
| Set 4 _____ | _____ | _____ |

**U.S. Attorney Information:**   AUSA Robert J. Mims _____   Bar # ___ 9913 ___

Date: 10-26-21 _____    Signature of AUSA _____

**District Court Case Number:**
   (To be entered by Clerk)            3:21 CR107

23-60321.22

FILED

OCT 27 2021

DAVID CREWS, CLERK
BY

# CRIMINAL CASE COVER SHEET

**U.S. DISTRICT COURT**

Complete entire form

**Place of Offense:**

City Lake Cormorant

County Desoto

**Related Case Information:**

Superseding Indictment _____ Case Number _____

Same Defendant _____ New Defendant _____

Magistrate Judge Case Number _____

Search Warrant Case Number _____

R20/R40 from District of _____

Related Criminal Case Number _____

**Defendant Information:**

Juvenile:   ☐ Yes   ☑ No      If yes, Matter to be sealed:   ☐ Yes   ☐ No

Defendant Name Thomas Iroko Ayodele

Alias Name "Roko"; Thomas Iroko; Iroko Ayodele; Iroko T. Ayodele

Address Batesville, MS

DOB ___1982___ SS# ***-**-1352 Sex ___M___ Race ___B___ Nationality _____

Represented by: _____

Interpreter: ☐ Yes   ☑ No      List Language and/or dialect: _____

**Location Status:**

Arrest Date _____

☐ Already in Federal Custody as of _____ (Date) in _____ (Location)
☐ Already in State Custody
☐ On Pretrial Release

**U.S.C. Citations**

Total # of Counts ___2___      ☐ Petty   ☐ Misdemeanor   ☑ Felony

| Title & Section | Description of Offense Charged | Count(s) |
|---|---|---|
| Set 1 18.371.F | Conspiracy to defraud the US | 1 |
| Set 2 18.2114.F | Mail, money or other property of US | 2 |
| Set 3 | | |
| Set 4 | | |

**U.S. Attorney Information:** AUSA Robert J. Mims      Bar # 9913

Date: 10-26-21      Signature of AUSA _[signature]_

**District Court Case Number:**
  (To be entered by Clerk) 3:21 CR 107

FILED

OCT 2 7 2021
DAVID CREWS, CLERK
BY

# CRIMINAL CASE COVER SHEET

## U.S. DISTRICT COURT
**Complete entire form**

**Place of Offense:**

City Lake Cormorant

County Desoto

**Related Case Information:**

Superseding Indictment _____ Case Number _____

Same Defendant _____ New Defendant _____

Magistrate Judge Case Number _____

Search Warrant Case Number _____

R20/R40 from District of _____

Related Criminal Case Number _____

**Defendant Information:**

Juvenile:     ☐ Yes    ☑ No          If yes, Matter to be sealed:    ☐ Yes    ☐ No

Defendant Name Gilbert McThunel

Alias Name Gilbert McThunel, II

Address Batesville, MS

DOB ___1985___ SS# ***-**-6449 Sex __M__ Race __B__ Nationality _____

Represented by: _____

Interpreter: ☐ Yes    ☑ No          List Language and/or dialect: _____

**Location Status:**

Arrest Date _____

☐ Already in Federal Custody as of _____ (Date) in _____ (Location)
☐ Already in State Custody
☐ On Pretrial Release

**U.S.C. Citations**

Total # of Counts _____2_____          ☐ Petty    ☐ Misdemeanor    ☑ Felony

| Title & Section | Description of Offense Charged | Count(s) |
|---|---|---|
| Set 1 18.371.F | Conspiracy to defraud the US | 1 |
| Set 2 18.2114.F | Mail, money or other property of US | 2 |
| Set 3 _____ | _____ | _____ |
| Set 4 _____ | _____ | _____ |

**U.S. Attorney Information:** AUSA Robert J. Mims          Bar # ___9913___

Date: 10-26-21          Signature of AUSA _____

**District Court Case Number:**
   (To be entered by Clerk)          3:21 CR 107

23-60321.24

TAB 6

**Jury Verdict [132] not available in electronic record**

TAB 7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA

v.                                              CRIMINAL CASE NO. 3:21-cr-107-SA

JAMARR SMITH, THOMAS AYODELE,
and GILBERT MCTHUNEL                                      DEFENDANTS

ORDER AND MEMORANDUM OPINION

On November 4, 2022, Jamarr Smith filed a Motion to Suppress [74]. Thomas Ayodele

and Gilbert McThunel filed Joinders to the Motion [74]. *See* [76, 79]. The Defendants seek to

suppress all evidence derived from the November 2018 geofence warrant which was used to

identify them as suspects of a robbery that took place in February 2018. The Court held a hearing

on the Motion [74] on January 31, 2023. Having considered the evidence presented at the

suppression hearing, as well as the parties' filings and applicable authorities, the Court is prepared

to rule.

*Factual Background*

The parties agree as to many of the underlying facts that led to the Indictment [1] being

filed against the Defendants.

Around 5:25 PM on February 5, 2018, a U.S. Postal Service Highway Contract Route

Driver, Sylvester Cobbs, was robbed as he was picking up mail from the Lake Cormorant Post

Office, in Lake Cormorant, Mississippi. Cobbs' job as a driver consisted of picking up mail from

the Dundee, Tunica, Robinsonville, Lake Cormorant, and Walls, Mississippi Post Offices and

transporting mail to the Processing and Distribution Center in Memphis, Tennessee.

According to Cobbs, on the day in question, he was parked in the parking lot of the post office when he was approached from behind by an unknown African American male wearing a black long-sleeve shirt and a black ski mask who was approximately 5'9" to 6'0" tall. The man pointed a handgun at Cobbs with one hand and some form of mace with the other. The man then attempted to lock Cobbs inside the vestibule of the post office; however, Cobbs fought back with the man and the man pistol whipped Cobbs several times in return. After that, according to Cobbs, the man went to the back of the mail truck and took three registered mail sacks, which contained $60,706. The man also took Cobbs' post office keys. Thereafter, the man fled, and Cobbs drove his truck across the street to call his wife and postal management.

No suspect was arrested in connection to the robbery on the day of occurrence. However, in the following days, Postal Inspectors retrieved surveillance footage from a camera located at a nearby farm office. The camera captured the robbery on video. The video showed a red Hyundai (believed to be an Elantra) and a large white SUV (believed to be a newer model GMC Yukon XL) in the area. The video revealed the suspect getting out of the SUV before the robbery, and it is inferred that the suspect got back into the SUV before fleeing the scene. According to Todd Matney's (inspector of the United States Postal Inspection Service) affidavit in support of his search warrant application, the "Postal Inspectors conducted a detailed review of the video surveillance and it appears the robbery suspect is possibly using a cellular device both before and after the robbery occurs." [74], Ex. 2 at p. 4. Stephen Mathews (former Postal Inspector and supervisor of the Oxford, Mississippi Postal Inspector's Office) testified at the hearing that he interviewed Cobbs, who was unable to identify any suspects because the suspect was wearing a

23-60321.270

ski mask.[1] Sometime after obtaining the video footage, but prior to applying for the warrant, Mathews located an eyewitness who lived across the street. According to Mathews, the witness asked the driver of the red Hyundai if he needed any help. The driver informed the eyewitness that he was looking for Highway 61. At this point in time, the witness was unable to identify the driver of the car.[2]

On November 8, 2018 (nine months after the robbery), Inspector Matney applied for a search warrant seeking information from Google to locate potential suspects and witnesses in connection to the February robbery. This specific type of warrant is known as a geofence warrant. According to Inspector Matney, he worked with Mathews, spoke with other investigators from other states who had applied for geofence warrants, and consulted with the United States Attorney's Office in Oxford, Mississippi before applying for the geofence warrant.

A geofence warrant is a fairly new investigative technique, wherein law enforcement request's location data from a third-party, such as Google. This type of warrant allows law enforcement to rely on technology to locate unknown potential suspects and witnesses of a crime. Attached to the Defendants' Motion to Suppress [74] is Spencer McInvaille's (the Defendants' expert) report which sets forth a three-step process that Google follows when responding to a geofence warrant. [74], Ex. 4.[3]

---

[1] For context, Mathews was the supervisor of the Postal Inspector's Office in Oxford, Mississippi in 2018—the time the warrant was applied for. At the time of the hearing, and currently, Mathews is no longer an active law enforcement officer. Therefore, the Court will hereinafter not refer to Mathews as an "Inspector."

[2] Mathews testified that after the three suspects were arrested (several months later), he presented the eyewitness with three separate photo lineups to see if the eyewitness could identify any of the suspects. Although the eyewitness was unable to identify McThunel or Smith in their respective lines, the eyewitness did identify Smith as the person he saw driving the red Hyundai.

[3] While the parties, to some extent, dispute the information returned from the geofence warrant in this case, the parties do not dispute the three-step process Google follows when it responds to a geofence warrant.

23-60321.271

According to the report, a geofence warrant demands that Google search its database, known as the Sensorvault, to locate unknown suspects of crime. At the outset, law enforcement provides Google with geographical and temporal parameters around the time and place where the alleged crime occurred. The first step requires Google to search its Sensorvault for *all* users who have location history enabled at the time the warrant was executed. At the hearing McInvaille testified that, when acting in accordance with a geofence warrant, Google searches data for all users who had their location history enabled because the data itself is not capable of being stored in a way to search a specific area. Thus, Google searches all location history stored in its Sensorvault. Google describes the location history as a "[p]ersonal and private journal of the user's location." *Id.* at p. 1. To be clear, location history is not automatically enabled. A user must opt-in to sharing his or her location history either through phone set up or through an app.

After Google searches the Sensorvault and determines the accounts that were within the geographical parameters of the warrant, it returns to law enforcement a list giving each account an anonymized device ID, also including the date and time, longitude and latitude, the source, and the maps display radius. According to the report, "the maps display radius is indicated in meters and the radius is drawn around the center point referenced with the latitude and longitude" and "Google estimates the device should be located within the circle and states that their goal is for that to be true 68% of the time." *Id.* at 5. During the hearing, the Government introduced an exhibit illustrating this process, and McInvaille provided testimony explaining it in more detail.

Step Two is a request for contextual data. During this step, law enforcement reviews the anonymized list and determines which device IDs are relevant to the investigation. Then, law enforcement can request additional de-anonymized information that goes beyond the parameters of the initial geofence. According to Google, the purpose of this step is to potentially eliminate

4

false positives or determine if a device ID is relevant. *Id.* at p. 7. This step also allows law enforcement to compel Google (if authorized in the request) to provide account-identifying information, such as an email address, for the device IDs that law enforcement deems relevant.

In the third step, Google produces the subscriber's information for the accounts that were determined relevant in Step Two. This data is provided in a de-anonymized format which includes email addresses from Step Two, along with the names associated with the device IDs.

After the magistrate judge approved the warrant, Inspector Matney submitted the warrant to Google. Inspector Matney testified that, submitting the warrant to Google required him to access a legal portal and sign in with a government email address. After he signed in, Inspector Matney was able to upload the warrant and any subsequent documents through the portal.

