IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA, *Plaintiff-Appellee*

V.                                                                    CASE NO: 23-60321

JAMARR SMITH, GILBERT MCTHUNEL, II,
AND THOMAS AYODELE, *Defendants-Appellants*

## **GOVERNMENT/APPELLEE'S RESPONSE TO COURT'S INQUIRY [93]**

Comes now the United States of America, by and through the United States Attorney and the undersigned Assistant United States Attorney and responds as follows:

On April 8, 2024, this Court filed a letter inquiring:

[W]ill the United States seek geofence warrants in the future? Also, please provide an explanation of the changes that Google is making that will affect the availability of future geofence warrants.

Letter from Deputy Clerk, Peter Conners to Counsel for the Appellee, (April 8, 2024). [Docket No. 93].

The Government has conferred with Google and is prepared to respond.

*Google Geofence Warrants*

Google, LLC received 982 geofence warrants in 2018, 8,396 geofence warrants in 2019 and 11,554 geofence warrants in 2020. Zach Whittaker, *Google Says Geofence Warrants Make Up One-quarter of All US Demands, Tech Crunch*,

(Aug. 19, 2021), https://techcrunch.com/2021/08/19/google-geofence-warrants/. Between 2018 and 2022, approximately 25 percent of all warrants Google received were geofence warrants. Skye Witley, *Google's Location Data Move Will Reshape Geofence Warrant Use*, Bloomberg Law (Dec. 20, 2023), (https://news.bloomberglaw.com/privacy-and-data-security/googles-location-data-move-will-reshape-geofence-warrant-use).

Google uses its Location History information to respond to geofence warrants; it has stated that Location History information is the only information stored by Google that is associated with specific users and sufficiently granular to be responsive to a geofence warrant. ROA.139. On December 12, 2023, Google announced that it will migrate Location History data from storage in its centralized database to storage on individual users' devices. Marlo McGriff, *Updates to Location History and New Controls Coming Soon to Maps*, Google Maps Blog (Dec. 12, 2023), https://blog.google/products/maps/updates-to-location-history-and-new-controls-coming-soon-to-maps/. Users can also choose to backup their location data on Google's servers; this backup will be encrypted and not available to Google. *Id*.

Currently, the Government is still seeking Google geofences. However, Google confirmed to the United States this week that once Location History data has been migrated to a user's device, it cannot be captured by a geofence warrant. Google states that the migration of Location History from Google's servers to users'

devices has been underway for the past several months, and Google currently anticipates that this migration will be complete within the next several months. Once this migration is complete, Google states that it will be unable to respond to geofence warrants.

*Other Geofence Warrants*

As this Court asked whether the United States will seek geofence warrants in the future, the United States notes that it may in the future seek geofence warrants from sources other than Google. For example, cell tower dumps are essentially a form of geofence, and in *United States v. James*, 3 F.4th 1102 (8th Cir. 2021), the Eighth Circuit held that a series of cell tower dump warrants used to solve a series of robberies complied with the Fourth Amendment. The Fourth Amendment analysis applicable to other forms of geofence warrants will likely share much in common with that of Google geofence warrants, but it will also depend on specific facts and circumstances associated with the information sought in the other geofence warrants.

*Appellants' Contentions in its Reply Brief Regarding Google's Announcement of the Migration*

The Appellants contend in their reply brief that Google's migration of Location History information solidifies their position that this is personal, private location data protected by the Fourth Amendment. This argument misses the mark. Appellants had no reasonable expectation of privacy in Google's records of their

Location History because they voluntarily conveyed their location to Google in exchange for receiving the benefits of Google services. Because Google location service is an opt-in service, Appellants took affirmative steps to disclose their location information to Google. ROA.134. Moreover, they agreed that Google would have access to their location information for purposes ranging from providing them with targeted advertising or assistance with driving directions to Google's development of new services. ROA.134; *See* Google Privacy Policy (available at https://policies.google.com/privacy/archive/20190122). The fact that Google is now making major changes to Location History such that users will no longer disclose their Location History to Google does not retroactively provide users with Fourth Amendment protection for information that they previously voluntarily disclosed to Google.

For the above-stated reasons, the judgment of the district court should be affirmed in all respects.

Respectfully submitted, this the 18th day of April, 2024.

        CLAY JOYNER
        United States Attorney
        MS Bar No. 10316

        By: */s/ Clyde McGee IV*
        CLYDE MCGEE IV
        MS Bar No. 102229
        Assistant United States Attorney
        Northern District of Mississippi
        900 Jefferson Avenue
        Oxford, Mississippi 38655
        Telephone: (662) 234-3351
        Criminal Division Fax: (662) 234-0657

        */s/Robert J. Mims*
        ROBERT J. MIMS
        MS Bar No. 9913
        Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I, Clyde McGee IV, Assistant United States Attorney for the Northern District of Mississippi, hereby certify that I have this day filed this Response to the Court's Inquiry with the Court's CM/ECF filing system which caused an email to be sent with an electronic link to a true copy of said brief to the following:

Goodloe T. Lewis, MSB# 9889
Attorney of Record for Jamarr Smith
Defendant/Appellant
Email: glewis@hickmanlaw.com

Paul Chiniche, MSB #101582
Attorney of Record for Gilbert McThunel, II
Defendant/Appellant
Email: pc@chinichelawfirm.com

William F. Travis, MSB #8267
Attorney of Record for Thomas Ayodele
Defendant/Appellant
Email: bill@southavenlaw.com

This the 18th day of April, 2024.

By: */s/ Clyde McGee IV*
CLYDE MCGEE IV
MS Bar No. 102229
Assistant United States Attorney
Northern District of Mississippi


*/s/Robert J. Mims*
ROBERT J. MIMS
MS Bar No. 9913
Assistant United States Attorney