IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA                 PLAINTIFF/APPELLEE

V.                                                                        CASE NO.: 23-60321

JAMARR SMITH, ET AL                          DEFENDANTS/APPELLANTS

**REPLY TO GOVERNMENT/APPELLEE'S
RESPONSE TO COURT'S INQUIRY**

COMES NOW, Jamarr Smith, by and through counsel, and replies to the Government/Appelle's Response to Court's Inquiry, [ECF No. 96] (hereinafter "Governments Response"), and states as follows:

On April 8, 2024, this Court directed the government to answer whether the United States will seek geofence warrants in the future, and to explain the "changes that Google is making that will affect the availability of future geofence warrants." (Court's Inquirty, [ECF No. 93]). The Court was referring to Google's December 2023 announcement that the company would no longer store users' Location History data on their servers, moving it directly onto users' personal devices instead.[1] The government stated in its response that it has "conferred with Google," (Government's Response at 1), and confirmed that this data "migration" is underway and will be complete "within the next several months." *Id*. at 3. Once

---

[1] *See* Marlo McGriff, "Updates to Location History and New Controls Coming Soon to Maps," Google (Dec. 12, 2023), https://blog.google/products/maps/updates-to-location-history-and-new-controls-coming-soon-to-maps/.

1

complete, Google will be "unable to respond to geofence warrants." *Id.* In the meantime, however, the government admitted it is "still seeking Google geofences." *Id.* at 2. And the government also acknowledged that it "may in the future seek geofence warrants from sources other than Google." *Id.* at 3.

Mr. Smith has no reason to doubt the government's future intentions, but wishes to inform this Court that law enforcement has *already* sought geofence warrants from companies other than Google. Microsoft and Yahoo, which collect user location data from multiple sources, have reportedly received geofence warrants[2]; as has Snapchat, a company that advertises its commitment to protecting user privacy.[3] And all three companies joined Google, Amazon, Dropbox, Meta, and X (formerly Twitter), in supporting a ban on geofence warrants.[4] Law enforcement has also sent geofence warrants to ride share companies Uber and Lyft, which possess massive amounts of location data.[5] Finally, Apple, in its 2022 transparency reports, revealed that it had received a total of 36 geofence requests,

---

[2] *See* Zach Whittaker, "Google Moves to End Geofence Warrants, a Surveillance Problem it Largely Created," TechCrunch (Dec. 16, 2023), https://techcrunch.com/2023/12/16/google-geofence-warrants-law-enforcement-privacy/.

[3] *See* Note, Geofence Warrants and the Fourth Amendment, 134 HARV. L. REV. 2508, 2512–13 (2021); Albert Fox Cahn, "This Unsettling Practice Turns Your Phone Into a Tracking Device for the Government," FastCompany (Jan. 17, 2020), https://www.fastcompany.com/90452990/this-unsettling-practice-turns-your-phone-into-a-tracking-device-for-the-government.

[4] *See* Zach Whittaker, "Google, Microsoft and Yahoo Back New York Ban on Controversial Search Warrants," TechCrunch (May 10, 2022), https://techcrunch.com/2022/05/10/google-new-york-geofence-keyword-warrant/; *see also* Purpose and Members, Reform Government Surveillance, https://www.reformgovernmentsurveillance.com/about (last visited Apr. 30, 2024).

[5] Note, *supra* n. 3; Cahn, *supra* n. 3.

2

although none were successful because "Apple does not have any data to provide in response to geofence warrants."[6]

The government's response did not mention these warrants.[7] Instead, the government described only "a series of cell tower dump warrants" in Minnesota, which as both Google and Mr. Smith have repeatedly explained, are not the same as geofence warrants. *See* Brief of Amicus Curiae Google LLC in Support of Neither Party Concerning Defendant's Motion to Suppress Evidence from a "Geofence" General Warrant at 5-6, *United States v. Chatrie*, 590 F. Supp. 3d 901 (2022) (No. 3:19-cr-130), 2019 WL 8227162 [hereinafter *Google Amicus*]; Appellants' Brief, [ECF No. 57] at 38 n.8; Appellants' Reply Brief, [ECF No. 72-1] at 7-8. One big difference, according to Google, is that "the user … controls her Google [Location History] data—unlike, for instance, the CSLI at issue in *Carpenter* or cellular data obtained via a 'tower dump.'" *Google Amicus* at 8. Whereas "[w]ireless carriers collect and maintain CSLI records 'for their own business purposes,' such as identifying weak spots in the network … Google

---

[6] *See* Report PDFs – 2022, Apple, https://www.apple.com/legal/transparency/report-pdf.html (last visited Apr. 30, 2024).
[7] It is possible that at least some of these geofence warrants were obtained by state law enforcement agencies and not the United States. Indeed, between 2018 and 2020, 95.6% of all geofence warrants received by Google came from state jurisdictions. *See* Supplemental Information on Geofence Warrants in the United States, Google, https://services.google.com/fh/files/misc/supplemental_information_geofence_warrants_united_states.pdf (last visited Apr. 30, 2024). But as this Court is aware, federal courts of appeals must frequently determine the constitutionality of state court warrants, regardless of what the United States does. *See, e.g., United States v. Chatrie*, 590 F. Supp. 3d 901 (2022) (involving a geofence warrant issued by a state magistrate in Virginia).

3

[Location History] information, by contrast, is stored with Google primarily for the user's own use and benefit—just as a user may choose to store her emails on Google's Gmail service and her documents on Google Drive." *Id*. at 9.

And consequently, there is a second major difference: the "steps necessary to respond to a geofence request are … far more intrusive than responses to requests for CSLI or 'tower dumps.'" *Id.* at 14. Google does not have cell phone towers and does not keep user data sorted by cell sector or geographic location. Location History is a user's personal data, kept in their Google account, and "Google has no way to identify which of its users were present in the area of interest without searching the [Location History] information stored by every Google user who has chosen to store that information with Google." *Id*. Indeed, unlike a tower dump, *any* geofence warrant − regardless of its size or shape − requires Google to conduct an initial search of *every* account with Location History enabled – or approximately 592 million accounts. *See* Appellants' Brief, [ECF No. 57] at 10; Appellants' Reply Brief, [ECF No. 72-1] at 4 n.1; ROA 822, 826-27.

In sum, law enforcement has previously sought geofence warrants from companies other than Google, including Microsoft, Yahoo, Snapchat, Uber, Lyft, and Apple. And the United States maintains that − absent direction from this Court − it will continue to seek geofence warrants from other companies in the future.

4

Mr. Smith therefore urges this Court to reach the Fourth Amendment merits of this case and hold that the geofence warrant was unconstitiuonal.

Respectfully submitted,

JAMARR SMITH

/s/ Goodloe T. Lewis
GOODLOE T. LEWIS, MSB #9889
CJA appointed Federal Public Defender
1305 Madison Avenue
Post Office Drawer 668
Oxford, Mississippi 38655
(662) 234-4000 (telephone)
glewis@hickmanlaw.com

## CERTIFICATE OF SERVICE

I, GOODLOE T. LEWIS, attorney for Defendant, JAMARR SMITH, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED: May 10, 2024.

                                           /s/ *Goodloe T. Lewis*
                                          GOODLOE T. LEWIS