

**U.S. Department of Justice**

*United States Attorney*
*Northern District of Mississippi*

*900 Jefferson Avenue*  *662-234-3351*
*Oxford, Mississippi  38655*  *FAX 662-234-0657*

August 1, 2024

Mr. Lyle W. Cayce, Clerk
Fifth Circuit Court of Appeals
600 South Maestri Place, Suite 115
New Orleans, LA   70130

Re:   *United States of America v. Jamarr Smith, et al*
        Fifth Circuit Case No. 23-60321

Dear Mr. Cayce:

Pursuant to Federal Rule of Appellate Procedure 28(j), we alert the panel to new authority handed down subsequent to the Government's filing of its Appellee's Brief. Said authority has bearing on an issue raised on appeal. Oral argument was conducted in this matter on April 5, 2024.

On July 30, 2024, the Eleventh Circuit Court of Appeals published an opinion in *United States v. Davis,* No. 23-10184, 2024 WL 3573478 (11th Cir. July 30, 2024) addressing the issue of geofence warrants. (See attached copy of Opinion.) In *Davis*, the defendant sought to suppress evidence obtained from a geofence warrant issued to Google. *Davis,* 2024 WL 3573478, at *2-3. The warrant had identified a Gmail account open on a device in the areas related to the crime. *Id*. at *2. The device belonged to Davis' girlfriend and the Gmail account was registered to the girlfriend's daughter. *Id*. The district court denied the defendant's motion to suppress, concluding that Davis lacked Fourth Amendment standing to challenge the warrant because he had no privacy interest in the search of his girlfriend's phone or her daughter's Google account. *Id*. at *3. The district court further concluded that even if Davis had standing, his challenge failed based on the good-faith exception to the exclusionary rule. *Id*. Following a jury trial, the defendant was convicted. *Id*. He subsequently appealed the denial of the motion to suppress. *Id*.

On appeal, the Eleventh Circuit affirmed the district court, finding that Davis lacked Fourth Amendment standing to challenge the warrant. *Davis,* 2024 WL 3573478, at *4. The Eleventh Circuit did not reach the issue of the good faith exception. *Id.*

Although the facts are a little dissimilar from the present case in that *Davis* involved his girlfriend's phone and her daughter's account, rather than his own, there were findings in *Davis* that address issues in the present case. The Eleventh Circuit recognized the application of the third-party doctrine in a geofence warrant analysis, noting that a person cannot ordinarily challenge the search of a third party, even if it divulges information that person voluntarily turned over to that third party. *Davis,* 2024 WL 3573478, at *5. Accordingly, Davis could not challenge a search of Google's records. *Id.* Furthermore, in analyzing whether or not the warrant invaded Davis' reasonable expectation of privacy in his movements, the Eleventh Circuit found that the warrant did not implicate Fourth Amendment concerns in that the scope of the search was far more restricted than "near perfect surveillance." *Id.* at *6. Thus, a limited search via geofence warrant does not implicate the same privacy concerns raised in *Carpenter v. United States*, 585 U.S. 296 (2018). *Id.*

While the Eleventh Circuit's opinion in *Davis* was based, in part, on facts not present in the matter at hand, its analysis of the application of the third-party doctrine as well as its rejection of the application of *Carpenter* are relevant to the discussion herein, as it relates to the arguments of Jamarr Smith and Gilbert McThunel. As to the position of Thomas Ayodele, the facts and analysis in *Davis* would be directly applicable, since the geofence warrant did not identify any device or account belonging to Ayodele.

The government asserts that the *Davis* decision issued this week further supports its position on appeal.

Very truly yours,

CLAY JOYNER
United States Attorney
MS Bar # 10316

By: /s/ *Robert J. Mims*
Robert J. Mims
MS Bar # 9913
Assistant United States Attorney
900 Jefferson Avenue
Oxford, MS 38655
662-234-3351

By: /s/ *Clyde McGee IV*
Clyde McGee IV
MS Bar # 102229
Assistant United States Attorney
900 Jefferson Avenue
Oxford, MS 38655
662-234-3351

RJM/cgr
Enclosures

cc:   Goodloe T. Lewis, Esq.
      William F. Travis, Esq.
      Paul Chiniche, Esq.