Attached to the warrant was "Attachment A." Section II of the attachment outlined the three-step process that Inspector Matney submitted to the magistrate judge for his approval. Section II specifically provided:

> To the extent within the Provider's possession, custody, or control, the provider is directed to produce the following information associated with the Subject Accounts, which will be reviewed by law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate any evidence, fruits, and instrumentalities of 18 U.S.C. section 2114(a), Robbery of a U.S. Postal Service Employee.
> 1. Location Information. All location data, whether derived from Global Positioning System (GPS) data, cell site/cell tower triangulation/trilateration, and precision measurement information such as timing advance or per call measurement data, and Wi-Fi location, including the GPS coordinates, estimated radius, and the dates and times of all location recordings, between 5:00 p.m. CT and 6:00 p.m. CT on February 5, 2018;
> 2. Any user and each device corresponding to the location data to be provided by the "Provider" will be identified only by a numerical

5

identifier, without any further content or information identifying the user of a particular device. Law enforcement will analyze this location data to identify users who may have witnessed or participated in the Subject Offenses and will seek any additional information regarding those devices through further legal process.

3. For those accounts identified as relevant to the ongoing investigation through an analysis of provided records, and upon demand, the "Provider" shall provide additional location history outside of the predefined area for those relevant accounts to determine the path of travel. This additional location history shall not exceed 60 minutes plus or minus the first and last timestamp associated with the account in the initial dataset. (The purpose of the path of travel/contextual location points is to eliminate outlier points where, from the surrounding data, it becomes clear the reported point(s) are not indicative of the device actually being within the scope of the warrant.)

4. For those accounts identified as relevant to the ongoing investigation through an analysis of provided records, and upon demand, the "Provider" shall provide the subscriber's information for those relevant accounts to include, subscriber's name, email addresses, services subscribed to, last 6 months of IP history, SMS account number, and registration IP.

[74], Ex 3 at p. 2.[4]

As this quoted language illustrates, the language of the warrant largely tracks Google's three-step process outlined above. After receiving the warrant, Google followed its three-step process. Although the precise number of user accounts searched is unclear, Google estimated that number to be around 592 million accounts at the time the warrant was executed. The warrant authorized an hour-long search from 5:00 PM to 6:00 PM on February 5, 2018. The geofence covered approximately 98,192 square meters around the Lake Cormorant Post Office. The warrant, consistent with Step Two, authorized law enforcement to obtain additional location history for a registered device "60 minutes plus or minus the first and last timestamp associated with the account

---

[4] Although this Section II information was not attached to the copy of the warrant attached to the Motion to Suppress [74], this appears to have been an oversight when the Motion [74] was initially filed. This issue was addressed at the hearing, and the Court has reviewed the official copy of the original warrant and notes that Section II *was* in fact part of the warrant.

23-60321.274

in the initial dataset." *Id.* Google returned Step One information in April 2019. This step returned

three device IDs (in an anonymized format) within the requested parameters (with two of the three

devices registering multiple times). *See diagram below*. Inspector Matney testified that he then

reviewed the device IDs to ensure they fell within the geofence coordinates.

| Device ID | Date | Time | Latitude | Longitude | Source | Maps Display Radium (m) |
|---|---|---|---|---|---|---|
| 1091610859 | 2/5/2018 | 17:22:45 (-06:00) | 34.9044587 | -90.2159436 | WIFI | 122 |
| 1091610859 | 2/5/2018 | 17:24:45 (-06:00) | 34.9044587 | -90.2159436 | WIFI | 98 |
| 1091610859 | 2/5/2018 | 17:27:04 (-06:00) | 34.9044587 | -90.2159436 | WIFI | 122 |
| 1091610859 | 2/5/2018 | 17:27:35 (-06:00) | 34.9044587 | -90.2159436 | WIFI | 104 |
| 1091610859 | 2/5/2018 | 17:28:06 (-06:00) | 34.9044587 | -90.2159436 | WIFI | 92 |
| 1091610859 | 2/5/2018 | 17:28:42 (-06:00) | 34.9044587 | -90.2159436 | WIFI | 146 |
| 1091610859 | 2/5/2018 | 17:30:56 (-06:00) | 34.9044587 | -90.2159436 | WIFI | 347 |
| 1353630479 | 2/5/2018 | 17:58:35 (-06:00) | 34.9044587 | -90.2159436 | WIFI | 110 |
| 1577088768 | 2/5/2018 | 17:22:27 (-06:00) | 34.9040345 | -90.2155529 | GPS | 11 |
| 1577088768 | 2/5/2018 | 17:24:04 (-06:00) | 34.9042131 | -90.2155945 | GPS | 18 |
| 1577088768 | 2/5/2018 | 17:25:08 (-06:00) | 34.9045528 | -90.2151712 | GPS | 37 |

At this point, the parties' versions of events diverge. The Defendants contend that, before

receiving Step Two data, law enforcement did not follow the applicable Step Two narrowing

measures. Instead, without obtaining an additional warrant (which the Defendants contend violated

the "further legal process" language in the warrant), Inspector Matney and Mathews decided which

device IDs were relevant and requested additional de-anonymized information for all three

devices. Although, the Defendants, along with McInvaille, contend that it appeared Step Two had

been skipped and it was not contained in discovery, Inspector Matney testified at the hearing that,

in May 2019, he requested Step Two data through the portal. According to Inspector Matney, he,

along with Mathews, decided that the device IDs ending in "859" and "768" were relevant because

those devices registered multiple times within the geofence. They decided the third device ID,

which only registered one time within the geofence, could have been a potential witness, but

ultimately was not relevant to the investigation. Inspector Matney testified that on May 30, 2019,

23-60321.275

Google sent law enforcement a letter containing Step Two data. There was also testimony that the Step Two narrowing measures took place with a subsequent warrant (discussed below) obtained in July 2019. During this step, according to the Government, Google also expanded the search to include the additional location history on the registered devices, as authorized in the warrant.

At the beginning of June 2019, Inspector Matney was injured, requiring a leave of absence from work, and Mathews took over as the lead investigator. Mathews testified that he received Step Three data around June 10, 2019. This data included de-anonymized information for *all* three devices IDs. The following email address were returned:

"2165781.Key.cvs",

"bleek2004.AccountInfo.txt",

"jamarrsmith33.AccountInfo.txt", and

"permanentwavesrecords.AccountInfo.txt."[5]

Through the information he received from Google, Mathews determined that the "jamarrsmith33.AccountInfo.txt" was Smith's email account and the "bleek2004.AccountInfo.txt" email account belonged to McThunel. At the hearing, Mathews testified that the email "permanentwavesrecords.AccountInfo.txt", which was associated with the third device, was deemed irrelevant to the investigation.

According to Mathews, he submitted another warrant (Google warrant) in the middle of July 2019. To be clear, this was *not* a geofence warrant, but instead sought location information as to those specific Google accounts that he had previously determined belonged to Smith and McThunel. Mathews testified that this warrant authorized specific location information connected

---

[5] Although this appears to be four separate email addresses, at the hearing, no reference was made to the "2165781.Keys.cvs" account. It is unclear to the Court what that email might reference. Nevertheless, it was clear at the hearing that the parties agree law enforcement only received de-anonymized information associated with three accounts—not four.

23-60321.276

to Smith and McThunel's accounts and showed them traveling from Batesville, Mississippi to Lake Cormorant, Mississippi on the day of the robbery. Mathews also obtained phone records on all three suspects. The phone records revealed a 350 second phone call between Smith and McThunel during the time of the robbery. The phone records also indicated a phone call between Ayodele and McThunel, which is how Ayodele was identified as a third suspect.

Ultimately, the Government was able to identify the three Defendants and obtain an Indictment [1] against them. In the Motion to Suppress [74], the Defendants argue that the geofence warrant was invalid from its inception because it lacked probable cause and particularity. The Defendants also take the position that they had a reasonable expectation of privacy in their location history and that the geofence warrant violated that reasonable expectation. Furthermore, the Defendants argue that, in the event that the warrant was valid, the Government did not undertake "further legal process" to obtain additional information from Google as it said it would do, which made Steps Two and Steps Three of the search warrantless and illegal. Finally, they argue that the good faith exception set forth in *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984) does not excuse the defects of the warrant. They contend that the exclusionary rule should apply and that all the evidence seized constitutes "fruit of the poisonous tree."

*Applicable Standard*

"The defendant challenging a search must show the warrant to be invalid by the preponderance of the evidence." *United States v. Richardson*, 943 F.2d 547, 548 (5th Cir. 1991) (citing *United States v. Osborne*, 630 F.2d 374, 377 (5th Cir. 1980)). "That burden includes establishing standing to contest the evidence, and showing that the challenged government conduct constitutes a Fourth Amendment search or seizure." *United States v. Turner*, 839 F.3d 429, 432

9

(5th Cir. 2016). However, "when the government searches or seizes a defendant without a warrant, the government bears the burden of proving by a preponderance of the evidence, that the search or seizure was constitutional." *United States v. Guerrero-Barajas*, 240 F.3d 428, 432 (5th Cir. 2001).

*Analysis and Discussion*

The Fourth Amendment assures the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. Moreover, "no warrants shall issue, but upon probable cause, supported by oath and affirmation, and particularly describing the place to be searched, and the persons or thing to be seized." *Id.* The Fourth Amendment requires that a search warrant be issued only when there is probable cause to believe that an offense has been committed and that evidence exists at the place for which the warrant is requested. *United States v. Place*, 462 U.S. 696, 701, 103 S. Ct. 2637, 2641, 77 L.Ed.2d 110 (1983). If a warrant is invalid, the appropriate remedy is to suppress the evidence obtained through an unreasonable search or seizure. *United States v. Beaudion*, 979 F.3d 1092, 1097 (5th Cir. 2020).

As noted above, the Defendants raise several arguments as to the purported unconstitutionality of the geofence warrant and, consequently, the inadmissibility of the evidence obtained therefrom. Specifically, the Defendants contend they had a reasonable expectation of privacy in their data obtained through the warrant, the warrant lacked probable cause and particularity, and that the good faith exception is inapplicable. The Court will address the issues in turn.[6]

---

[6] The Court notes that, in its Response [87], the Government raised an argument that the Defendants' lacked standing. The Government did not raise this issue at the hearing and, perhaps, concedes this point. Nevertheless, the Court does not find the argument persuasive, as it is undisputed that the location history of both Smith and McThunel was obtained through the execution of the geofence warrant. Therefore, they have standing.

*A.  Reasonable Expectation of Privacy*

Beginning first with the issue of reasonable expectation of privacy, the Defendants contend that they possessed a reasonable expectation of privacy in their location history. The Defendants rely on *Carpenter v. United States*, wherein the Supreme Court specifically rejected the application of the third-party doctrine on the basis that, given the unique nature of cellphone data, users do not truly voluntarily share their data with a third party. 138 S. Ct. 2206, 2220, 201 L. Ed. 2d 507 (2018). On the other hand, the Government takes the position that because a user voluntarily opts-in to sharing his location history they maintain no reasonable expectation of privacy. The Government further contends that obtaining two hours of the Defendants' location history is not the same as the seven days' worth of information obtained in *Carpenter* (which the Supreme Court later determined violated the defendant's reasonable expectation of privacy).

Other district courts have grappled with the privacy concerns that geofence warrants raise. The District Court for the Eastern District of Virginia, analyzing the constitutionality of a geofence warrant, declined to delve too deeply into the issue of whether the defendant possessed a reasonable expectation of privacy in his location history data obtained through the geofence warrant because the court found that the good faith exception applied. *United States v. Chatrie*, 590 F. Supp. 3d 901, 925 (E.D. Va. 2022). Although the *Chatrie* court did not reach a determination on the reasonable expectation of privacy issue, the court acknowledged its deep concerns with geofence warrants and stated that the "[c]urrent Fourth Amendment doctrine may be materially lagging behind technological innovations." *Id.* Most recently, the District Court for the District of Columbia followed the *Chatrie* court's reasonable expectation of privacy analysis. *United States v. Rhine*, 2023 WL 372044, at *28 (D.D.C. Jan. 24, 2023). Recognizing the novelty

11

of warrants of this nature and for reasons set forth more fully hereinafter, the Court need not definitively resolve that issue.

### B. Probable Cause

Next, the Defendants contend that the geofence warrant is wholly invalid because it lacked sufficient probable cause. The Supreme Court has held that probable cause requires a "[f]air probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238, 103 S. Ct. 2317, 2332, 76 L. Ed. 2d 527 (1983). Furthermore, a warrant must not be overbroad. *United States v. Sanjar*, 853 F.3d 190, 200 (5th Cir. 2017) (citing *United States v. SDI Future Health, Inc.*, 568 F.3d 684, 702 (9th Cir. 2009)). This requires probable cause to seize the particular things named in the warrant. *Id.* More specifically, the Fourth Amendment requires "that (1) a warrant provide sufficient notice of what the agents may seize and (2) probable cause exists to justify listing those items as potential evidence subject to seizure." *Sanjar*, 853 F.3d at 200 (citing *William v. Kunze*, 806 F.2d 594, 598-99 (5th Cir. 1986)).

The Defendants contend that the geofence warrant was not supported by probable cause because the warrant was overbroad. Specifically, the Defendants argue that the warrant did not identify any suspects and that the Government only learned the identity of the suspects via inverted probable cause. In their Memorandum [75], as well as at the hearing, the Defendants maintained that their probable cause argument was synonymous to *Ybarra v. Illinois*, 444 U.S. 85, 100 S. Ct. 338, 62 L. Ed. 2d 238 (1979), wherein the Supreme Court struck down a search warrant because although "the police did have probable cause to search the tavern where [Ybarra] happened to be when the warrant was executed, [] a person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person." 444 U.S. 85, 86, 100 S. Ct. 338, 339, 62 L. Ed. 2d 238 (1979). Although *Ybarra* addresses the physical

12

search of a person, the Defendants contend that the search of the tavern in *Ybarra* is synonymous to a search of Google's Sensorvault.

Conversely, the Government contends that Inspector Matney's affidavit in support of the warrant application contained more than enough information to establish probable cause. Particularly, the affidavit established that unknown suspects aided and abetted each other in committing the robbery. The affidavit also established a connection between Google location information and smartphones. Additionally, though the Government does not believe it was necessary, the affidavit stated that an unknown person was *possibly* using a cellphone before and after the robbery. Therefore, the Government contends that the affidavit included enough information to establish probable cause.

To aid its probable cause analysis, the Court considers the reasoning from *In re Search Warrant Application for Geofence Location Data Stored at Google Concerning an Arson Investigation*, 497 F. Supp. 3d 345 (N.D. Ill. 2020) ("*Google III*"). There, the Government applied for a geofence warrant to investigate a series of arsons. *Id.* at 351. The geofence covered only a 15–30 minute time frame and only included the location of the arson sites, while excluding any irrelevant residential or commercial buildings. *Id.* at 357-58. The court concluded that the Government satisfied any overbreadth concerns by ensuring probable cause for location data on the suspects through "[o]n-site investigation, open source searches, and surveillance footage." *Id.* at 359. The magistrate judge determined that the warrant established sufficient probable cause and was not overbroad because the geofence only focused on the arson sites and structured geographical and temporal limitations in a manner to minimize capturing location data for uninvolved individuals. *Id.* at 357. The *Google III* court also noted that it was not necessary that

13

the affidavit contain information that the suspect possessed a phone during the commission of the crime to retrieve cellphone data. *Id.* at 355.

To further support its argument, the Government relies on *In re Search of Info. that is Stored at Premises Controlled by Google LLC*, 579 F. Supp. 3d 62 (D.D.C. 2021) ("*Google V*"). In *Google V*, the Government applied for a geofence warrant around a building where the Government alleged federal crimes had occurred. *Id.* at 72. The geofence only covered a portion of the front half of the building and did not include any other structures. *Id.* The geofence was approximately 875 square meters. *Id.* The district court concluded that the warrant established sufficient probable cause because "[t]here [was] a fair probability that the search of Google's servers [would] uncover useful evidence—i.e., the identities of the suspects inside the [building]". *Id.* at 77. Further, there was evidence that the suspects were using their cellphones while inside the building. *Id.* at 78. The court ultimately concluded that because the geofence was tailored to the building the location information that Google would return would not include an unnecessarily broad number of uninvolved individuals. *Id.* at 80.

Against this backdrop, the Court turns to the facts of this case. Although the parameters of the geofence were relatively large in scope, the geofence was in a rural area where it was unlikely to return a large number of Google accounts. Moreover, the affidavit contained additional evidence that the suspect was possibly using a phone, and this Court agrees with Inspector Matney's characterization that the suspect was *possibly* using a phone. Although the Court makes no definitive determination as to whether the evidence of cellphone use is necessary, the Court finds, based on the facts of this case, that the statement aided the Government in establishing probable cause. The affidavit also established a connection between smartphones and Google. The

14

Government established sufficient probable cause that indicated Google possessed data that would reveal suspects of the robbery.

In essence, the Defendants' argument on this point seems to be a contention that geofence warrants in general violate the Fourth Amendment. The Court declines to make such a sweeping determination.

The Court finds that the geofence warrant contained sufficient probable cause. To the extent the Defendants' Motion [74] seeks suppression on that basis, it is DENIED.

*C. Particularity*

A search warrant must describe the items to be seized "[w]ith sufficient particularity such that the executing officer is left with no discretion to decide what may be seized." *Kunze*, 806 F.2d at 598 (citing *Marron v. United States*, 275 U.S. 192, 196, 48 S.Ct. 74, 72 L.Ed 231 (1927)).

The Defendants argue that the geofence warrant lacked particularity because it was not particular in the places to be searched or things to be seized. In their Motion [74], as well as at the hearing, the Defendants raise two arguments as to the particularity requirement. First, the Defendants argue that the geofence warrant failed to identify any particular suspects and that the magistrate judge would have never signed off on the warrant had he known it included a search of 592 million Google accounts. Second, the Defendants contend that the Government obtained additional information and decided which accounts to search in Steps Two and Three of Google's process and did so without obtaining an additional warrant, as required by the "further legal process" language in the warrant. Conversely, the Government contends that the warrant was tailored to the investigation and "[w]as narrowly constrained based on location, date, and time." [87] at p. 15. Moreover, as articulated by the Government, the warrant only sought location history for a total of two hours and was only searching for "[i]ndividuals present at the site of the robbery." [87] at p. 15. The Government further contends that the initial geofence warrant did not require

15

the agents to go back to the Court to obtain an additional warrant for Steps Two and Three. Instead, according to the Government, the phrase "upon demand", which is included in the warrant, meant upon the request from law enforcement and constituted the "further legal process" required under the warrant.

To support their particularity argument, the Government relies on the rationale from *United States v. James*, 2019 WL 325231 (D. Minn. Jan. 25, 2019.) In *James*, the Court authorized law enforcements use of cellphone "tower dumps" to locate suspects of a robbery. *Id*. at *1. The Court ultimately upheld the use of tower dumps because, through geographical and temporal parameters, the warrant was particular to the information sought. When asked about the difference between cellphone tower dumps and Google location history during the hearing, McInvaille explained that tower dumps provide data restricted to the location of the towers, whereas location history is stored in a way that requires Google to search *all* location history and not just a specific area. In other words, for a tower dump, the search can be limited to users in close proximity to a particular tower, whereas that same limitation cannot be accomplished in connection with a geofence warrant.

The Court again relies on *Google III* and *Google V*. In *Google III*, the magistrate judge found that the warrant met the particularity requirements because it narrowly identified the place to be searched by time and location limitations. *Google III*, 479 F. Supp 3d at 357. As noted above, the geofence only included a 15-30 minute timeframe and excluded residences and commercial buildings. *Id.* The *Google V* court reached the same conclusion for similar reasons. *Google V*, 579 F. Supp. 3d at *80. The district court found that the geofence contained sufficient temporal and geographic windows for the location data that was being sought. *Id.*

The Court notes the *Rhine* court (the most recent decision deciding the constitutionality of geofence warrants) also concluded that the geofence warrant at issue in that case met the particularity requirements. *Rhine*, 2023 WL 372044 at *32.

Here, the initial time period authorized by the warrant was limited to one hour and only authorized the retention of additional location history for a 60 minute time period for registered devices. The geofence encompassed the area in which the crime occurred. Furthermore, the affidavit specifically includes the latitude and longitude coordinates of where the crime occurred and states that "this application seeks authority to collect certain location information related to Google Accounts that were located within the Target Area during the Target Time Period." [74], Ex. 2 at p. 6. Simply put, this geofence contained similar temporal restrictions to the geofence warrants in *Google III* and *Google V*. The Court notes the stark difference in the geographical ranges of the geofence in *Google V* and the one presently before the Court. Here, the geofence is 98,192 square meters—a drastically larger difference than the 875 square meter geofence in *Google V*. However, considering that the geofence in the case at bar was in a rural area where there was an unlikely chance that a substantial number of uninvolved people would be captured in the geofence, the geographical size of the geofence does not cause this Court great concern.

In making that determination, the Court again finds it necessary to provide a qualification. The Court's determination on that point should not be interpreted as a determination that a geofence of 98,192 square meters is always permissible. In fact, there may very well be circumstances where it is not. The Court's determination is limited to the facts at issue here. A case-by-case analysis is appropriate.

23-60321.285

Therefore, for reasons set forth above, the Court does not find the Government's tower dump argument directly on point, but does agree with the Government's overall position that the warrant was particular in identifying the places to be searched and things to be seized.

Next, the Defendants argue that, by not obtaining an additional warrant before obtaining additional information in Steps Two and Three, law enforcement did not comply with the "further legal process" language contained in the warrant. Therefore, the Defendants assert that the information obtained from Steps Two and Three is not particular. The court in *Google II* emphasized that "a warrant that meets the particularity requirement leaves the executing officer with no discretion as to what to seize." *Google II*, 481 F. Supp. 3d 730, 754 (N.D. Ill. 2020). There, the warrant did *not* require law enforcement to obtain an additional warrant for Steps Two and Three. *Id.* Therefore, the *Google II* court rejected the Government's particularity argument on the basis that the warrant was not narrowly tailored in a manner justified by the investigation. *Id.* In *Google V*, the magistrate judge reasoned that the warrant was valid because it required law enforcement to obtain further authorization from the court before receiving de-anonymized information on the Google accounts at Step Two. *Google V*, 579 F. Supp. 3d at 87. The *Google V* court further held, that any overbreadth concerns would be cured in the additional warrant obtained prior to receiving Step Two data. *Id.* Other Courts have criticized the lack of a requirement for additional authorization as providing law enforcement unbridled discretion. *See Google I*, 2020 WL 5491963 at 6; *Google II*, 481 F. Supp. 3d at 746; *Chatrie*, 590 F. Supp. 3d at 927.

Here, the Court finds that law enforcement did not follow the narrowing measures set forth in Step Two of Google's process. In fact, testimony from the hearing indicated that law enforcement did not narrow their investigation until the subsequent July 2019 warrant was obtained. This was a clear failure to follow the narrowing measure outlined in Step Two. Moreover,

without further authorization from the Court, Inspector Matney and Mathews chose which device IDs were of interest. During the hearing, McInvaille testified that Step Two of Google's approach was a narrowing measure that, without further authorization from a judge, gave law enforcement the discretion to choose which accounts were relevant. According to the Defendants, this cuts against the plain language contained in the warrant where it states that law enforcement "[w]ill seek any additional information regarding those devices through further legal process." [74], Ex. 3 at p. 2. On the other hand, the Government argued that further legal process was "upon demand" from law enforcement, not an additional warrant from the Court. In other words, the Government takes the position that "further legal process" was outlined in the later parts of Section II of Attachment A to the Warrant. Inspector Matney and Mathews additionally testified that they interpreted the "further legal process" language to mean that Google would produce additional information "upon demand" from law enforcement because the magistrate judge had already signed off on the initial warrant that included all three steps. To support that belief, Mathews testified that he resubmitted "Attachment A" (which was submitted along with the original warrant) instructing Google to comply with paragraph three of the attachment which states, "[a]nd upon demand, the 'Provider' shall provide additional location history. . ." [74], Ex 3. at p. 2.

As an initial matter, the Court disagrees with the Government's interpretation of the "further legal process" language. Furthermore, it was admitted at the hearing that the Government did in fact receive de-anonymized information for *all three* device IDs—even though, in its Response [87], as well as at the hearing, the Government maintained the position that only two of the device IDs were relevant to their investigation.

Although the Court rejects the Government's interpretation of the "further legal process" language, the Court does not question the credibility of Inspector Matney's nor Mathews'

testimony on that issue. In other words, the Court concludes that Inspector Matney and Mathews made a good faith interpretation that the "further legal process" language did not require them to return to the Court for an additional warrant before receiving Steps Two and Three data.

At the hearing, McInvaille testified that the "further legal process" language has shown up in other warrants and when it has, courts have interpreted that to mean that law enforcement must return to the court for authorization between each step of the Google process. He provided specific examples of other cases.

Ultimately, the Court makes no determination as to whether geofence warrants are per se constitutional but, instead, finds that a case-by-case determination is appropriate in determining the appropriate geographic parameters. In reaching its conclusion, the Court notes, and the parties agreed at the hearing, that in November 2018, the time law enforcement applied for the geofence warrant, there was no published case law on the constitutionality of geofence warrants. The Court finds that fact—and the novelty of geofence warrants as a whole, particularly at the time of Inspector Matney and Mathews' relevant conduct—to be important in analyzing this case.

The Court rejects the Defendants' argument that the warrant was so overbroad as to render it unconstitutional. But the Court does find that "further legal process" required law enforcement to obtain an additional warrant before requesting Steps Two and Steps Three data. The Government admits that no such warrant was obtained. Consequently, the critical determination becomes whether that failure warrants suppression or, as the Government contends, the good faith exception should apply.

*D. Good Faith Exception*

"The good faith exception to the exclusionary rule provides that 'evidence obtained during the execution of a warrant later determined to be deficient is nonetheless admissible if the executing officer's reliance on the warrant was objectively reasonable and made in good faith.'"

23-60321.288

*United States. v. Massi*, 761 F.3d 512, 525 (5th Cir. 2014) (citing *United States v. Woerner*, 709 F.3d 527, 533 (5th Cir. 2013)) (additional citation omitted). "Applying the good-faith exception does not resolve whether a constitutional right has been violated; it simply is a judicial determination that exclusion of evidence does not advance the interest of deterring unlawful police conduct." *Id.* (citing *Leon*, 468 U.S. at 906-07, 104 S. Ct. 3405; *Gates*, 462 U.S. at 223, 103 S. Ct. 2317). "In effect, the good-faith exception limits the remedy of exclusion where the marginal or nonexistent benefits produced by suppressing evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant cannot justify the substantial costs of exclusion." *Id.* (citing *Leon*, 468 U.S. at 922, 104 S.Ct. 3405).

In *Leon*, the Supreme Court articulated four circumstances where the good faith exception does not apply: "1) when the issuing magistrate was misled by information in an affidavit that the affiant knew or reasonably should have known was false; 2) when the issuing magistrate wholly abandoned his judicial role; 3) when the warrant affidavit is so lacking in indicia of probable cause as to render official belief in its existence unreasonable; and 4) when the warrant is so facially deficient in failing to particularize the place to be searched or things to be seized that executing officers cannot reasonably presume it to be valid." 468 U.S. at 899, 104 S. Ct. 3405. The good faith exception analysis is focused on "[w]hether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization." *United States v. Payne*, 341 F.3d 393, 400 (5th Cir. 2003) (citing *Leon*, 468 U.S. at 922 n. 23, 104 S. Ct. 3405).

The Defendants contend that the good faith exception is not implicated here because three of the four circumstances articulated above are applicable. The Government disagrees and contends that the good faith exception should apply. Particularly, the Government relies on two

separate arguments on this point—first, under the holding from *United States v. McLamb*, 880 F.3d 685 (4th Cir. 2018); and second, from the traditional good faith exception articulated in *Leon*.

First, the Defendants contend that the good faith exception does not apply because the affidavit contained a misrepresentation that Inspector Matney knew or should have known was false. The Defendants base this argument on the rationale set forth in *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667. To prove this claim under *Franks*, the Defendants must show that (1) the affidavit supporting a warrant contained false statements or material omissions; (2) the affiant made such false statements or omissions knowingly and intentionally or with reckless disregard for the truth; and (3) the false statements or material omissions were necessary to the finding of probable cause. *Davis v. Hodgkiss*, 11 F.4th 329, 333 (5th Cir. 2021) (citing *Franks*, 438 U.S. at 155-56, 98 S. Ct. 2674) (additional citations omitted).

The portion of the affidavit in question, which ultimately, at least in part, led to the issuance of the geofence warrant, states that "Postal Inspectors conducted a detailed review of the video surveillance and *it appears the robbery suspect is possibly using a cellular device both before and after the robbery occurs.*" [74], Ex. 2 at p. 4. (emphasis added). The Defendants contend they meet the first two prongs of the *Franks* analysis because the video footage does not show a cellphone, making Inspector Matney's statement intentionally reckless. According to the Defendants, a more accurate statement would have read that "[i]t *does not* show the robbery suspect using a cellular device before or after the robbery occurs." [75] at p. 12. (emphasis added). Because of this, the Defendants argue that the statement is reckless.

At the hearing, Inspector Matney testified that there were several times during the video where the assailant's body language appeared to be consistent with talking on the phone. First, around the 6:50 minute mark. During this time, the assailant's arm appeared to be raised up to his

left ear for several minutes. Next, around the 13:34 minute mark, the assailant is seen crouching on the ground and making a movement that Inspector Matney believed was consistent with sending or checking a text message.

After reviewing the video footage and testimony from the hearing, the Court rejects the Defendants' argument that Inspector Matney stating the assailant is possibly using a cellphone is outright false. Although there is never a cellphone shown on the video, the Court finds the statement was not a misrepresentation and that Inspector Matney's interpretation of the video could have led him to believe that the assailant's body language was consistent with using a cellphone. The Defendants' contentions as to the language they would have preferred Inspector Matney to have used are unavailing. The Court does not find that Inspector Matney made a knowing misrepresentation.

Next, the Defendants argue that the good faith exception is not applicable because the warrant lacked probable cause and the warrant was facially deficient because it did not meet the particularity requirements. In its analysis above, the Court has already concluded that there was sufficient probable cause and that the particularity requirement was met. The Court sees no need to recite that analysis again and will not address those issues any further.

Ultimately, the Court finds the Fourth Circuit's reasoning in *McLamb* persuasive. In *McLamb*, the Fourth Circuit declined to find a warrant facially deficient when law enforcement faced with novel investigative techniques consulted with counsel prior to applying for a warrant. *McLamb*, 880 F.3d at 691. Here, included in the affidavit, Inspector Matney stated that he had conversations with other law enforcement officers before submitting the geofence warrant. In its Response [87], the Government also states that Inspector Matney consulted with the United States Attorney's Office prior to submitting the warrant. Inspector Matney's testimony on this point was

consistent with the Government's contention. Furthermore, throughout the hearing, it became abundantly clear that neither Inspector Matney nor Mathews had personal experience with geofence warrants when they applied for the present warrant. They both explained multiple steps that they took to attempt to undertake the inspection properly—such as consulting with an Assistant United States Attorney, communicating with other agencies across the country, and reviewing similar warrant templates. The Court found their testimony to be credible insofar as it concerned the steps they believed they were required to take in connection with the geofence warrant. Inspector Matney's testimony on this point was consistent with the Government's contention.

The Court also finds noteworthy the rationale underlying the good faith exception. *See Herring v. United States*, 555 U.S. 135, 145, 129 S. Ct. 703, 172 L.Ed.2d 496 (2009) ("To trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it. . ."). Here, the Court struggles to see any wrongful conduct to deter. Before seeking the warrant, Inspector Matney and Mathews consulted with the United States Attorney's Office and sought legal guidance, and the Court finds credible their testimony that they believe the warrant did not mandate that they return to the Court for an additional warrant. Ultimately, the conduct of law enforcement in this case seems reasonable and appropriate when considering the specific circumstances with which the investigators were faced.

Although the Court's ruling today will certainly create clear authority as to the meaning of "further legal process," Inspector Matney and Mathews, at the time they sought the warrant and acted in accordance with it, did not have any authority upon which to rely. In fact, counsel for both parties conceded that there was no published authority on this issue at the time. Even today, the

case law is sparse. Ultimately, the Court simply does not find that suppression in this case would further the rationale underlying the good faith exception.

*Conclusion*

For reasons set forth above, the Motion to Suppress [74] is DENIED.

SO ORDERED, this the 10th day of February 2023.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

23-60321.293

TAB 8

AO 245B    (Rev. 11/16) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Northern District of Mississippi

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | ) | |
| | ) | |
| Jamarr Smith | ) | Case Number:      0537 3:21CR00107-001 |
| | ) | USM Number:     72800-509 |
| | ) | |
| | ) | Goodloe Tankersley Lewis |
| | | Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

☒ was found guilty on count(s)   One (1) and Two (2) of the Indictment
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2114(a) & 371 | Conspiracy to Commit Armed Robbery of a U.S. Postal Carrier | 02/05/2018 | 1 |
| 18 U.S.C. §§ 2114(a) & 2 | Aiding and Abetting Armed Robbery of a U.S. Postal Carrier | 02/05/2018 | 2 |

    The defendant is sentenced as provided in pages 2 through ____7____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) ____ is/are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 13, 2023
Date of Imposition of Judgment

*Sharion Aycock*
Signature of Judge

Sharion Aycock, U.S. District Judge
Name and Title of Judge

June 15, 2023
Date

AO 245B    (Rev. 11/16) Judgment in Criminal Case
          Sheet 2 — Imprisonment

Judgment — Page    2    of    7

DEFENDANT:        Jamarr Smith
CASE NUMBER:      3:21CR00107-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of:    **121 months**.  This term consists of 60 months on Count 1 and 121 months on Count 2 of the Indictment, to be served
concurrently.

☒ The court makes the following recommendations to the Bureau of Prisons:

   The defendant be housed as close as possible to Batesville, Mississippi.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m.  on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant
delivered on _____    to _____

at _____ , with a certified copy of this judgment.

                              _____
                              UNITED STATES MARSHAL

                      By _____
                              DEPUTY UNITED STATES MARSHAL

AO 245B     (Rev. 11/16) Judgment in a Criminal Case
            Sheet 3 — Supervised Release

Judgment—Page    3    of    7

DEFENDANT:       Jamarr Smith
CASE NUMBER:   3:21CR00107-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:    **5 years.**

This term consists of 3 years on Count 1 and 5 years on Count 2 of the Indictment, both terms to run concurrently.

1.     You must not commit another federal, state or local crime.

2.     You must not unlawfully possess a controlled substance.

3.     You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determine by the court.

          ☐    The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable.)*

4.   ☒    You must cooperate in the collection of DNA as directed by the probation officer. *(check , if applicable.)*

5.   ☐    You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable.)*

**6.**   ☐    You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B    (Rev. 11/16) Judgment in a Criminal Case
           Sheet 3A — Supervised Release

Judgment—Page    4    of    7

DEFENDANT:        Jamarr Smith
CASE NUMBER:      3:21CR00107-001

## STANDARD CONDITIONS OF SUPERVISION

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions.  For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature    _____        Date    _____

AO 245B    (Rev. 11/16) Judgment in a Criminal Case
           Sheet 3C — Supervised Release

DEFENDANT:        Jamarr Smith                                    Judgment—Page    5    of    7
CASE NUMBER:      3:21CR00107-001

## SPECIAL CONDITIONS OF SUPERVISION

1.    The defendant shall provide the probation officer with access to any requested financial information.

2.    The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

3.    The defendant shall participate in a program of testing and treatment for substance abuse, details of which will be outlined and supervised by the probation officer, until such time as the defendant successfully completes the program or is deemed by the treatment provider to no longer be in need of treatment.

4.    The defendant shall not possess, ingest, or otherwise use marijuana or marijuana products, unless prescribed by a licensed practitioner for legitimate medical purposes.

5.    The defendant shall submit his person, property, house, residence, vehicle, papers, computers (as defined in Title 18, United States Code, Section 1030e(1)), other electronic communications or data storage devices or media, or office, to a search conducted by the United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.  An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision. Any search must be conducted at a reasonable time and in a reasonable manner.

6.    The defendant shall participate in a program of mental health treatment, details of which will be outlined and supervised by the probation officer, until such time as the defendant successfully completes the program or is deemed by the treatment provider to no longer be in need of treatment.

AO 245B (Rev. 11/16) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 6 of 7

DEFENDANT: Jamarr Smith
CASE NUMBER: 3:21CR00107-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 200 | $ | $ 61,331.88 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

**\*\* All payments are to be made payable to Clerk of Court by money order or cashier's check and mailed to: Clerk of Court, 911 Jackson Avenue, Room 369, Oxford, MS 38655. \*\***

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| United States Postal Service c/o Rhonda Henry P.O. Box 381388 Birmingham, AL 35238 | $60,706 | $60,706 | |
| Sylvester Cobbs | $625.88 | $625.88 | |
| TOTALS | $ 61,331.88 | $ 61,331.88 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☒ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

23-60321.438

AO 245B    (Rev. 03/20) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page    7    of    7

DEFENDANT:        Jamarr Smith
CASE NUMBER:      3:21CR00107-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☒ Lump sum payment of $ ___61,531.88___    due immediately, balance due

☐ not later than _____ , or

☒ in accordance with    ☐ C,    ☐ D,    ☐ E, or    ☒ F below; or

**B**  ☐ Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C**  ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
_____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
_____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
term of supervision; or

**E**  ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☒ Special instructions regarding the payment of criminal monetary penalties:

Pursuant to the plea agreement, payment of restitution is due and payable in full immediately. Payment of any balance on any
remaining criminal monetary penalties after placement on probation or supervised release, or after release from incarceration
to a term of supervised release, shall be made in regular monthly installments of not less than 10 percent of the defendant's
gross monthly income or not less than $100 per month, whichever is greater. Such payments to commence no later than 60
days from placement on probation, supervised release or release from incarceration to a term of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is
due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate
Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

The defendant is jointly and severally liable for the entire amount of restitution with co-defendants Thomas Iroko Ayodele (002) and
Gilbert McThunel, II (003).

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

TAB 9

AO 245B    (Rev. 11/16) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Northern District of Mississippi

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br><br>Gilbert McThunel, II | ) **JUDGMENT IN A CRIMINAL CASE**<br>)<br>)<br>) Case Number:    0537 3:21CR00107-003<br>)<br>) USM Number:    73368-509<br>)<br>) Paul A. Chiniche<br>) _____<br>Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☒ was found guilty on count(s)   One (1) and Two (2) of the Indictment
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2114(a) & 371 | Conspiracy to Commit Armed Robbery of a U.S. Postal Carrier | 02/05/2018 | 1 |
| 18 U.S.C. §§ 2114(a) & 2 | Aiding and Abetting Armed Robbery of a U.S. Postal Carrier | 02/05/2018 | 2 |

   The defendant is sentenced as provided in pages 2 through _____7_____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
☐ Count(s) ____ is/are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

     June 13, 2023
     _____
     Date of Imposition of Judgment

     *Sharion Aycock*
     _____
     Signature of Judge

     Sharion Aycock, U.S. District Judge
     _____
     Name and Title of Judge

     June 15, 2023
     _____
     Date

AO 245B    (Rev. 11/16) Judgment in Criminal Case
              Sheet 2 — Imprisonment

DEFENDANT:              Gilbert McThunel, II
CASE NUMBER:            3:21CR00107-003

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of:    **121 months.**   This term consists of 60 months on Count 1 and 121 months on Count 2 of the Indictment, to be served
concurrently.

☒  The court makes the following recommendations to the Bureau of Prisons:

The defendant be designated to a facility adequate to address his ongoing medical issues.
The defendant be considered for placement in the 500-hour substance abuse treatment program, if deemed eligible by the BOP.

☒  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

☐  at  _____  ☐ a.m.  ☐ p.m.  on  _____ .

☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of
Prisons:

☐  before 2 p.m. on  _____ .

☐  as notified by the United States Marshal.

☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant
delivered on  _____  to  _____

at  _____ ,  with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
DEPUTY UNITED STATES MARSHAL

23-60321.2126

AO 245B    (Rev. 11/16) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___7___

DEFENDANT:       Gilbert  McThunel, II
CASE NUMBER:     3:21CR00107-003

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:    **5 years**

This term consists of 3 years on Count 1 and 5 years on Count 2 of the Indictment, both terms to run concurrently.

1.  You must not commit another federal, state or local crime.

2.  You must not unlawfully possess a controlled substance.

3.  You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determine by the court.

    ☐  The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable.)*

4.  ☒  You must cooperate in the collection of DNA as directed by the probation officer. *(check , if applicable.)*

5.  ☐  You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable.)*

6.  ☐  You must participate in an approved program for domestic violence. *(check if applicable)*

 You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B    (Rev. 11/16) Judgment in a Criminal Case
           Sheet 3A — Supervised Release

| | | | Judgment—Page | 4 | of | 7 |

DEFENDANT:       Gilbert McThunel, II
CASE NUMBER:     3:21CR00107-003

# STANDARD CONDITIONS OF SUPERVISION

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions.  For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

23-60321.2128

AO 245B    (Rev. 11/16) Judgment in a Criminal Case
           Sheet 3C — Supervised Release

DEFENDANT:        Gilbert McThunel, II
CASE NUMBER:      3:21CR00107-003

## SPECIAL CONDITIONS OF SUPERVISION

1.    The defendant shall provide the probation officer with access to any requested financial information.

2.    The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

3.    The defendant shall participate in a program of testing and treatment for substance abuse, details of which will be outlined and supervised by the probation officer, until such time as the defendant successfully completes the program or is deemed by the treatment provider to no longer be in need of treatment.

4.    The defendant shall not possess, ingest, or otherwise use marijuana or marijuana products, unless prescribed by a licensed practitioner for legitimate medical purposes.

5.    The defendant shall submit his person, property, house, residence, vehicle, papers, computers (as defined in Title 18, United States Code, Section 1030e(1)), other electronic communications or data storage devices or media, or office, to a search conducted by the United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.  An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision. Any search must be conducted at a reasonable time and in a reasonable manner.

AO 245B    (Rev. 11/16) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

Judgment — Page    6    of    7

DEFENDANT:            Gilbert McThunel, II
CASE NUMBER:          3:21CR00107-003

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|           | **Assessment** | **Fine** | **Restitution** |
|-----------|----------------|----------|-----------------|
| **TOTALS** | $  200 | $ | $ 61,331.88 |

☐   The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

**\*\* All payments are to be made payable to Clerk of Court by money order or cashier's check and mailed to: Clerk of Court, 911 Jackson Avenue, Room 369, Oxford, MS 38655. \*\***

| Name of Payee | Total Loss\* | Restitution Ordered | Priority or Percentage |
|---------------|--------------|---------------------|------------------------|
| United States Postal Service<br>c/o Rhonda Henry<br>P.O. Box 381388<br>Birmingham, AL 35238 | $60,706 | $60,706 | |
| Sylvester Cobbs | $625.88 | $625.88 | |
| **TOTALS** | $        61,331.88 | $        61,331.88 | |

☐   Restitution amount ordered pursuant to plea agreement $ _____

☒   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐   the interest requirement is waived for the    ☐ fine    ☐ restitution.

☐   the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 03/20) Judgment in a Criminal Case
            Sheet 6 — Schedule of Payments

Judgment — Page ___7___ of ___7___

DEFENDANT:        Gilbert McThunel, II
CASE NUMBER:      3:21CR00107-003

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☒ Lump sum payment of $ ___61,531.88___    due immediately, balance due

☐ not later than _____ , or
☒ in accordance with    ☐ C,  ☐ D,  ☐ E, or    ☒ F below; or

**B**  ☐ Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C**  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
term of supervision; or

**E**  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☒ Special instructions regarding the payment of criminal monetary penalties:

Pursuant to the plea agreement, payment of restitution is due and payable in full immediately.  Payment of any balance on any
remaining criminal monetary penalties after placement on probation or supervised release, or after release from incarceration to a
term of supervised release, shall be made in regular monthly installments of not less than 10 percent of the defendant's gross
monthly income or not less than $100 per month, whichever is greater.  Such payments to commence no later than 60 days from
placement on probation, supervised release or release from incarceration to a term of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due
during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial
Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

The defendant is jointly and severally liable for the entire amount of restitution with co-defendants Jamarr Smith (001)
and Thomas Iroko Ayodele (002).

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

TAB 10

AO 245B    (Rev. 11/16) Judgment in a Criminal Case
           Sheet 1

# UNITED STATES DISTRICT COURT

Northern District of Mississippi

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | ) | |
| | ) | |
| Thomas Iroko Ayodele | ) | Case Number: 0537 3:21CR00107-002 |
| | ) | USM Number: 73342-509 |
| | ) | |
| | ) | William F. Travis |
| | | Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☒ was found guilty on count(s)   One (1) and Two (2) of the Indictment
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2114(a) & 371 | Conspiracy to Commit Armed Robbery of a U.S. Postal Carrier | 02/05/2018 | 1 |
| 18 U.S.C. §§ 2114(a) & 2 | Aiding and Abetting Armed Robbery of a U.S. Postal Carrier | 02/05/2018 | 2 |

   The defendant is sentenced as provided in pages 2 through   7   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ is/are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 13, 2023
_____
Date of Imposition of Judgment

*Sharion Aycock*
_____
Signature of Judge

Sharion Aycock, U.S. District Judge
_____
Name and Title of Judge

June 15, 2023
_____
Date

AO 245B    (Rev. 11/16) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page    2    of    7

DEFENDANT:        Thomas Iroko Ayodele
CASE NUMBER:     3:21CR00107-002

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of:    **136 months.** This term consists of 60 months on Count 1 and 136 months on Count 2 of the Indictment, to be served
concurrently.

☒  The court makes the following recommendations to the Bureau of Prisons:

        The defendant be considered for placement in a BOP facility in Yazoo City, Mississippi, or Forrest City, Arkansas

☒  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant
delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 11/16) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

|  |  | Judgment—Page | 3 | of | 7 |

DEFENDANT:        Thomas Iroko Ayodele
CASE NUMBER:      3:21CR00107-002

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:    **5 years**

    This term consists of 3 years on Count 1 and 5 years on Count 2 of the Indictment, both terms to run concurrently.

1.  You must not commit another federal, state or local crime.

2.  You must not unlawfully possess a controlled substance.

3.  You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determine by the court.

    ☐   The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.  *(check if applicable.)*

4.  ☒   You must cooperate in the collection of DNA as directed by the probation officer.  *(check , if applicable.)*

5.  ☐   You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.  *(check if applicable.)*

6.  ☐   You must participate in an approved program for domestic violence.  *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

| | Judgment—Page | 4 | of | 7 |
|---|---|---|---|---|

DEFENDANT:         Thomas Iroko Ayodele
CASE NUMBER:    3:21CR00107-002

# STANDARD CONDITIONS OF SUPERVISION

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions.  For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245B    (Rev. 11/16) Judgment in a Criminal Case
           Sheet 3C — Supervised Release

| | | Judgment—Page | 5 | of | 7 |

DEFENDANT:        Thomas Iroko Ayodele
CASE NUMBER:      3:21CR00107-002

## SPECIAL CONDITIONS OF SUPERVISION

1.    The defendant shall provide the probation officer with access to any requested financial information.

2.    The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

3.    The defendant shall participate in a program of testing and treatment for substance abuse, details of which will be outlined and supervised by the probation officer, until such time as the defendant successfully completes the program or is deemed by the treatment provider to no longer be in need of treatment.

4.    The defendant shall not possess, ingest, or otherwise use marijuana or marijuana products, unless prescribed by a licensed practitioner for legitimate medical purposes.

5.    The defendant shall submit his person, property, house, residence, vehicle, papers, computers (as defined in Title 18, United States Code, Section 1030e(1)), other electronic communications or data storage devices or media, or office, to a search conducted by the United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.  An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision. Any search must be conducted at a reasonable time and in a reasonable manner.

AO 245B    (Rev. 11/16) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 6 of 7

DEFENDANT:    Thomas Iroko Ayodele
CASE NUMBER:    3:21CR00107-002

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 200 | $ | $ 61,331.88 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

**\*\* All payments are to be made payable to Clerk of Court by money order or cashier's check and mailed to: Clerk of Court, 911 Jackson Avenue, Room 369, Oxford, MS 38655. \*\***

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| United States Postal Service c/o Rhonda Henry P.O. Box 381388 Birmingham, AL 35238 | $60,706 | $60,706 | |
| Sylvester Cobbs | $625.88 | $625.88 | |
| **TOTALS** | $ 61,331.88 | $ 61,331.88 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☒ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 03/20) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ___7___ of ___7___

DEFENDANT:        Thomas Iroko Ayodele
CASE NUMBER:      3:21CR00107-002

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☒ Lump sum payment of $    61,531.88    due immediately, balance due

   ☐ not later than _____ , or
   ☒ in accordance with   ☐ C,  ☐ D,  ☐ E, or   ☒ F below; or

**B**  ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**  ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of  $_____ over a period of
   _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of  $_____ over a period of
   _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
   term of supervision; or

**E**  ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
   imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☒ Special instructions regarding the payment of criminal monetary penalties:

   Pursuant to the plea agreement, payment of restitution is due and payable in full immediately.  Payment of any balance on any
   remaining criminal monetary penalties after placement on probation or supervised release, or after release from incarceration to a
   term of supervised release, shall be made in regular monthly installments of not less than 10 percent of the defendant's gross
   monthly income or not less than $100 per month, whichever is greater.  Such payments to commence no later than 60 days from
   placement on probation, supervised release or release from incarceration to a term of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due
during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial
Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

   The defendant is jointly and severally liable for the entire amount of restitution with co-defendants Jamarr Smith (001) and
   Gilbert McThunel, II (003).

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

TAB 11

AO 106 (Rev. 04/10)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

Northern District of Mississippi

In the Matter of the Search of                  )
*(Briefly describe the property to be searched*          )
*or identify the person by name and address)*           )   Case No.  3:18MJ007-RP
                                                )
Files and records maintained by Google Inc., 1600      )
Ampitheater Parkway, Mountain View, CA 94043         )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
Files and records maintained by Google Inc., 1600 Ampitheater Parkway, Mountain View, CA 94043

located in the          Northern          District of          California          , there is now concealed *(identify the person or describe the property to be seized)*:
Location information, subscriber information and other evidence as set forth more fully in the attached Affidavit.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2114(a) | Robbery of a U. S. Postal Employee |

The application is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*
INSPECTOR  U. S. POSTAL INSPECTION SERVICE
Todd Matney, Special Agent, US Postal Service, OIG

*Printed name and title*

Sworn to before me and signed in my presence.

Date:  Nov. 8, 2018

*Judge's signature*

City and state:  Oxford, Mississippi

LeRoy D. Percy, United States Magistrate Judge
*Printed name and title*

## Exhibit "A"

23-60321.104

## <u>Affidavit in Support of Search Warrant Application</u>

I, Todd Matney, being duly sworn, depose and say:

I have been a duly authorized Postal Inspector with the United States Postal Inspection Service for approximately 13 months. I am currently assigned to the U.S. Postal Inspection Service Domicile in Oxford, Mississippi. Pursuant to Title 18, United States Code, Section 3061, my duties include the investigation of crimes that may have a nexus or link to the U.S. Postal Service. I have previously investigated instances of robbery and assault of federal employees. I have received training in the investigation of these crimes at the Federal Law Enforcement Training Center, the U.S. Secret Service training academy and the U.S. Postal Inspection Service training academy. During my law enforcement career, which includes approximately 10 plus years as a police officer, approximately 10 plus years as a Special Agent with the U.S. Secret Service and approximately three years as a Special Agent with U.S. Postal Service Office of Inspector General, I have attended numerous training classes covering a wide range of investigative techniques.

## <u>INTRODUCTION</u>

1.    This affidavit is made in support of an application for a search warrant for information that is maintained on computer servers controlled by Google, Inc. ("Google"), an email provider headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043. The information to be searched is described in the following paragraphs and in Section I of Attachment A, which consists of Google location data associated with a particular specified location at a particular time, as specified in Section I of Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. section 2703(c)(1)(A) to require Google to disclose to the government copies of the information further described in Section II of Attachment A.

## Exhibit "B"

23-60321.105

2.      Based on the facts set forth in this affidavit, there is probable cause to believe that the Google accounts identified in Section I of Attachment A, associated with a particular specified location at a particular specified time, contain evidence, fruits and instrumentalities of a violation of 18 U.S.C. section 2114(a), Robbery of a U.S. Postal Service Employee.  This affidavit is based upon my personal knowledge, my review of documents and other evidence, and my conversations with other law enforcement officers, as well as my training and experience concerning the use of email in criminal activity. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts I have learned during my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

## JURISDICTION AND AUTHORITY TO ISSUE WARRANT

3.      Pursuant to 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A), the Government may require a provider of an electronic communications service or a remote computing service, such as the Provider, to disclose all stored content and all non-content records or other information pertaining to a subscriber, by obtaining a warrant issued using the procedures described in the Federal Rules of Criminal Procedure.

4.      A search warrant under § 2703 may be issued by "any district court of the United States (including a magistrate judge of such a court)" that "has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

5.      When the Government obtains records under § 2703 pursuant to a search warrant, the Government is not required to notify the subscriber of the existence of the warrant. 18 U.S.C. § 2703(a), (b)(1)(A), (c)(2) & (3).  Additionally, the Government may obtain an order precluding the Provider from notifying the subscriber or any other person of the warrant, for such period as the Court deems appropriate, where there is reason to believe that such notification will seriously jeopardize an investigation.  18 U.S.C. § 2705(b).

## BACKGROUND RELATING TO GOOGLE, GOOGLE LOCATIONS SERVICES AND RELEVANT TECHNOLOGY

6.      A cellular telephone or mobile telephone is a handheld wireless device primarily used for voice, text, and data communication through radio signals.  Cellular telephones send signals through networks of transmitter/receivers called "cells," enabling communication with other cellular telephones or traditional "landline" telephones. Cellular telephones rely on cellular towers, the location of which may provide information on the location of the subject telephone.  Cellular telephones may also include global positioning system ("GPS") technology for determining the location of the device.

7.      Google is a company which, among other things, provides electronic communication services to subscribers, including email services.  Google allows subscribers to obtain email accounts at the domain name gmail.com and/or google.com. Subscribers obtain an account by registering with Google.  A subscriber using the Provider's services can access his or her email account from any computer connected to the Internet.

8.      Google has developed an operating system for mobile devices, including cellular phones, known as Android, which has a proprietary operating system.  Nearly every cellular phone using the Android operating system has an associated Google account, and users are prompted to add a Google account when they first turn on a new Android device. Based on my training and experience, I have learned that Google collects and retains location data from Android-enabled mobile devices when a Google account user has enabled Google location services.  Google can also collect location data from non-Android devices if the device is registered to a Google account and the user has location services enabled.   The company uses this information for location-based advertising and location-based search results.  This location information is derived from GPS data, cell site/cell tower information, and Wi-Fi access points.

9.      Location data can assist investigators in understanding a fuller geographic picture and timeline, which may tend to identify potential witnesses, as well as possibly inculpating or exculpating account owners.  Additionally, location information digitally integrated into image, video, or other computer files sent via email can further indicate

the geographic location of the accounts user at a particular time (e.g., digital cameras, including on cellular telephones, frequently store GPS coordinates indicating where a photo was taken in the metadata of image file).

## PROBABLE CAUSE STATEMENT

10.     Sylvester Cobbs works as a U.S. Postal Service Highway Contract Route driver. Cobbs' duties include picking up the mail from the Dundee, Tunica, Robinsonville, Lake Cormorant, and Walls, Mississippi Post Offices and transporting that mail to the Processing and Distribution Center in Memphis, Tennessee.

11.     On February 5, 2018, at or around 5:25 p.m., Cobbs was performing his official duties, in a truck clearly marked "U.S. Mail," by picking up the mail from the Lake Cormorant Post Office, located at 12744 Star Landing Road West, Lake Cormorant, MS 38641, which is located in Desoto County, Mississippi.

12.     While parked in the parking lot of the Lake Cormorant Post Office, Cobbs was approached from behind by an African-American male subject described as being approximately 5'9" to 6'0" tall, wearing a black long sleeve shirt and a black ski mask.

13.     Postal Inspectors interviewed Cobbs who stated he was approached from behind by the subject who pointed a handgun with one hand and had some form of mace in the other hand. The subject told Cobbs he would shoot him. The subject tried to lock Cobbs inside the vestibule of the post office. Cobbs fought back with the subject and was ultimately pistol whipped several times in the parking lot. The subject went to the rear of the mail truck and stole three registered mail sacks and Cobbs' keys to the post offices. Cobbs said the subject walked to the rear of the truck and took exactly what he was looking for, as if he knew what was in the bags.

14.     Cobbs reported the subject walked away. Cobbs stated he drove his truck across the street where he called his wife, then postal management. Later that night, Cobbs sought medical treatment for his injuries. Cobbs reported he saw a new model dark red or maroon Hyundai vehicle in the area before the robbery.

15.     In the days following the robbery, Postal Inspectors located surveillance footage from a nearby farm which captured the robbery on video. The video surveillance not only showed a maroon Hyundai, believed to be an Elantra, but also a large white

SUV; this vehicle is believed to be a newer model GMC Yukon XL. The subject was seen on video getting out of the GMC Yukon prior to the robbery. Additionally, based on a review of the video, it is reasonable to conclude the subject got back into the white SUV upon fleeing the scene.

16.     Postal Inspectors conducted a detailed review of the video surveillance and it appears the robbery suspect is possibly using a cellular device both before and after the robbery occurs.

17.     The investigation revealed that the subjects stole three registered mail sacks from Dundee, MS 38680; Tunica, MS 38676; and Robinsonville, MS 38664 Post Offices; the total of all the remittances was about $60,706.

18.     Based on my training and experience, this was a premeditated crime that took the knowledge of planning of multiple offenders. Based on the amount of U.S. Currency that was contained in the registered mail sacks; the behavior of the suspect vehicles; and the subject fleeing the scene in a similar vehicle, shows the likelihood that cell phones were used for talking on the phone or sending other digital messages such as but not limited to text messages and/or emails. I believe this information will assist in determining who planned, surveilled, and/or committed the robbery of Sylvester Cobbs and/or may assist in locating additional witnesses.

## EVIDENCE, FRUITS AND INSTRUMENTALITIES

19.     Based on the foregoing, I respectfully submit that there is probable cause to believe that information stored on the Providers' servers associated with the Google accounts accessed at particular specified location at a particular specified time, as specified in Section I of Attachment A of the proposed warrant, will contain evidence, fruits and instrumentalities of the Subject Offenses.

20.     In particular, the geographical region bounded by the latitudinal and longitudinal coordinates indicated in Section I of Attachment A and the time specified in Section I of Attachment A to the proposed warrant reflects the period between 5:00 p.m. CT and 6:00 p.m. CT on February 5, 2018. The specific longitude and latitude indicated in Attachment A was identified through the use of mapping software, which matched the longitude and latitude indicated in Attachment A as corresponding to the area of Latitude

34.90467 Longitude -90.216485 where the robbery took place (Lake Cormorant, MS Post Office). This Application seeks authority to collect certain location information related to Google accounts that were located within the Target Area during the Target Time Period (the "Subject Accounts").

21.     The information sought from Google regarding the Subject Accounts, specified in Section II of Attachment A to the proposed warrant, will identify which cellular devices were near the location where the robbery took place and may assist law enforcement in determining which persons were present or involved with the robbery under investigation. The requested information includes:

a.     *Location information.* All location data, whether derived from Global Positioning System (GPS) data, cell site/cell tower triangulation/trilateration, and precision measurement information such as timing advance or per call measurement data, and Wi-Fi location, including the GPS coordinates, estimated radius, and the dates and times of all location recordings, during the Target Time Period;

b.     Each device corresponding to the location data to be provided by Google will be identified only by a numerical identifier, without any further content or information identifying the user of a particular device. Law enforcement will analyze this location data to identify users who may have witnessed or participated in the Subject Offenses and will seek any additional information regarding those devices through further legal process.

## REQUEST FOR NON-DISCLOSURE AND SEALING

22.     Based on the forgoing, I respectfully request that the Court issue the proposed search warrant. Because the warrant will be served on Google who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

23.     The scope of this ongoing criminal investigation is not publicly known. As a result, premature public disclosure of this affidavit or the requested warrant could alert potential criminal targets that they are under investigation, causing them to destroy evidence, flee from prosecution, or otherwise seriously jeopardize the investigation. In light of the violent nature of the crime under investigation, premature revelation of this

investigation may alert dangerous targets that they have been identified by others.

24. Accordingly, there is reason to believe that, were the Provider to notify subscribers of the Subject Accounts or others of the existence of the warrant, the investigation would be seriously jeopardized. Pursuant to 18 U.S.C. § 2705(b), I therefore respectfully request that the Court direct the Provider not to notify any person of the existence of the warrant for a period of 180 days from issuance, subject to extension upon application to the Court, if necessary.

25. For similar reasons, I respectfully request that this affidavit and all papers submitted herewith be maintained under seal until the Court orders otherwise, except that the Government be permitted without further order of this Court to provide copies of the warrant and affidavit as need be to personnel assisting it in the investigation and prosecution of this matter, and to disclose those materials as necessary to comply with discovery and disclosure obligations in any prosecutions related to this matter.

## CONCLUSION

26. Based on the foregoing, I respectfully request that the warrant sought herein pursuant to the applicable provisions of the Stored Communications Act, 18 U.S.C. § 2703(b)(1)(A) (for contents) and § 2703(c)(1)(A) (for records and other information), and the relevant provisions of Federal Rule of Criminal Procedure 41.

Respectfully Submitted,

Todd Matney
United States Postal Inspector

Sworn and subscribed before me on this 8th day of ___Nov.___, 2018.

LeRoy D. Percy
U.S. Magistrate Judge

## ATTACHMENT A

### I.  Subject Accounts and Execution of Warrant

This warrant is directed to Google, Inc. (the "Provider"), headquartered at 1600 Amphitheatre Parkway, Mountain View, California, 94043, and applies to all content and other information within the Provider's possession, custody, or control associated with the Google accounts located within the geographical region bounded by the following latitudinal and longitudinal coordinates between 5:00 p.m. CT and 6:00 p.m. CT on February 5, 2018 (the "Subject Accounts"):

Geographical box with the following 4 (four) latitude and longitude coordinates:

1). NW: 34.906562, -90.21698
2). SW: 34.903791, -90.217003
3). NE: 34.906574, -90.213449
4). SE: 34.903816, -90.213441

The highlighted area in the below map is the area represented by the coordinates listed above and the location pinned in the middle of the highlighted area is the location of the Lake Cormorant Post Office.



23-60321.112

AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Northern District of Mississippi

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 3:18MJ007-RP
)
Files and records maintained by Google Inc., 1600 )
Ampitheater Parkway, Mountain View, CA 94043 )

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the     Northern     District of     California
*(identify the person or describe the property to be searched and give its location)*:
Files and records maintained by Google Inc., 1600 Ampitheater Parkway, Mountain View, CA 94043

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
Location information, subscriber information, and other evidence as set forth more fully in the attached Affidavit.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before     Nov. 22, 2018
                                                                  *(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10 p.m.     ☑ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
                    Roy Percy
                    *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*  ☐ for _____ days *(not to exceed 30)*.
                                                      ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: Nov. 8, 2018 2:43 p.m.

                                                                  *Judge's signature*

City and state:     Oxford, MS                    LeRoy D. Percy, United States Magistrate Judge
                                                   *Printed name and title*

# Exhibit "C"

## II. Information to Be Provided by the Provider

To the extent within the Provider's possession, custody, or control, the Provider is directed to produce the following information associated with the Subject Accounts, which will be reviewed by law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate any evidence, fruits, and instrumentalities of 18 U.S.C. section 2114(a), Robbery of a U.S. Postal Service Employee.

1. *Location information.* All location data, whether derived from Global Positioning System (GPS) data, cell site/cell tower triangulation/trilateration, and precision measurement information such as timing advance or per call measurement data, and Wi-Fi location, including the GPS coordinates, estimated radius, and the dates and times of all location recordings, **between 5:00 p.m. CT and 6:00 p.m. CT on February 5, 2018**;

2. Any user and each device corresponding to the location data to be provided by the "Provider" will be identified only by a numerical identifier, without any further content or information identifying the user of a particular device. Law enforcement will analyze this location data to identify users who may have witnessed or participated in the Subject Offenses and will seek any additional information regarding those devices through further legal process.

3. For those accounts identified as relevant to the ongoing investigation through an analysis of provided records, and upon demand, the "Provider" shall provide additional location history outside of the predefined area for those relevant accounts to determine path of travel. This additional location history shall not exceed 60 minutes plus or minus the first and last timestamp associated with the account in the initial dataset. (The purpose of path of travel/contextual location points is to eliminate outlier points where, from the surrounding data, it becomes clear the reported point(s) are not indicative of the device actually being within the scope of the warrant.)

4. For those accounts identified as relevant to the ongoing investigation through an analysis of provided records, and upon demand, the "Provider" shall provide the subscriber's information for those relevant accounts to include, subscriber's name, email addresses, services subscribed to, last 6 months of IP history, SMS account number, and registration IP.



United States vs. Jamarr Smith, et al.

3:21-CR107-NBB-RP

---

Spencer J. McInvaille CTNS, CWA, CCO, CCPA

Digital Forensic Examiner and Cellular Analyst

2700 Gateway Centre Blvd, Suite 100

**Exhibit "D"**

23-60321.115

## Qualifications

I am currently a Technical Lead with Envista Forensics in Morrisville, North Carolina. In this capacity, I provide consulting and analytical services to defense attorneys, prosecutors, and plaintiff attorneys in the practice of mobile device forensics. Coming from a law enforcement background, I have analyzed call detail records and historical cell site location information, performed mobile device extractions, and have rendered conclusions pertaining to criminal cases. I have also performed those same duties in my capacity with Envista Forensics. I am a Certified Telecommunications Network Specialist (CTNS) and a Certified Wireless Analyst (CWA). I am also a Cellebrite Certified Operator (CCO) and a Cellebrite Certified Physical Analyst (CCPA). I have extensive training and experience analyzing location data such as call detail records, global positioning data, mobile device forensics, mobile networks, wireless communications, and rendering opinions about these data types. I have qualified and testified as an expert over 35 times in State and Federal Courts in the following states: California, Florida, Illinois, Maryland, Michigan, Minnesota, Missouri, North Carolina, New Jersey, South Carolina, Texas, and Virginia. My expert testimony has included the areas of Historical Cell Site Analysis, Global Positioning System, Google Location History, and Mobile Device Forensics. I have testified in both State and Federal Courts in reference to Google Geofence warrants.

## Geofence Warrant Process Overview

Google Geofence Warrants provide locations associated with devices belonging to Google account users with Location History enabled. Location History is a service of Google, which Google has described as a personal and private journal of the user's locations. This is not to be confused with location services on mobile devices, which refers to the device-based settings such as those you see when choosing whether to use airplane mode or not. Location History is an account-level setting allowing data to be collected across any devices with the account logged in. Google states Location History allows the user to better tailor searches and enhance their user experience.

Geofence warrants demand Google search their databases so law enforcement can locate unknown suspects. Google states this search requires them to search their entire database

23-60321.116

containing Location History to locate any users within an area prescribed by law enforcement. Google has contended this search is performed only when demanded by law enforcement and is not a normal business function. All user accounts with Location History are queried for Google to respond to the warrant. This large-scale search occurs because all Location History is stored in a database and identified with individual device IDs. These details are described by Google employee Marlo McGriff in a declaration filed in other geofence cases, March 11, 2020. (Marlo McGriff declaration, Attachment I) Google has quantified the number of accounts searched for each geofence in a declaration. *"In October 2018, there were approximately 592 million daily active users of Location History worldwide. Roughly one-third of all active Google users had Location History enabled on their accounts."* (Emily Mosley declaration, March 4, 2022, Attachment II). This means for each geofence contained within a single warrant, approximately 592 million accounts are searched to determine whether they contain responsive data to the warrant.

23-60321.117

## Case Specific Analysis

The geofence warrant, in this case, is broken down into three steps. Figure 1 color codes each step as they were directed in the warrant affidavit written by Inspector Todd Matney of the United States Postal Inspection Service and the area described to be searched.

Figure 1.



**II. Information to Be Provided by the Provider**

To the extent within the Provider's possession, custody, or control, the Provider is directed to produce the following information associated with the Subject Accounts, which will be reviewed by law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate any evidence, fruits, and instrumentalities of 18 U.S.C. section 2114(a), Robbery of a U.S. Postal Service Employee.

1.   *Location information.* All location data, whether derived from Global Positioning System (GPS) data, cell site/cell tower triangulation/trilateration, and precision measurement information such as timing advance or per call measurement data, and Wi-Fi location, including the GPS coordinates, estimated radius, and the dates and times of all location recordings, **between 5:00 p.m. CT and 6:00 p.m. CT on February 5, 2018**;    [**Step 1**]

2.   Any user and each device corresponding to the location data to be provided by the "Provider" will be identified only by a numerical identifier, without any further content or information identifying the user of a particular device.  Law enforcement will analyze this location data to identify users who may have witnessed or participated in the Subject Offenses and will seek any additional information regarding those devices through further legal process.

3.   For those accounts identified as relevant to the ongoing investigation through an analysis of provided records, and upon demand, the "Provider" shall provide additional location history outside of the predefined area for those relevant accounts to determine path of travel.  This additional location history shall not exceed 60 minutes plus or minus the first and last timestamp associated with the account in the initial dataset.  (The purpose of path of travel/contextual location points is to eliminate outlier points where, from the surrounding data, it becomes clear the reported point(s) are not indicative of the device actually being within the scope of the warrant.)    [**Step 2**]

4.   For those accounts identified as relevant to the ongoing investigation through an analysis of provided records, and upon demand, the "Provider" shall provide the subscriber's information for those relevant accounts to include, subscriber's name, email addresses, services subscribed to, last 6 months of IP history, SMS account number, and registration IP.    [**Step 3**]

23-60321.118

Figure 1 cont.

## ATTACHMENT A

### I. Subject Accounts and Execution of Warrant

This warrant is directed to Google, Inc. (the "Provider"), headquartered at 1600 Amphitheatre Parkway, Mountain View, California, 94043, and applies to all content and other information within the Provider's possession, custody, or control associated with the Google accounts located within the geographical region bounded by the following latitudinal and longitudinal coordinates between 5:00 p.m. CT and 6:00 p.m. CT on February 5, 2018 (the "Subject Accounts"):

Geographical box with the following 4 (four) latitude and

longitude coordinates:

1). NW: 34.906562, -90.21698
2). SW: 34.903791, -90.217003
3). NE: 34.906574, -90.213449
4). SE: 34.903816, -90.213441

The highlighted area in the below map is the area represented by the coordinates listed above and the location pinned in the middle of the highlighted area is the location of the Lake Cormorant Post Office.



**Step 1** requires Google to search approximately 592 million accounts with Location History to determine which users were within the boundaries during the time constraints of the "initial search parameters" prescribed by the affiant. Those device IDs and their estimated location

23-60321.119

within the geofence were returned in a spreadsheet, "21657812.Location040419.csv". This spreadsheet lists each of the device IDs and their locations. Each row indicates the device, date/time, latitude and longitude, the source used for the estimate, and the maps display radius or confidence. (Figure 2 is an example of the data returned). The maps display radius is indicated in meters and the radius is drawn around the center point referenced with the latitude and longitude. (Figure 3 is an example of the maps display radius). Google estimates the device should be located within the circle and states their goal is for that to be true 68% of the time. (Declaration Marlo McGriff, March 11, 2020)

Figure 2

| Device ID | Date | Time | Latitude | Longitude | Source | Maps Display Radius (m) |
|---|---|---|---|---|---|---|
| 1091690859 | 2/5/2018 | 17:22:45 (-06:00) | 34.9044587 | -90.2159436 | WIFI | 122 |
| 1091690859 | 2/5/2018 | 17:24:45 (-06:00) | 34.9044587 | -90.2159436 | WIFI | 98 |
| 1091690859 | 2/5/2018 | 17:27:04 (-06:00) | 34.9044587 | -90.2159436 | WIFI | 122 |
| 1091690859 | 2/5/2018 | 17:27:35 (-06:00) | 34.9044587 | -90.2159436 | WIFI | 104 |
| 1091690859 | 2/5/2018 | 17:28:06 (-06:00) | 34.9044587 | -90.2159436 | WIFI | 92 |
| 1091690859 | 2/5/2018 | 17:28:42 (-06:00) | 34.9044587 | -90.2159436 | WIFI | 146 |
| 1091690859 | 2/5/2018 | 17:30:56 (-06:00) | 34.9044587 | -90.2159436 | WIFI | 347 |
| 1353630479 | 2/5/2018 | 17:58:35 (-06:00) | 34.9044587 | -90.2159436 | WIFI | 110 |
| 1577088768 | 2/5/2018 | 17:22:27 (-06:00) | 34.9040345 | -90.2155925 | GPS | 11 |
| 1577088768 | 2/5/2018 | 17:24:04 (-06:00) | 34.9042131 | -90.2155945 | GPS | 18 |
| 1577088768 | 2/5/2018 | 17:25:08 (-06:00) | 34.9045528 | -90.2151712 | GPS | 37 |

Figure 3



23-60321.120

The affiant states in step 1 that "Law enforcement will analyze this location data [21657812.Location040419.csv] to identify users who may have witnessed or participated in the Subject Offenses and will seek any additional information regarding those devices [Device IDs] through further legal process" (November 8, 2018 Google Search Warrant, Matney), which requires an analysis of the step 1 data and for law enforcement to decide which Device IDs they wish to receive additional Location History on (steps 2 & 3). Step 1, in this case, located three device IDs.

Step 1 in this case uses a geofence referenced in the search warrant with 4 geolocation points to create a square shape. This geofence covers approximately 98,192 square meters. Due to the manner in which Google acquires these location estimates and then reports them as responsive, devices have often been returned as responsive even when the device was outside of the geofence. This is because the device can be located anywhere within the blue circle reference in Figure 2. In figure 4 (below) you can see the geofence requested and in figure 5 (below) you can see one of the responsive data points from the search warrant step 1 return.

Figure 4.



23-60321.121

Figure 5.



The data point in figure 4 is a responsive data point returned in this case. It is a 347-meter display radius encompassing the geofence and surrounding areas. Based on documentation from Google, this device could be located anywhere within the blue circle. Further, based on Google's representatives, the device could also be located outside of this circle. Making the search area more than three times larger than what is depicted by the warrant and shown in figure 3.

**Step 2** is a request for contextual data. In step two, a request for additional Location History allows for data to be received that is outside of the initial search parameters. The data can show the devices before and after they were indicated as responsive in the step 1 data.

Sarah Rodriguez, with Google, describes when step 2 data is provided in her declaration dated March 11, 2020. Rodriguez stated, "Second, the government reviews the de-identified production version to determine the device numbers of interest. If additional de-identified location information for a device in the production is necessary to eliminate false positives or otherwise determine whether that device is relevant to the investigation, law enforcement can compel Google to provide additional contextual location coordinates beyond the time and geographic scope of the original request (if authorized in that request)." Rodriguez stated further,

23-60321.122

"Finally, based on the de-identified data produced, the government can compel Google (if authorized in the request) to provide account-identifying information for the device numbers in the production that the government determines are relevant to the investigation. In response, Google provides account subscriber information such as the email address associated with the account and the name entered by the user on the account." (Sarah Rodriguez declaration, Attachment III)

Step 2 data was not contained in the discovery and appears to have been skipped.

**Step 3** is a request for Subscriber information. In step 3, three device IDs were requested for subscriber information or to be "de-anonymized." This data was provided with, "Letter 2165781" and provided the following files, "2165781.Key.csv", "bleek2004.AccountInfo.txt", "jamarrsmith33.AccountInfo.txt" and "permanentwavesrecords.AccountInfo.txt". Theses files were provided in response to, "Search Warrant dated November 8, 2018 (Google Ref. No. 2165781) Case No.: 3:18MJ007-RP". Google provided both step 1 and step 3 data as a result of the warrant dated, November 8, 2018.

**Conclusions**

I have analyzed the Google geofence warrant, the responsive data to that warrant. Based on the search warrant dated November 8, 2018, the warrant requested the data relevant to the initial search parameters (step 1) and Google returned the following file, "21657812.Location040419.csv". This data contained 3 Device ID's.

Additional information for all three Device IDs in step 1 was provided June 10, 2019. Google provided subscriber information as described in the November 8, 2018, Google Search Warrant. This data was accompanied by a response letter, "Letter 2165781" which advised the response was in regard to, "Search Warrant dated November 8, 2018 (Google Ref. No. 2165781) Case No.: 3:18MJ007-RP".

While assisting counsel in this matter, I requested all emails or correspondence between Law Enforcement and Google related to these requests. In my experience, there are communications for these requests and these communications provide significant insight into the process by which data was requested and responded to. I have not been provided with any of those communications as of the date of this report.

It is my professional opinion that approximately 592 million Google accounts were searched to provide the Government 3 device identifiers listed in step 1 data return. Google has documented they cannot complete a search to locate responsive data without searching all accounts. This search occurs no matter the size, shape, or timeframes provided within the warrant. Further, based on the data contained, the effective range of the geofence was larger than directed in the warrant request due to the manner in which data was requested by the Government. Lastly, both step 1 and step 3 data sets were provided in response to one single warrant, despite the affiant stating, "…[law enforcement] will seek any additional information regarding those devices [Device IDs in step 1] through further legal process". As written, an additional warrant was needed to obtain the subscriber information (step 3). The conclusions and opinions are based on my experience in Google geofence warrants, the analysis of responsive data and the documents in this case.

Spencer McInvaille

Technical Lead - Envista Forensics

# <u>CERTIFICATE OF SERVICE</u>

I, Goodloe T. Lewis, Paul Chiniche, and William Travis hereby certify that on December 1, 2023, the Appellant's Brief was served via ECF to lead trial counsel for Plaintiff/Appellee, Assistant U.S. Attorney Robert Mims  at <u>robert.mims@usdoj.gov</u>. I also certify that: 1) all privacy redactions have been made pursuant to 5th Cir. Rule 25.2.13; 2) the electronic submission is an exact copy of the paper documents pursuant to 5th Cir. Rule 25.2.1; and 3) the document has been scanned for viruses with the most recent version of Norton Anti-virus and is free of viruses.  Further, I certify that I sent a paper copy via regular mail to Defendants/Appellants Jamarr Smith, Gilbert McThunel, II, and Thomas Ayodele and District Judge Sharion Aycock.

*/s/ Goodloe T. Lewis*
GOODLOE T. LEWIS

*/s/ Paul Chiniche*
PAUL CHINICHE

*/s/ William F. Travis*
WILLIAM F. TRAVIS
